1

2                                                              **E-Filed 6/6/06**

3

4

5

6

7                              NOT FOR CITATION

8              **IN THE UNITED STATES DISTRICT COURT**

9              **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10                          **SAN JOSE DIVISION**

11

12    In re: HP INKJET PRINTER LITIGATION        | Case Number C 05-3580 JF (PVT)

13                                               | ORDER[1] GRANTING DEFENDANT'S
                                                 | MOTION TO DISMISS
14
                                                 | [re: docket no. 38]
15

16                              **I.  BACKGROUND**

17        Hewlett-Packard Co. ("HP") manufactures printing supplies and inkjet printers.  Plaintiffs

18   Nicklos Ciolino ("Ciolino") and Daniel Feder ("Feder") both own HP printers that use "smart

19   chip" technology.[2]  "Smart chip" technology, according to HP, keeps track of the remaining ink

20   in a cartridge and alerts printer owners when new ink needs to be ordered.

21        On October 31, 2005, Plaintiffs filed an amended class action complaint against HP.  On

22   March 7, 2006, this Court issued an Order granting in part and denying in part HP's motion to

23   dismiss and denying HP's motion to strike.  The Court concluded that Plaintiffs did not have

24   standing because they had not alleged an actual injury in connection with their six claims for

25

26   _____

          [1]      This disposition is not designated for publication and may not be cited.

27
          [2]      Ciolino owns a HP PSC 2510 Photosmart printer.  Feder did not identify the
28   printer model he owns.

1  relief.  In addition, the Court dismissed Plaintiffs' claims for breach of express warranty and

2  breach of implied warranty.  On March 31, 2006, Plaintiffs filed a Second Consolidated and

3  Amended Class Action Complaint ("SAC").

4       Plaintiffs now allege the following: HP engaged in unfair and deceptive conduct in

5  connection with the "smart chip" technology in its ink cartridges.  HP's "smart chips" are

6  programmed to indicate prematurely that replacement is needed, when in fact "hundreds of

7  additional pages" of ink remain.  HP's "smart chip" technology also renders cartridges unusable

8  on a concealed, built-in "expiration date," which is the earlier of thirty months after installation

9  or thirty months after a factory-set "install-by" date, regardless of the amount usable ink

10  remaining.  HP's "SureSupply" marketing campaign falsely promises consumers an easy way to

11  maintain adequate printer supplies that saves time and money, while failing to disclose the

12  premature ink warnings and expiration date discussed above.  Plaintiffs allege that "HP has

13  deliberately withheld from its consumers information about the true functioning of the smart chip

14  . . . ." SAC, ¶¶ 2, 23-28.  They allege that they have suffered economic harm because they

15  discarded usable printer cartridges based on premature low-ink warnings.  They allege that they

16  relied on specific terms of HP's express warranty that were breached by HP.  Plaintiffs also

17  allege that they relied on HP's promotional material in purchasing HP printer cartridges.

18       Plaintiffs allege six claims for relief: (1) breach of express warranty; (2) breach of implied

19  warranty; (3) unjust enrichment; (4) violations of the California Consumers Legal Remedies Act

20  ("CLRA"), California Civil Code § 1750 *et seq*.; (5) violations of the California False

21  Advertising Act ("FAA"), California Business & Professions Code § 17500 *et seq*.; and (6)

22  violations of the California Unfair Competition Law ("UCL"), California Business & Professions

23  Code § 17200 *et seq*.

24       On April 21, 2006, HP filed the instant motion to dismiss on the ground that Plaintiffs

25  lack standing to allege claims arising from the alleged "expiration date" feature of the "smart

26  chip" technology.  Plaintiffs oppose the motion.  The Court heard oral argument on June 2, 2006.

27

28

2

## II. LEGAL STANDARD

"A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air For Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack, the moving party asserts that the allegations in the complaint are insufficient on their face to invoke federal jurisdiction. *Id*. In a factual attack, the moving party disputes the truth of the allegations in the complaint, which otherwise would be sufficient to invoke federal jurisdiction. *Id*. In resolving a facial attack, the Court accepts the allegations in the complaint as true. *Whisnant v. United States*, 400 F.3d 1177, 1179 (9th Cir. 2005).

## III.  DISCUSSION

HP argues that Plaintiffs do not have standing to allege claims related to the "expiration date" feature because neither named Plaintiff has experienced an injury-in-fact as a result of this feature. "To establish the 'irreducible constitutional minimum of standing,' the plaintiff must demonstrate that there was an injury-in-fact that is fairly traceable to the challenged conduct and that the injury can be redressed by a favorable decision by the Court." *Muir v. Navy Fed. Credit Union*, 366 F. Supp. 2d 1, 2 (D.D.C. 2005) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). The elements necessary to establish standing are "not mere pleading requirements but rather an indispensable part of the Plaintiffs' case, [and] each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." *Lujan*, 504 U.S. at 512. Article III "requires the party who invokes the court's authority to show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant, and that the injury fairly can be traced to the challenged action and is likely to be redressed by a favorable decision." *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 472 (internal quotation marks omitted). Plaintiffs argue that they have alleged both an actual and a threatened injury.

Case No. C 05-3580 JF (PVT)
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
(JFEX2)

**A.  Actual Injury**

Plaintiffs admit that they "have not yet encountered an expired cartridge."  Plaintiffs' Opposition, p. 4.  However, they argue that they have standing regarding all claims arising from "smart chips" based on their alleged actual injury from false low-ink warnings.  Plaintiffs argue that the low-ink warnings and expiration date features are "companion features" of the same "smart-chip" technology and are marketed in the same "SureSupply" campaign.  Thus, they contend that the harm resultant from the low-ink warnings also establishes standing for claims related to the "expiration date" feature.

As Plaintiffs correctly note, "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presum[e] that general allegations embrace those specific facts that are necessary to support the claim."  *Lujan*, 504 U.S. at 512 (internal quotation marks omitted).  However, Plaintiffs have not made even *general* allegations of actual injury based on the "smart chip" technology.  Rather, the only actual injury that they have alleged is that the premature "low-ink" warnings have caused them to discard usable, non-expired cartridges.  SAC, ¶¶ 30-33.  Moreover, Plaintiffs have expressly conceded that they have not yet suffered an actual injury as a result of the "expiration date" feature.  Accordingly, the Court concludes that Plaintiffs have not suffered an actual injury-in-fact traceable to the "expiration date" feature.

**B.  Threatened Injury**

In the alternative, Plaintiffs argue that the threat of future harm resulting from the "expiration date" feature establishes standing.  They argue that, because HP continues to use the concealed "expiration dates" in printer cartridges, they face an ongoing risk of encountering a cartridge that will shut down before its ink supply is exhausted.  They argue that such an encounter is now more likely since they are likely to ignore low-ink warnings and use cartridges longer than they had previously.

Three elements are required to establish standing: (1) "the plaintiff must have suffered an 'injury in fact'—an invasion of a legally protected interest which is (a) concrete and

4

1    particularized, and (b) ''actual or imminent, not 'conjectural' or 'hypothetical,''' (2) "there must

2    be a causal connection between the injury and the conduct complained of—the injury has to be

3    fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the

4    independent action of some third party not before the court," and (3) "it must be 'likely,' as

5    opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'"

6    *Lujan*, 504 U.S. at 560-61 (1992) (internal citations omitted).

7        Of these three, Plaintiffs have adequately addressed only the second element.  This Court

8    agrees with Plaintiffs that the threat of injury from the "expiration date" feature is "fairly

9    traceable" to the conduct of the defendant, because it arises from HP's alleged inclusion of this

10   feature in the "smart chip" technology.

11       However, with respect to the first element, the SAC does not include an allegation of an

12   imminent threat of injury to Plaintiffs' interests, nor have Plaintiffs alleged facts that might allow

13   the Court to infer an imminent threat to those interests, such as facts concerning the frequency

14   with which cartridges expire.  In their opposition brief, they suggest that there is an imminent

15   threat that cartridges they presently own will expire, because they now ignore low-ink warnings

16   and thus use cartridges longer.  Opposition, pp. 6-7.  However, Plaintiffs do not attempt to

17   quantify the likelihood that cartridges will expire or when such expiration will occur.  At oral

18   argument, counsel emphasized the clock starts ticking on cartridges even prior to purchase.

19   However, the SAC contains no allegations as to how long cartridges actually sit on store shelves.

20   Imminence is a "somewhat elastic concept," but "cannot be stretched beyond its purpose, which

21   is to ensure that the alleged injury is not too speculative for Article III purposes—that the injury

22   is 'certainly impending.'"  *Lujan*, 504 U.S. at 564 n.2 (citations omitted).  This Court concludes

23   that the Plaintiffs have failed to allege an imminent threat to their interests. Even if they were to

24   incorporate the points raised in their opposition brief and at oral argument into an third amended

25   complaint, the Court doubts that their arguments would succeed in alleging a 'certainly

26   impending' injury rather than a speculative one.

27       Relying on *Armstrong v. Davis*, 275 F.3d 849 (9th Cir. 2001), Plaintiffs also suggest that

28   harm arises from HP's express warranty.  *Armstrong* establishes the proposition that "where the

5

1  harm alleged is directly traceable to a written policy, . . . there is an implicit likelihood of its

2  repetition in the immediate future." *Armstrong*, 275 F.3d at 861 (internal citations omitted).  In

3  *Armstrong* the written policy of the California Board of Prison Terms failed to comply with the

4  Americans with Disabilities Act.  Plaintiffs had suffered past injuries, and the injuries resulted

5  from *following* the written policy.  *Id* at 861-63.  The instant case is distinguishable from

6  *Armstrong* because Plaintiffs have suffered no past injuries and the alleged threat of future injury

7  is alleged to result from a breach of HP's warranty rather than from the terms of the policy itself.

8       Accordingly, the Court concludes that Plaintiff's arguments with respect to threatened

9  future harm are insufficient to establish standing to allege claims arising out of the "expiration

10  date" feature of the "smart chip."

11

12                              **IV.  ORDER**

13

14       Good cause therefore appearing, IT IS HEREBY ORDERED HP's motion to dismiss is

15  GRANTED.  This determination is without prejudice to Plaintiffs' seeking leave to reassert the

16  dismissed claims should new facts emerge in discovery or otherwise.

17

18  DATED: June 6, 2006

19

20                          _____
                           JEREMY FOGEL
21                          United States District Court

22

23

24

25

26

27

28

6

Case No. C 05-3580 JF (PVT)
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
(JFEX2)

1   This Order has been served upon the following persons:

2   Sally J. Berens          sberens@gibsondunn.com, sberens@gibsondunn.com

3   Kelly L Bulawsky         kbulawsky@cpsmlaw.com

4   Philip L. Gregory        pgregory@cpsmlaw.com, jacosta@cpsmlaw.com

5   Bruce Lee Simon          bsimon@cpsmlaw.com, jlein@cpsmlaw.com

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 05-3580 JF (PVT)
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
(JFEX2)