PETER SULLIVAN (SBN 101428)
SAMUEL G. LIVERSIDGE (SBN 180578)
GIBSON DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520

*e-filed 10/29/07

ROBERT A. PARTICELLI (PAB 82651) (*Pro Hac Vice*)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Telephone: 215.963.5000
Facsimile: 215.963.5001
E-mail: rparticelli@morganlewis.com

Attorneys for Defendant
HEWLETT-PACKARD COMPANY

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| In Re: HP Inkjet Printer Litigation | Master Case No. C-05-3580 JF |
| | [~~PROPOSED~~] ORDER GRANTING PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL PURSUANT TO LOCAL RULE 79-5(d) |
| This Document Relates To:<br><br>All Actions. | |

Plaintiffs' Administrative Motion filed pursuant to Civ. L.R. 79-5 (the "Motion") and the Response of defendant Hewlett-Packard Company ("HP") pursuant to Civ. L.R. 79-5(d) (the "Response") came before this Court for determination in connection with Plaintiffs' Opposition to HP's Motion for Summary Judgment. The documents to be kept under seal include the exhibits contained in Volume 2 of Niall P. McCarthy's Declaration that was filed with this Court on October 19, 2007 ("McCarthy's Declaration"). These documents include the following:

- Excerpts of Brian Helterline's transcript that were attached as "Exhibit C" to McCarthy's Declaration;
- The Socratic Technologies interim report on HP SureSupply user research, dated June 2004, that was attached as "Exhibit D" to McCarthy's Declaration; and
- The one-month (January 2004) exemplar of the iCare database report logging customer service responses by HP service technicians, attached as "Exhibit E" to McCarthy's Declaration.

After consideration of the Motion and HP's Response, the Declaration of Edward Bomber, the Stipulation to Enter Protective Order for All Matters ("Protective Order") filed in this action on March 22, 2006, the Court's files and records in this matter, and compelling reasons appearing therefore:

IT IS HEREBY ORDERED that the Motion is GRANTED, as follows:

Each of these exhibits has been previously designated by HP as "Restricted Information" or "Restricted Outside Counsel Only Information." The Court recognizes that Plaintiffs filed a similar administrative motion to seal these documents in connection with Plaintiffs' Motion for Class Certification. In response to that administrative motion, HP responded and submitted the Declaration of Edward Bomber in Support of HP's Response to Plaintiffs' Administrative Motion to Seal Pursuant to Local Rule 79-5(d) ("Bomber's Declaration") to this Court. Bomber's Declaration addressed and supported the confidentiality of these three documents.

Therefore, these Exhibits, which were originally lodged under seal, are to remain filed under seal because they reflect confidential business information, the disclosure of which threatens to put HP at a competitive disadvantage and cause it harm with respect to its

competitors and customers.

Additionally, any parts of the Plaintiff's opposition to summary judgment that quotes from, relies upon, or takes information directly from any documents or passages that the Court has ordered be kept under seal in this Order are to remain redacted.

**IT IS SO ORDERED.**

Dated: Oct. 29, 2007

Honorable Jeremy Fogel
United States District Judge