UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re: HP INKJET PRINTER LILTIGATION,<br><br>This Document Relates to:<br><br>  All Actions | Case No.: C 05-3580 JF (PVT)<br><br>**FURTHER ORDER RE PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES** |

On April 29, 2008 the parties appeared before Magistrate Judge Patricia V. Trumbull for further hearing on Plaintiffs' motion to compel discovery responses.[1] Based on all of the briefs, arguments and other materials submitted by the parties, and the file herein,

IT IS HEREBY ORDERED that Plaintiffs' motion is GRANTED IN PART and DEFERRED IN PART. Plaintiffs' motion is granted with regard to the contact information for the customers who made the complaints reflected in the 169[2] identified customer complaint entries (the "Complaining

---

[1] The parties first appeared for hearing on this motion on February 19, 2008. After that hearing, the court continued the hearing to April 15, 2008, to allow for further meet and confer, and for the parties to take certain actions agreed upon at the hearing. The court also set a deadline for the parties to file a joint statement regarding the status of the discovery dispute. The parties filed their joint statement on April 4, 2008. Based on the parties' joint statement, the court further continued the hearing to April 29, 2008 and ordered Plaintiffs to file copies of the 179 complaint entries for which they are requesting contact information, along with a copy of their draft privacy notice. Plaintiffs submitted the complaint entries and their draft privacy notice along with copies of various California cases on which they based the wording of their draft privacy notice. In response, Defendant filed a request to submit its proposed form of privacy notice. A couple of days later it filed copies of various California cases that deal with privacy issues in discovery.

[2] Plaintiffs had identified 179 complaint entries in Exhibit A to the April 18, 2008 letter from their counsel to the court (Docket No. 158). At the hearing Plaintiffs agreed to omit Entry Nos. 54, 60, 82, 90, 97, 99, 107, 136, 138 and 157 from the list, leaving 169 entries at issue at this time.

ORDER, *page 1*

Customers"). Before providing the contact information, Defendant shall send to the Complaining Customers a privacy notice in the form of privacy notice proposed by Plaintiff as modified by the parties on the record at the hearing.[3] Defendant shall send out those notices no later than May 13, 2008. No later than June 3, 2008, Defendant shall produce to Plaintiffs the contact information for each of the Complaining Customers, except those who have returned the Refusal of Consent to be Contacted.

The information sought is relevant to Plaintiffs' claims. Defendant has not specified any of the 169 identified customer complaints that do not relate to HP printer ink levels and/or ink level messages. Instead, it argues that it is not clear from some of the customer complaints whether the complaint is relevant to Plaintiffs' claims, implying that to be relevant the customer must have claims similar to Plaintiffs' claims. However, a customer complaint need not include all of the elements of Plaintiffs' legal claims in order to be relevant to those claims. From the court's review of a significant sample of the 169 identified customer complaint entries, it appears the Complaining Customers may well have knowledge that is relevant to Plaintiffs' claims.

The privacy rights of Defendant's customers do not preclude this discovery. Where federal jurisdiction is founded on the diversity of the parties pursuant to the Class Action Fairness Act, state privilege law applies to discovery dispute. *See Martin v. Lafon Nursing Facility of the Holy Family, Inc.*, 244 F.R.D. 352, 355-56 (E.D. La. 2007). Under California law, the right to privacy is set forth in Article I, Section I of the California Constitution. It is not an absolute right, but a right subject to invasion depending on the circumstances. *See Hill v. National Collegiate Athletic Ass'n*, 7 Cal.4th 1, 37 (1994).

In a case directly on point, the California Supreme Court last year held that an opt-out notice for pre-certification discovery of potential class members' identity and contact information was appropriate in a putative class action suit involving allegedly defective DVD players. *See Pioneer Electronics (USA), Inc. v. Superior Court*, 40 Cal.4th 360 (2007). Defendant's attempt to distinguish

---

[3] At the hearing the parties agreed that the form of privacy notice proposed by Plaintiffs would be modified to include the following portions of Defendant's proposed form of privacy notice: 1) the second sentence of the first paragraph; and 2) all of the third paragraph. The parties also agreed that the response deadline stated in the notice will be May 31, 2008.

1  *Pioneer* on the grounds that many of the Complaining Customers here are not likely to be potential
2  class members is unpersuasive.  The *Pioneer* court did not base its decision on the fact the
3  individuals to be contacted were potential class members, but rather on its determination that:
4  1) individuals who contact a company to complain about a product have a reduced expectation of
5  privacy in the contact information they supply to the company; and 2) disclosure of those
6  individuals' identities and contact information to the named plaintiff in a putative class action, after
7  notice to those individuals and opportunity to object, was not a serious invasion of their privacy.
8  The court noted that these factors alone could end the inquiry.  However, the court went on to
9  evaluate the trial court's balancing of the competing interests.  In doing so, the court expressly noted
10 that "'the identity and location of persons having (discoverable) knowledge' are proper subjects of
11 civil discovery. [citations omitted.]  In a real sense, many of Pioneer's complaining customers would
12 be *percipient witnesses* to relevant defects in the DVD players." *Ibid*. at 374.  In light of this recent
13 controlling California Supreme Court case authority, the older appellate and district court cases cited
14 by Defendant are inapposite.

15      IT IS FURTHER ORDERED that the remainder of Plaintiff's motion is DEFERRED until
16 after Judge Fogel rules on Plaintiff's motion for class certification.  Within 5 court days after Judge
17 Fogel enters his ruling on that motion, the parties shall meet and confer regarding the scope of their
18 remaining dispute regarding the subject discovery.  If the parties cannot resolve their remaining
19 disputes over the subject discovery, Plaintiffs may file a renewed motion to compel on two weeks'
20 notice, setting forth their position regarding the parties' remaining disputes.  Defendant shall file its
21 opposition no later than one week before the hearing.  No reply shall be filed absent further order of
22 the court.

23      IT IS FURTHER ORDERED that, in the event District Judge Fogel issues an order denying
24 Plaintiffs' motion for class certification, the portion of this order granting in part Plaintiffs' motion
25 to compel shall be deemed stayed.

26 Dated: *4/30/08*

27                                    *Patricia V. Trumbull*
                                       PATRICIA V. TRUMBULL
                                       United States Magistrate Judge
28