1

2          **E-Filed 2/5/09**

3

4

5

6

7

8

9          **IN THE UNITED STATES DISTRICT COURT**

10         **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

11         **SAN JOSE DIVISION**

12

13    **In re HP INKJET PRINTER LITIGATION**       Case Number C 05-3580 JF (PVT)

14                                                 **ORDER CONFIRMING THE
                                                   COURT'S SUBJECT MATTER
15                                                 JURISDICTION**

16                                                 [Re: Docket No. 176]

17

18         Defendant Hewlett-Packard Company ("HP") seeks an order confirming that this Court's

19    subject matter jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") is not affected

20    by the recent denial of Plaintiffs' motion to certify a nationwide class.  For the reasons discussed

21    below, HP's motion will be granted.

22                                    **I.  BACKGROUND**

23         On June 16, 2005, Daniel Feder, a California resident, filed a putative nationwide class

24    action against HP, a corporation headquartered in California.  On September 6, 2005, Nicklos

25    Ciolino, a California resident, filed a second putative nationwide class action.  Both complaints

26    asserted substantially similar allegations on behalf of a near-identical proposed nationwide class.

27    On October 19, 2005, the two complaints were consolidated under the caption *In re HP Inkjet*

28

1   *Printer Litigation*, Mater File No. C05-3580 JF (PVT).  On October 31, 2005, Plaintiffs Feder

2   and Ciolino ("Plaintiffs") filed a Consolidated and Amended Complaint for Damages and

3   Injunctive Relief on behalf of a putative nationwide class of individuals who purchased HP inkjet

4   printers that allegedly use cartridges containing a technology that prematurely indicates that the

5   cartridge is empty or expired.  On March 31, 2006, Plaintiffs filed a Second Amended Complaint

6   ("SAC") redefining the class to consist of all purchasers of HP injet printers that prematurely

7   show a cartridge as being low on ink.  Subject matter jurisdiction is based on the Class Action

8   Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453, 1711-15.

9       On July 25, 2008, this Court denied Plaintiffs' motion to certify a nationwide class, in a

10   part on the basis that such a class would be unmanageably overbroad.  *See* Docket No. 170, July

11   25, 2008 Order.  Plaintiffs have indicated that they now intend to seek certification of a

12   California-only class.  Because all plaintiffs and class members would be citizens of California,

13   as is Defendant HP, diversity of citizenship no longer would exit.  On December 2, 2008, HP

14   filed this motion to confirm the Court's subject-matter jurisdiction.  The motion is unopposed.

15                    **II.  SUBJECT MATTER JURISDICTION**

16       In *St. Paul Mercury Indem. Co. V. Red Cab Co.*, 303 U.S. 283 (1938), the United States

17   Supreme Court discussed the general question of whether a district court should retain

18   jurisdiction in a diversity case after diversity has been lost.  In *St. Paul*, the plaintiff filed a

19   complaint in state court claiming damages in the amount of $4,000.[1]  *Id.* at 285. The defendant

20   then removed the case to the district court. *Id.*  A bench trial resulted in a judgment of $1,162.98

21   for the plaintiff and an appeal by the defendant. *Id.*  The Court of Appeals refused to decide the

22   merits on the ground that the plaintiff's damages were insufficient to give the district court

23   subject matter jurisdiction.  *Id.*  The Supreme Court reversed, holding that "events occurring

24   subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's

25   control or the result of his volition, do not oust the district court's jurisdiction once it has

26

27             [1]At the time, the amount in controversy necessary to establish diversity jurisdiction was

28   $3000.

2

1   attached." *Id*. at 293.  The Court held that the relevant question is whether the plaintiff has

2   pleaded the claim amount in good faith.  *Id*. at 296.

3         Congress has expressed an intent to extend the *St. Paul* rule to CAFA.   The Senate

4   Report on CAFA states:

5         While questions regarding events occurring after a complaint is filed or removed to
6         federal court will, of course, arise under [CAFA], those same (or, at least, very similar)
      questions arise in current practice on jurisdictional issues. Well-established law exists to
7         resolve these questions, and [CAFA] does not change-or even complicate-the answers to
      these questions . . . . Current law (that [CAFA] does not alter) is [] clear that, once a
8         complaint is properly removed to federal court, the federal court's jurisdiction cannot be
      "ousted" by later events. Thus, for example, changes in the amount in controversy after
9         the complaint has been removed would not subject a lawsuit to be remanded to state
      court. The Supreme Court established this principle in *St. Paul Mercury Indem. Co. v.*
10        *Red Cab Co.*, stating that "events occurring subsequent to removal which reduce the
      amount recoverable, whether  beyond the plaintiff's control or the result of his volition,
11        do not oust the district court's jurisdiction once it has attached." The same would be true
      if a case was removed to federal court because minimal diversity existed at the time and,
12        because of a later event, minimal diversity was eliminated. This would occur if, for
      example, the federal court dismissed the claims of out-of-state plaintiffs, leaving only the
13        claims of in-state plaintiffs against an in-state defendant intact. "It uniformly has been
      held that in a suit properly begun in federal court the change of citizenship does not oust
14        the jurisdiction. The same rule governs a suit brought in a state court and removed to
      federal court."

15  Judicial Committee Report on Class Action Fairness Act, S. Rep. No. 109-14 (1st Sess. 2005),

16  *reprinted in* 2005 U.S.C.C.A.N. 3, 2005 WL 627977, at *66 (internal citation omitted).

17        The Ninth Circuit has not addressed this issue, and district courts around the country are

18  split.  Some courts have held that subject matter jurisdiction is lost once the minimal diversity

19  requirements of CAFA no longer can be met. *See Arabian v. Sony Elecs. Inc.*, No. 05 CV-1741,

20  2007 WL 2701340, at *5 (S.D. Cal. 2007) (case dismissed for lack of subject matter jurisdiction

21  because a class cannot be certified now or in the foreseeable future of the case); *see also Falcon*

22  *v. Philips Elecs. N. Am. Corp.*, 489 F. Supp. 2d 367 (S.D.N.Y. 2007).  Others have held that the

23  *St. Paul* rule should be extended to CAFA and have "reaffirmed the longstanding rule that courts

24  are to assess jurisdictional facts as they stand at the time of removal." *Colomar v. Mercy Hosp.,*

25  *Inc.*, No. 05-22409-CIV, 2007 WL 2083562 (S.D. Fla. 2007); *See also Genenbacher v.*

26  *Centurytel Fiber Co. II, LLC*, 500 F. Supp. 2d 1014, 1016 (C.D. Ill. 2007) (denial of class

27  certification resulting in not meeting minimal amount in controversy does not affect the

28

3

1  continued jurisdiction of the court).  The Court finds the reasoning of the latter cases more

2  persuasive, particularly in light of CAFA's legislative history.

3          Because there is no indication that Plaintiffs pleaded a putative nationwide class in bad

4  faith, this Court had subject matter jurisdiction at the time the SAC was filed.

5          The Court notes that judicial economy also favors retaining jurisdiction in this particular

6  case, which has been pending in this Court for more than three years. Several substantive

7  motions, including motions to dismiss and for summary judgment, have been fully litigated.

8                                    **III.  ORDER**

9          For the reasons discussed above, HP's motion to confirm the Court's jurisdiction is

10  GRANTED.

11

12  **IT IS SO ORDERED.**

13

14  DATED: 2/5/09

15

16                                    _____

                                      JEREMY FOGEL

17                                    United States District Judge

18

19

20

21

22

23

24

25

26

27

28

                                         4

1   This Order was served on the following persons:

2   Angelique Kaounis    akaounis@gibsondunn.com

3   Christina Jean Smith    cjs@mcnicholaslaw.com

4   Daniel Leigh Weiss    dweiss@gibsondunn.com

5   John F. Schultz    john.schultz@morganlewis.com, jminio@morganlewis.com

6   John Patrick McNicholas , IV    pmc@mcnicholaslaw.com, cmi@mcnicholaslaw.com

7   Jon Cuneo    jonc@cuneolaw.com

8   Jonathan Shub    jshub@seegerweiss.com, atorres@seegerweiss.com

9   Justin Theodore Berger    jberger@cpmlegal.com, abanis@cpmlegal.com,

10   imartinez@cpmlegal.com

11   Kathryn Christine Palamountain    chris@chavezgertler.com, cate@chavezgertler.com

12   Laura Elizabeth Schlichtmann    lschlichtmann@cpmlegal.com, mbrown@cpmlegal.com

13   Marc Howard Edelson    medelson@edelson-law.com

14   Mark Andrew Chavez    mark@chavezgertler.com, cate@chavezgertler.com

15   Michael Dore    mdore@gibsondunn.com

16   Niall Padraic McCarthy    nmccarthy@cpmlegal.com, abanis@cpmlegal.com,

17   amurphy@cpmlegal.com, dkelley@cpmlegal.com, imartinez@cpmlegal.com,

18   jberger@cpmlegal.com, lschlichtmann@cpmlegal.com, mbrown@cpmlegal.com

19   Sally J. Berens    sberens@gibsondunn.com

20   Steven N. Berk    steven@chavezgertler.com, mackenzie@chavezgertler.com

21

22

23

24

25

26

27

28

Case No. CV 05-3580 JF (PVT)
ORDER CONFIRMING COURT'S JURISDICTION
(JFEX1)