# EXHIBIT B

NIALL P. McCARTHY (SBN 160175)
nmccarthy@cpmlegal.com
JUSTIN T. BERGER (SBN 250346)
jberger@cpmlegal.com
COTCHETT, PITRE & McCARTHY
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, California  94010
Telephone: (650) 697-6000
Facsimile: (650) 692-3606

Attorneys for Plaintiffs and the Class
(Other Counsel listed on signature page)

PETER SULLIVAN (SBN 101428)
PSullivan@gibsondunn.com
SAMUEL G. LIVERSIDGE (SBN 180578)
SLiversidge@gibsondunn.com
CHRISTOPHER CHORBA (SBN 216692)
CChorba@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, California  90071
Telephone: (213) 229-7000
Facsimile:  (213) 229-7520

Attorneys for Defendant,
HEWLETT-PACKARD COMPANY

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| In re: HP INKJET PRINTER LITIGATION | Master File No. C05-3580 JF |
| | **STIPULATION OF SETTLEMENT** |
| This Document Relates To: | |
| All Actions | |

The parties hereto, by and through their respective counsel, in consideration for and subject to the promises, terms, and conditions contained in this Stipulation of Settlement, hereby stipulate and agree, subject to Court approval pursuant to Rule 23 of the Federal Rules of Civil Procedure, as follows:

## I.  RECITALS

WHEREAS, on or about June 16, 2005, Plaintiff Daniel Feder initiated a class action lawsuit against Hewlett-Packard Company ("HP") in the United States District Court for the Northern District of California, Case No. C05-02462;

WHEREAS, on or about September 6, 2005, Plaintiff Nicklos Ciolino initiated a class action lawsuit against HP in the United States District Court for the Northern District of California, Case No. C05-03580;

WHEREAS, pursuant to an order entered by the United States District Court for the Northern District of California on October 19, 2005, these lawsuits were consolidated as one case captioned *In re: HP INKJET PRINTER LITIGATION*, Case No. C05-3580 JF (hereinafter, the "Ciolino" action);

WHEREAS, the Plaintiffs in the Ciolino action brought suit and have pursued litigation against HP based on the following claims and alleged facts and practices:  (1) that HP programmed "Smart Chips" or used other low-on-ink ("LOI") messaging technology in its inkjet printers and cartridges to indicate that replacement of a cartridge is needed when the cartridge is not empty and is capable of additional printing; (2) that HP's LOI messages, gauges, warnings, or indicators were deceptive and misled and confused consumers into prematurely replacing their inkjet cartridges; (3) that HP's "SureSupply" program and related marketing materials were deceptive and misled consumers; (4) that Plaintiffs and class members were deprived of the ability to use all of the ink in their HP inkjet print cartridges; and (5) that Plaintiffs and class members purchasing the HP inkjet printers and cartridges at issue did not get the full value of what they paid for and were promised.

WHEREAS, the operative complaint in the Ciolino action (the Second Amended Complaint) asserts claims for alleged violations of California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200 *et seq.*), California's False Advertising Law (Cal. Bus. & Prof. Code § 17500 *et seq.*),

1   California's Consumers Legal Remedies Act (Cal. Civ. Code § 1750 *et seq*.), and claims for unjust

2   enrichment, breach of express warranty, and breach of implied warranty on behalf of a nationwide

3   class of consumers;

4        WHEREAS, on July 25, 2008, the Court denied nationwide class certification in the Ciolino

5   action on manageability grounds;

6        WHEREAS, on or about May 22, 2006, Plaintiff Carl Rich initiated a class action lawsuit

7   against HP in the United States District Court for the Northern District of California, Case No. C06-

8   03361 JF, in a case presently captioned *Rich v. Hewlett-Packard Company* (the "Rich" action);

9        WHEREAS, the Plaintiffs in the Rich action brought suit and have pursued litigation against

10  HP based on the following claims and alleged facts and practices:  (1) that HP failed to disclose that

11  its color inkjet printers use color ink in addition to black ink when printing black text and images;

12  (2) that HP failed to provide consumers of HP color inkjet printers with the option of printing black

13  text and images using ink from the black inkjet cartridge only; (3) that HP published and made

14  representations regarding the page yield specifications for its inkjet printers and cartridges but

15  misrepresented and/or failed to disclose the actual page yield customers would receive for the

16  products at issue, including the true basis for the page yield and cost per page information provided

17  to consumers; and (4) that HP failed to disclose its use of color ink when printing black in

18  connection with stating its page yields for color inkjet printers and cartridges, thereby increasing the

19  actual costs of printing black text and images;

20       WHEREAS, the operative complaint in the Rich action (the Second Amended Complaint)

21  asserts claims for alleged violations of California's Unfair Competition Law, Cal. Bus. & Prof.

22  Code § 17200 *et seq.*, unjust enrichment, and fraudulent concealment on behalf of a nationwide

23  class of consumers;

24       WHEREAS, on or about January 17, 2007, Plaintiffs Jackie Blennis and David Brickner

25  initiated a class action lawsuit against HP in the United States District Court for the Northern

26  District of California, Case No. C07-00333 JF, in a case presently captioned *Blennis v. Hewlett-*

27  *Packard Company* (the "Blennis" action);

28       WHEREAS, the plaintiffs in the Blennis action brought suit and have pursued litigation

2

1    against HP based on the following claims and alleged facts and practices:  (1) that HP designed

2    certain of its inkjet printers and cartridges to shut down on an undisclosed expiration date, at which

3    point consumers are prevented from using the ink that remains in the expired cartridge and from

4    using all of the printer's functions (including scanning or faxing documents) until the expired

5    cartridge is replaced; (2) that HP failed to disclose and/or actively concealed information regarding

6    its use of expiration dates in certain of its inkjet printers and cartridges; and (3) that HP interfered

7    with the right of Plaintiffs and the class members to possess and use all of the ink in the HP inkjet

8    cartridges that they purchased.

9          WHEREAS, the operative complaint in the Blennis action asserts claims for alleged

10   violations of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*,

11   fraudulent concealment, and unjust enrichment on behalf of a nationwide class of consumers (the

12   complaint also asserted claims for breach of express warranty, breach of implied warranty, trespass,

13   and conversion, which have since been dismissed);

14         WHEREAS, HP has vigorously denied and continues to vigorously deny all of Plaintiffs'

15   allegations in the Ciolino, Rich, and Blennis actions, denies any and all allegations of wrongdoing,

16   fault, liability or damage of any kind to Plaintiffs and the putative class, denies that it acted

17   improperly or wrongfully in any way, and believes that these actions have no merit;

18         WHEREAS, Plaintiffs in the Ciolino, Rich, and Blennis actions, by and through their

19   respective counsel, have conducted an extensive investigation into the facts and law relating to the

20   matters alleged in their respective complaints.  The investigation has included extensive pretrial

21   discovery (including the depositions of 17 witnesses, the production of more than 250,000 pages of

22   documents, and more than 100 written discovery requests), the inspection of several of the Affected

23   Models (as defined below), consultations with industry personnel, extensive work with experts and

24   testing by those experts, numerous interviews of witnesses and putative members of the classes, the

25   evaluation of information provided by current or former employees of HP (including the HP

26   engineers with primary responsibility for the design of some of the Affected Models and matters

27   related thereto), as well as legal research as to the sufficiency of the claims.  Plaintiffs and their

28   counsel hereby acknowledge that in the course of their investigation they received, examined, and

3

analyzed information, documents, printers, components, and materials that they deem necessary and appropriate to enable them to enter into the Stipulation of Settlement on a fully informed basis;

WHEREAS, this Stipulation of Settlement was reached as a result of extensive arm's length negotiations between counsel for Plaintiffs in the Ciolino, Rich, and Blennis actions, on the one hand, and counsel for HP, on the other hand, occurring over several years and multiple mediation sessions with several respected mediators—the Honorable Daniel Weinstein of JAMS (in the Ciolino action), the Honorable James L. Warren of JAMS (in the Ciolino action and the Rich action), and Alexander S. Polsky, Esq., of JAMS (in the Blennis action);

WHEREAS, counsel for Plaintiffs in the Ciolino, Rich, and Blennis actions have considered that, if the claims asserted in their respective lawsuits are not settled now by voluntary agreement among the parties, future proceedings (including appeals) would be protracted and expensive, would involve highly complex legal and factual issues relating to class certification, liability, and damages, and would involve substantial uncertainties, delays, and other risks inherent in litigation. In light of these factors, counsel for Plaintiffs in the Ciolino, Rich, and Blennis actions have concluded that it is desirable and in the best interests of Plaintiffs and the members of the putative classes to settle the claims asserted in all three lawsuits at this time upon the terms set forth in this Stipulation of Settlement, and that the settlement terms confer exceptional benefits upon Settlement Class Members, particularly in light of the damages that Plaintiffs and Class Counsel believe are potentially recoverable at trial. Based on their evaluation, Plaintiffs and Class Counsel have determined that the terms and conditions of this Stipulation of Settlement are fair, reasonable, and in the best interests of Plaintiffs and the Settlement Class Members;

WHEREAS, HP has vigorously denied and continues to vigorously deny all of the claims and contentions alleged in the Ciolino, Rich, and Blennis actions, denies any wrongdoing and denies any liability to Plaintiffs or any members of the putative classes. HP has also considered the risks and potential costs of continued litigation of the Ciolino, Rich, and Blennis actions, on the one hand, and the benefits of the proposed settlement, on the other hand, and desires to settle all three lawsuits upon the terms and conditions set forth in this Stipulation of Settlement;

WHEREAS, HP has agreed to class action treatment of the claims alleged in the Ciolino,

4

Rich, and Blennis actions solely for the purpose of effecting the compromise and settlement of those claims on a class basis as set forth herein;

WHEREAS, the Ciolino, Rich, and Blennis actions involve overlapping products, claims, theories, and class members, the relief provided to HP's customers pursuant to this Stipulation of Settlement is similar for each case, Settlement Class Members (defined below) are eligible to receive settlement benefits under more than one case based on a single printer purchase, and the parties believe it will be more efficient to administer this settlement in one action rather than in three separate actions;

WHEREAS, Plaintiffs in the Ciolino, Rich, and Blennis actions have consented to relate and consolidate their respective lawsuits for purposes of settlement and providing notice only and, with Court permission, wish to use the following caption going forward:

| In re:  HP INKJET PRINTER LITIGATION | Case No. C05-3580 JF |
|---|---|

NOW THEREFORE, it is hereby STIPULATED AND AGREED, by and between the parties, through their respective counsel, that:  (a) the Ciolino, Rich, and Blennis actions be fully and finally compromised, settled, and released upon final settlement approval by the Court after the hearings as provided for in this Stipulation of Settlement; and (b) upon such approval by the Court, a Final Order and Judgment, substantially in the form attached hereto as Exhibit "A," be entered dismissing the Ciolino, Rich, and Blennis actions with prejudice, once the Effective Date (as defined below) has been reached, all upon the following terms and conditions.

## II.  DEFINITIONS

1.      "Action" shall mean the Ciolino, Rich, and Blennis actions collectively, and as related and consolidated pursuant to Paragraphs 84 and 85 of this Stipulation of Settlement.

2.      "Affected Models" shall mean all "Affected Ciolino Models," "Affected Rich Models," and "Affected Blennis Models."

(a)      "Affected Ciolino Models" means the HP inkjet printers identified in Exhibit "F."

5

1          (b)     "Affected Rich Models" means the HP inkjet printers identified in

2  Exhibit "F."

3          (c)     "Affected Blennis Models" means the HP inkjet printers identified in

4  Exhibit "F."

5      3.     "Bar Date" means the final time and date by which a Claim Form must be received

6  by the Settlement Administrator in order for a Settlement Class Member to be entitled to any of the

7  settlement consideration contemplated in this Stipulation of Settlement.

8      4.     "Claim Form" means the proof of claim and release form(s) substantially in the form

9  attached hereto as Exhibit "D," which may be modified to meet the requirements of the Claims

10  Administrator, pursuant to which Settlement Class Members can recover one of the benefits

11  described in Paragraphs 33 through 43.

12      5.     "Claim Period" means the time period from the Notice Date through the Bar Date,

13  which is the time period that Settlement Class Members will have to claim the e-credits

14  contemplated by Paragraphs 38 through 43 of this Stipulation of Settlement.

15      6.     "Class Counsel" means the law firms of Cotchett, Pitre & McCarthy; Kabateck

16  Brown Kellner, LLP; Berk Law PLLC; Chavez & Gertler LLP; Cuneo, Waldman & Gilbert, LLC;

17  Edelson & Associates, LLC; The Garcia Law Firm; Law Offices of Michael D. Liberty; Law

18  Offices of Scott E. Shapiro, P.C.; McNicholas & McNicholas, LLP; Pearson, Simon, Soter,

19  Warshaw & Penny, LLP; and Seeger Weiss, LLP.

20      7.     "Court" means the United States District Court for the Northern District of

21  California and the Judge assigned to the Action.

22      8.     "Defense Counsel" means the law firms of Gibson, Dunn & Crutcher LLP and

23  Morgan, Lewis & Bockius LLP.

24      9.     "Effective Date" means the date on which the Final Order and Judgment (defined

25  below) in the Action becomes "Final."  As used in this Stipulation of Settlement, "Final" means

26  three (3) business days after all of the following conditions have been satisfied:

27          (a)     the Final Order and Judgment has been entered; and

28

(b)(i)   if reconsideration and/or appellate review is not sought from the Final Order and Judgment, the expiration of the time for the filing or noticing of any motion for reconsideration, appeal, petition, and/or writ; or

(b)(ii)  if reconsideration and/or appellate review is sought from the Final Order and Judgment:  (A) the date on which the Final Order and Judgment is affirmed and is no longer subject to judicial review, or (B) the date on which the motion for reconsideration, appeal, petition, or writ is dismissed or denied and the Final Order and Judgment is no longer subject to judicial review.

10.    "Fairness Hearing" means the hearing that is to take place after the entry of the Preliminary Approval Order and after the Notice Date for purposes of:  (a) entering the Final Order and Judgment and dismissing the Action with prejudice; (b) determining whether the Settlement should be approved as fair, reasonable, adequate and in the best interests of the Settlement Class Members; and (c) to rule upon an application by Class Counsel for an award of attorneys' fees.

11.    "Final Order and Judgment" means an order fully and finally approving the Settlement and dismissing the Action with prejudice, substantially in the form attached hereto as Exhibit "A."

12.    "HP" means Hewlett-Packard Company, the defendant in the Action.

13.    "Ink Expiration" means HP's use of built-in dates on which certain inkjet cartridges will stop working.

14.    "LOI" means "low on ink."

15.    "LOI Message(s)" means a warning, graphic, alert, message, or other source of information that informs a user that an inkjet cartridge is or may be low on ink.  A LOI Message may include both text and a graphic image (such as a clip art image of an inkjet cartridge), including:  (a) a Pop-Up LOI Message (which is a message that appears on the user's computer screen during the printing process); (b) a toolbox ink gauge; and (c) either a message on the printer LCD or CGD display screen or a light on the printer itself informing the user that the cartridge is low on ink.

16.    "Long Form Notice" means the long form "NOTICE OF SETTLEMENT,"

7

1    substantially in the form attached hereto as Exhibit "B."

2           17.    "Notice Date" means the date that the Long Form Notice and/or Summary Notice is

3    initially e-mailed or published (as appropriate).

4           18.    "Page Yield" or "Page Yields" means the page yield for an HP inkjet cartridge as

5    stated or reported by HP, whether as a reference yield or yield for a given cartridge and printer.

6           19.    "Plaintiff(s)" means Daniel Feder, Nicklos Ciolino, Carl K. Rich, David Duran,

7    Jackie Blennis, and David Brickner.

8           20.    "Preliminary Approval Order" means the Order Preliminarily Approving Settlement

9    and Notice Procedures, substantially in the form attached hereto as Exhibit "C."

10          21.    "Released Claims"

11                 (a)     "Released Claims" means and includes any and all claims, demands, rights,

12   damages, obligations, suits, debts, liens, and causes of action of every nature and description

13   whatsoever, ascertained or unascertained, suspected or unsuspected, existing or claimed to exist,

14   including unknown claims (as described in Paragraph 52 below) as of the Effective Date by all of

15   the Plaintiffs and all Settlement Class Members (and Plaintiffs' and Settlement Class Members'

16   respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors,

17   predecessors-in-interest, and assigns) that:

18                         (i)     were brought or that could have been brought against the Released

19   Parties (as hereinafter defined), or any of them, and that arise out of or are related in any way to any

20   or all of the acts, omissions, facts, matters, transactions, or occurrences that were or could have

21   been directly or indirectly alleged or referred to in the Action (including, but not limited to alleged

22   violations of state consumer protection, unfair competition, and/or false or deceptive advertising

23   statutes (including, but not limited to, Cal. Bus. & Prof. Code § 17200 *et seq*., Cal. Bus. & Prof.

24   Code § 17500 *et seq*., and Cal. Civ. Code § 1750 *et seq*.); breach of contract; breach of express or

25   implied warranty; fraud; unjust enrichment, restitution, trespass, conversion, declaratory or

26   injunctive relief, and other equitable claims or claims sounding in contract and tort); and

27                         (ii)    relate in any way to the quantity of output, amount of usable ink or

28   value received from the Affected Models and their corresponding inkjet cartridges, including but

8

not limited to all claims that relate in any way to:

        (A)     the end-of-life or out-of-ink behavior or messages of the Affected Models and their corresponding inkjet cartridges;

        (B)     HP's use of smart chips or other devices that electronically store data in connection with the Affected Models and their corresponding inkjet cartridges;

        (C)     HP's use of LOI Messages or any other representations concerning the status of the ink remaining in an inkjet cartridge, including the amount of ink or number or pages remaining, in connection with the Affected Models and their corresponding inkjet cartridges;

        (D)     HP's use of Ink Expiration dates in connection with the Affected Models and their corresponding inkjet cartridges;

        (E)     HP's use of Underprinting in connection with the Affected Models and their corresponding inkjet cartridges;

        (F)     HP's Page Yields for the Affected Models and their corresponding inkjet cartridges;

        (G)     the quantity and other characteristics of printed output from the Affected Models and their corresponding inkjet cartridges;

        (H)     the amount of usable ink in the HP inkjet cartridges used with the Affected Models;

        (I)     HP's SureSupply program as it relates to ink status graphics and messaging and related marketing materials; and

        (J)     HP's specifications, marketing, disclosures, warranties, and representations (or lack thereof) regarding the quantity of output, amount of usable ink, or value of ink received from the Affected Models and their corresponding inkjet cartridges.

    (b)     "Released Claims" do not include:  (i) claims for personal injury; or (ii) claims for repair or service of Affected Models that, at the time of the Effective Date, are covered by any express product warranty by HP.

    22.    "Released Parties" means:

    (a)     HP and each of its employees, assigns, attorneys, agents, and all of its past, present, and future officers and directors;

9

1         (b)     All of HP's parents, subsidiaries, divisions, affiliates, predecessors, and

2 successors, and each of their respective employees, assigns, attorneys, agents, resellers and past,

3 present and future officers and directors; and

4         (c)     Any and all persons, entities, or corporations involved in any way in the

5 design, manufacture, sale, service, or repair of the Affected Models or their corresponding print

6 cartridges, and any other original equipment or manufacturing partner or any company that supplied

7 any parts to HP or its original equipment or manufacturing partners for incorporation into or use in

8 the construction of any of the Affected Models or their corresponding print cartridges.

9      23.     "Releasing Parties" means Plaintiffs, proposed class representative Faust Appraiser

10 (and Francie Faust), and all Settlement Class Members, and each of their predecessors, successors,

11 assigns, heirs, or executors.

12      24.     "Settlement" means the settlement embodied in this Stipulation of Settlement.

13      25.     "Settlement Administrator" means the qualified third party selected by the parties

14 and approved by the Court in the Preliminary Approval Order to administer the Settlement,

15 including providing Summary Notice.  The parties agree to recommend that the Court appoint Epiq

16 Class Action & Claims Solutions, Inc., as Settlement Administrator.

17      26.     "Settlement Class" means all individual or entity end-users who purchased or

18 received as a gift in the United States an Affected Model from September 6, 2001, to September 1,

19 2010.  Excluded from the Settlement Class are all persons who are employees, directors, officers,

20 and agents of HP or its subsidiaries and affiliated companies, as well as the Court and its immediate

21 family and staff.

22      27.     "Settlement Class Member(s)" means any member of the Settlement Class who does

23 not elect exclusion or opt out from the Settlement Class pursuant to the terms and conditions for

24 exclusion set out in this Stipulation of Settlement, the Long Form Notice, and the Summary Notice.

25      28.     "Summary Notice" means the summary "Notice of Proposed Class Action

26 Settlement," substantially in the form attached hereto as Exhibit "E."

27      29.     "Underprinting" means the process whereby certain HP color inkjet printers may, in

28 certain circumstances depending on the printer settings and customer inputs, use a combination of

inks from the tri-color (or other, non-black color) and black inkjet cartridges to produce black text and images.  For purposes of this Stipulation of Settlement, "Underprinting" includes similar processes referred to as "k-fortification," and "under color addition," and the use of inks from the tri-color (or other, non-black color) cartridges to create "composite black."

### III.   SUBMISSION OF THE SETTLEMENT TO THE COURT FOR REVIEW

30.   As soon as is practicable but no later than twenty-one (21) days following the signing of this Stipulation of Settlement, Class Counsel shall apply to the Court for entry of the Preliminary Approval Order (substantially in the form attached as Exhibit "C"), for the purpose of, among other things:

(a)   Approving the Long Form Notice and Summary Notice, substantially in the form set forth at Exhibits "B" and "E";

(b)   Finding that the requirements for provisional certification of the Settlement Class have been satisfied, appointing Plaintiffs as the representatives of the Settlement Class, and Class Counsel as counsel for the Settlement Class, and preliminarily approving the Settlement as being within the range of reasonableness such that the Long Form Notice and Summary Notice should be provided pursuant to this Stipulation of Settlement;

(c)   Scheduling the Fairness Hearing not earlier than one-hundred (100) days following the filing of this Stipulation of Settlement and not later than one-hundred and eighty (180) days following the Notice Date to determine whether the Settlement should be approved as fair, reasonable, adequate and in the best interests of the Settlement Class Members, and to determine whether a Final Order and Judgment should be entered dismissing the Action with prejudice.

(d)   Preliminarily approving the form of the Final Order and Judgment;

(e)   Directing that notice of the Settlement and of the Fairness Hearing shall be given to the Settlement Class as follows:

(i)   by e-mailing, on or before the Notice Date as specified in the Preliminary Approval Order, the Long Form Notice substantially in the form attached as Exhibit "B" hereto, to the last known e-mail addresses of the Settlement Class to the extent such

11

e-mail address information exists in HP's registration database ("Registration Database"), is a valid e-mail address, and the Settlement Class Member has not withheld his/her consent to being contacted by HP via e-mail;

(ii)     publishing, on or before the Notice Date as specified in the Preliminary Approval Order, the Summary Notice in USA WEEKEND, PARADE, PEOPLE, and CIO MAGAZINE publications, and in banner advertisements on Yahoo.com and on other websites through 24/7 Real Media Network; and

(iii)     providing a link in the Long Form Notice and the Summary Notice to a settlement website to be designed and administered by the Settlement Administrator that will contain the settlement documents (including but not limited to the Long Form Notice and the Claim Form), a list of important dates, and any other information to which the parties may agree;

(f)     Providing that Settlement Class Members will have until the Bar Date to submit Claim Forms;

(g)     Providing that any objections by any Settlement Class Member to the certification of the Settlement Class and the proposed Settlement contained in this Stipulation of Settlement, and/or the entry of the Final Order and Judgment, shall be heard and any papers submitted in support of said objections shall be considered by the Court at the Fairness Hearing only if, on or before the date(s) specified in the Long Form Notice, the Summary Notice and Preliminary Approval Order, such objector files with the Court a notice of the objector's intention to appear, and otherwise complies with the requirements in Paragraphs 72 through 77 of this Stipulation of Settlement;

(h)     Establishing dates by which the parties shall file and serve all papers in support of the application for final approval of the Settlement and/or in response to any valid and timely objections;

(i)     Providing that all Settlement Class Members will be bound by the Final Order and Judgment dismissing the Action with prejudice unless such members of the Settlement Class timely file valid written requests for exclusion or opt out in accordance with this Stipulation of Settlement and the Long Form Notice;

12

1            (j)       Providing that Settlement Class Members wishing to exclude themselves

2    from the Settlement will have until the date specified in the Long Form Notice, the Summary

3    Notice, and the Preliminary Approval Order to submit a valid written request for exclusion or opt

4    out to the Settlement Administrator;

5            (k)       Providing a procedure for Settlement Class Members to request exclusion or

6    opt out from the Settlement;

7            (l)       Pending the Fairness Hearing, staying all proceedings in the Action, other

8    than proceedings necessary to carry out or enforce the terms and conditions of this Stipulation of

9    Settlement and the Preliminary Approval Order; and

10            (m)       Pending the Fairness Hearing, enjoining Plaintiffs and Settlement Class

11    Members, or any of them, from commencing or prosecuting, either directly or indirectly, any action

12    asserting any of the Released Claims.

13           31.     Following the entry of the Preliminary Approval Order, the Long Form Notice and

14    Summary Notice shall be given and published in the manner directed and approved by the Court.

15           32.     The parties agree that the notice plan contemplated by this Stipulation of Settlement

16    is valid and effective, that it provides reasonable notice to the Settlement Class, and that it

17    represents the best practicable notice under the circumstances.

18                           **IV.**  **THE SETTLEMENT CONSIDERATION**

19    **A.**     **Injunctive Relief.**

20           33.     <u>Ciolino Action</u>.  Not later than forty-five (45) days following the Effective Date, HP

21    will implement the following changes and disclosures in connection with HP small-format inkjet

22    printers sold on a going forward basis:

23            (a)       HP will discontinue the use of Pop-Up LOI Messages that include the graphic

24    image of an ink gauge, ruler, or container of ink;

25            (b)       Where HP uses graphic images in the Toolbox to communicate ink level

26    information, HP will include language indicating that the ink level information is an estimate only

27    and that actual ink levels may vary;

28            (c)       HP's Pop-Up LOI Messages at the low-on-ink trigger points will use

13

language indicating that the cartridge is low on ink, without stating that a precise level of ink remains, and that HP recommends that the customer have a replacement cartridge available when print quality is no longer acceptable;

(d)     HP will incorporate disclosures into its website explaining that HP's LOI Messages are based on estimated ink levels and that actual ink levels may vary.  HP will further explain that the user does not have to replace a print cartridge when a LOI Message is received, but rather may continue printing until the user is not satisfied with the print quality of the printed material or, if applicable, when the user reaches a "replace cartridge" message; and

(e)     Going forward for newly introduced HP color inkjet printer models that utilize LOI Messages, HP will incorporate disclosures into its user manuals explaining that HP's LOI Messages are based on estimated ink levels and that actual ink levels may vary.  HP will further explain that the user does not have to replace a print cartridge when a LOI Message is received, but rather may continue printing until the user is not satisfied with the print quality of the printed material or, if applicable, when the user reaches a "replace cartridge" message.

34.     <u>Rich Action</u>.  Not later than forty-five (45) days following the Effective Date, HP will implement the following disclosures in connection with HP small-format inkjet printers sold on a going forward basis:

(a)     HP will incorporate on its website disclosures regarding Underprinting, including a description of what Underprinting is, why it is used, and some of the options for disabling or minimizing the use of Underprinting;

(b)     Going forward for newly introduced HP color inkjet printer models that use Underprinting, HP will incorporate into its user manuals disclosures regarding Underprinting and the available options to disable or minimize the use of the color inkjet cartridge, including the "Print in Grayscale"/"Black print cartridge only" option and "Draft" mode;

(c)     HP will incorporate on its website disclosures regarding Page Yields, including a summary of HP's ISO testing for Page Yields and an explanation that actual yield varies depending on the content of printed pages and other factors; and

(d)     Going forward for newly introduced HP color inkjet printer models, HP will

14

incorporate into its user manuals disclosures regarding Page Yields, including a link to its website regarding Page Yields.

35. <u>Blennis Action</u>. Not later than forty-five (45) days following the Effective Date, HP will implement the following disclosures in connection with HP small-format inkjet printers sold on a going forward basis:

(a) HP will incorporate disclosures into its website regarding Ink Expiration, the inkjet printers and cartridges that are subject to Ink Expiration, why HP employs Ink Expiration dates for certain printer models, and how Ink Expiration works; and

(b) HP will include on the cartridge packaging for those inkjet cartridges that utilize Ink Expiration dates without an override feature a disclosure indicating that there is an Ink Expiration date and how that date is determined.

36. Nothing in this Stipulation of Settlement shall prevent HP from implementing disclosure changes prior to the Effective Date. The terms and requirements of the Injunctive Relief described in Paragraphs 33 through 35 shall expire the earliest of the following dates:  (a) three (3) years after the Effective Date; or (b) the date upon which there are such changes in the technology that would render any of the disclosures described in Paragraphs 33 through 35 inaccurate; or (c) the date upon which there are changes to any applicable statute, regulation, or other law that HP reasonably believes would require a modification to any of the disclosures described in Paragraphs 33 through 35 in order to comply with the applicable statute, regulation, or law.

37. Plaintiffs and Class Counsel agree, on behalf of all Settlement Class Members, that this Stipulation of Settlement does not preclude HP from making further disclosures or any changes to its disclosures:  (a) that HP reasonably believes are necessary to comply with any statute, regulation, or other law of any kind; (b) that are necessitated by product changes and/or to ensure that HP provides accurate product descriptions; or (c) that are more detailed than those required by this Stipulation of Settlement.  HP is not responsible for changes to or removal of disclosures as a result of software changes implemented by third parties, including but not limited to changes in print driver software controlled by the operating system manufacturer.  The parties agree that HP shall not be held liable or subject to any claim for relief under the terms of this Stipulation of

15

Settlement for any such action described in this paragraph.

**B.        E-Credits to Settlement Class Members.**

38.    HP will contribute up to Five Million Dollars ($5,000,000.00) in e-credits to be distributed to eligible Settlement Class Members who purchased or received as a gift in the United States an Affected Ciolino Model, an Affected Rich Model, and/or an Affected Blennis Model.  The e-credits will be redeemable for printers and printer supplies offered at www.shopping.hp.com.  The e-credits will not be redeemable at any retail store or any website other than www.shopping.hp.com.

(a)    If the aggregate value of the e-credits to be awarded to Settlement Class Members pursuant to valid Claim Forms exceeds Five Million Dollars ($5,000,000.00), then the value of the individual e-credits to be provided to each Settlement Class Member shall be reduced on a *pro rata* basis, such that the aggregate value of e-credits does not exceed $5,000,000.00.  For example and by way of illustration only, if the aggregate value of the total number of e-credits redeemed by class members is $10,000,000.00, then the value of each e-credit shall be reduced by fifty per cent (50%) to ensure that the aggregate value of the total number of e-credits awarded does not exceed $5,000,000.00.

(b)    The Settlement Administrator shall determine each authorized Settlement Class Member's pro rata share based upon each Settlement Class Member's Claim Form and the total number of valid Claim Forms received.  Accordingly, the actual amount recoverable by each Settlement Class Member will not be determined until after the Claims Period has ended and all Claims Form have been received.  In no event shall an individual Settlement Class Member's e-credit amount for one of the settled class actions exceed the individual recovery cap for that particular settled class action.

(c)    HP is not obligated to provide $5,000,000.00 in e-credits unless there are sufficient Claim Forms to reach this $5,000,000.00 limit.  The costs of notice and attorneys' fees described in Paragraphs 44 through 49 are not included in this $5,000,000.00 limitation.

39.    <u>Ciolino Action</u>.  Settlement Class Members who purchased or received as a gift in the United States an Affected Ciolino Model may, during the Claim Period, claim up to a $5.00 e-

16

credit for each Affected Ciolino Model purchased or received as a gift provided they satisfy the eligibility requirements set forth below.  The actual amount of this e-credit may be reduced on a pro rata basis as provided in Paragraph 38.  This e-credit will be redeemable for printers and printer supplies offered at www.shopping.hp.com.  Settlement Class Members seeking this e-credit must complete the electronic Claim Form on the settlement website by providing their name, e-mail address, and a serial number for each Affected Ciolino Model.  Settlement Class Members seeking this e-credit must further submit a signed attestation form in which they certify, under penalty of perjury, that they:  (a) received a LOI Message; (b) believed that they were out of ink as a result of the LOI Message they received; and (c) removed the inkjet cartridges upon receiving the LOI Message without using the remaining ink.  If a Settlement Class Member does not have the serial number for an Affected Ciolino Model, they must submit to the Claims Administrator some other proof of purchase (for example, a receipt, invoice, purchase order, and/or the UPC bar code from the printer package, or other similar documentation that reflects the eligible purchase) for each Affected Ciolino Model.

40.   <u>Rich Action</u>.  Settlement Class Members who purchased or received as a gift in the United States an Affected Rich Model may, during the Claim Period, claim up to a $2.00 e-credit for each Affected Rich Model purchased or received as a gift provided they satisfy the eligibility requirements set forth below.  The actual amount of this e-credit may be reduced on a pro rata basis as provided in Paragraph 38.  This e-credit will be redeemable for printers and printer supplies offered at www.shopping.hp.com.  Settlement Class Members seeking this e-credit must complete the electronic Claim Form on the settlement website by providing their name, e-mail address, and a serial number for each Affected Rich Model.  If the Settlement Class Member does not have the serial number, they must submit to the Claims Administrator some other proof of purchase (a receipt, invoice, purchase order, and/or the UPC bar code from the printer package, or other similar documentation that reflects the eligible purchase) for each Affected Rich Model.  No attestation or further proof of injury will be required to recover an e-credit for each Affected Rich Model.

41.   <u>Blennis Action</u>.  Settlement Class Members who purchased or received as a gift in the United States an Affected Blennis Model may, during the Claim Period, claim up to a $6.00 e-

credit for each Affected Blennis Model purchased or received as a gift provided they satisfy the

eligibility requirements set forth below.  The actual amount of this e-credit may be reduced on a pro

rata basis as provided in Paragraph 38.  This e-credit will be redeemable for printers and printer

supplies offered at www.shopping.hp.com.  Settlement Class Members seeking this e-credit must

complete the electronic Claim Form on the settlement website by providing their name, e-mail

address, and the serial number for each Affected Blennis Model.  Settlement Class Members

seeking this e-credit must further submit a signed attestation form in which they certify, under

penalty of perjury, that they purchased an inkjet cartridge for their Affected Blennis Model that

reached the Ink Expiration date before the cartridge had been fully used.  If a Settlement Class

Member does not have the serial number for an Affected Blennis Model, they must submit to the

Claims Administrator some other proof of purchase (a receipt, invoice, purchase order, and/or the

UPC bar code from the printer package, or other similar documentation that reflects the eligible

purchase) for each Affected Blennis Model.

42.     The e-credits described in Paragraphs 38 through 41 shall have the following

characteristics:

(a)     They will be non-transferable except to members of the immediate family of

the certificate-holder;

(b)     They cannot be used in combination with other rebates or coupons for HP

products;

(c)     Only one e-credit may be used per purchase order;

(d)     An e-credit may be used only once;

(e)     If a class member is eligible to receive multiple e-credits for a single printer,

those e-credits will be combined into a single e-credit.  By way of example only, if a Settlement

Class Member owns a printer that is both an Affected Ciolino Model and an Affected Rich Model,

that Settlement Class Member may be entitled to receive one e-credit in an amount up to $7 in e-

credits for that particular printer—which is equal to the maximum potential e-credit for each

Affected Rich Model (up to $2) plus the maximum potential e-credit for each Affected Ciolino

Model (up to $5).  E-credits received for multiple different printers are not "stackable" and will not

18

be combined into a single e-credit.  By way of example only, if a Settlement Class Member owns two printers that are Affected Ciolino Models and Affected Rich Models, that Settlement Class Member may be entitled to receive <u>two</u> e-credits in an amount up to $7 in e-credits for each printer. These hypothetical recoveries provided in this subparagraph are subject to the other terms of this Stipulation of Settlement, including but not limited to:  (1) the ability of the Settlement Class Member to provide valid evidence of ownership and/or attest to the premature discarding of an ink cartridge as provided in Paragraph 39; and (2) the pro rata reduction set forth in Paragraph 38;

(f)     Each e-credit will be valid for six (6) months from the date of issuance; and

(g)     E-credits will be redeemable only through www.shopping.hp.com.

43.     No Settlement Class Member shall receive any benefits described in Paragraphs 38 through 43 prior to the Effective Date.

## V.   ATTORNEYS' FEE-AND-EXPENSE AWARD AND
## CLASS REPRESENTATIVE AWARD

44.     Class Counsel may submit an application to the Court for an award of attorneys' fees, costs, and expenses.  HP does not oppose, and will not encourage or assist a third party in opposing, Class Counsel's request for attorneys' fees, costs and expenses up to Two Million Nine Hundred Thousand Dollars ($2,900,000.00), nor does HP contest the reasonableness of the amount.

45.     Subject to Court approval, HP will pay Class Counsel the sum of Two Million Nine Hundred Thousand Dollars ($2,900,000.00) in attorneys' fees, costs, and expenses.  Such payment by HP will be in lieu of statutory fees Plaintiffs and/or their attorneys might otherwise have been entitled to recover, and this amount shall be inclusive of all fees and costs of Class Counsel in the Action.  Class Counsel will not seek in excess of $2,900,000.00 for attorneys' fees, costs and expenses and, in any event, Class Counsel agree that HP shall not pay, or be obligated to pay, in excess of $2,900,000.00 for attorneys' fees, costs and expenses.  The parties negotiated attorneys' fees, costs, and expenses only after reaching an agreement upon the relief provided to the Settlement Class as provided in Paragraphs 33 through 43.

46.     The attorneys' fees are based on the amount of time class counsel reasonably expended working on this action.

19

47.     In recognition of the time and effort the named Plaintiffs expended in pursuing this action and in fulfilling their obligations and responsibilities as class representatives, and of the benefits conferred on all Settlement Class Members by the Settlement, Class Counsel will ask the Court for the payment of a stipend from HP to each of the six named Plaintiffs not to exceed $1,000 per named Plaintiff.  HP does not oppose this request by Class Counsel for stipend payments.  Class Counsel will not seek in excess of $1,000 per named Plaintiff for stipends and, in any event, Class Counsel agrees that HP shall not pay, or be obligated to pay, in excess of $1,000 per Plaintiff for stipends.

48.     HP shall pay such attorneys' fees-and-expenses and class representative stipends as awarded by the Court by wire to a trust account to be jointly established by Class Counsel within thirty (30) days after the Effective Date, subject to compliance with the terms of the Stipulation of Settlement.  Class Counsel shall have discretion to allocate the attorneys' fees amongst Class Counsel and any other attorneys for Plaintiffs as they may see fit subject to the applicable rules of professional responsibility.  HP shall have no liability or other responsibility for allocation of any such attorneys' fees and costs awarded, and, in the event that any dispute arises relating to the allocation of fees, Class Counsel agree to hold HP harmless from any and all such liabilities, costs, and expenses of such dispute.

49.     The procedure for and the allowance or disallowance by the Court of any application for attorneys' fees, costs, expenses, or reimbursement to be paid to Class Counsel are not part of the settlement of the Released Claims as set forth in this Stipulation of Settlement, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the settlement of the Released Claims as set forth in this Stipulation of Settlement. Any such separate order, finding, ruling, holding, or proceeding relating to any such applications for attorneys' fees, or any separate appeal from any separate order, finding, ruling, holding, or proceeding relating to them or reversal or modification of them, shall not operate to terminate or cancel this Stipulation of Settlement or otherwise affect or delay the finality of the Final Order and Judgment or the Settlement.

## VI.  **RELEASES AND DISMISSAL OF ACTION**

50.      Upon the Effective Date, the Releasing Parties shall be deemed to have, and by operation of the Final Order and Judgment shall have, fully, finally and forever released, relinquished, and discharged all Released Claims against the Released Parties.

51.      Members of the Settlement Class who have opted out of the Settlement by the date set by the Court do not release their claims and will not obtain any benefits of the Settlement.

52.      The Released Claims include known and unknown claims relating to the Action, and this Stipulation of Settlement is expressly intended to cover and include all such injuries or damages, including all rights of action thereunder.  Settlement Class Members hereby expressly, knowingly, and voluntarily waive the provisions of Section 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Settlement Class Members expressly waive and relinquish any and all rights and benefits that they may have under, or that may be conferred upon them by, the provisions of Section 1542 of the California Civil Code, or any other law of any state or territory that is similar, comparable, or equivalent to Section 1542, to the fullest extent that they may lawfully waive such rights or benefits pertaining to the Released Claims.  In connection with such waiver and relinquishment, the Settlement Class Members hereby acknowledge that they are aware that they or their attorneys may hereafter discover claims or facts in addition to or different from those that they now know or believe exist with respect to Released Claims, but that it is their intention to hereby fully, finally, and forever settle and release all of the Released Claims known or unknown, suspected or unsuspected, that they have against the Released Parties.  In furtherance of such intention, the release herein given by the Settlement Class Members to the Released Parties shall be and remain in effect as a full and complete general release notwithstanding the discovery or existence of any such additional different claims or facts.  Each of the parties expressly acknowledges that it has been

21

advised by its attorney of the contents and effect of Section 1542, and with knowledge, each of the parties hereby expressly waives whatever benefits it may have had pursuant to such section. Settlement Class Members are not releasing any claims for personal injury or any claims for repair or service of Affected Models that are, at the time of the Effective Date, covered by any express product warranty by HP. Plaintiffs acknowledge, and the Settlement Class Members shall be deemed by operation of the Final Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a material element of the Settlement of which this release is a part.

53.     Upon the Effective Date, the Action shall be dismissed with prejudice. Class Counsel shall have the responsibility for ensuring that the Action is dismissed with prejudice in accordance with the terms of this Stipulation of Settlement.

54.     The Court shall retain jurisdiction over the parties to this Stipulation of Settlement with respect to the future performance of the terms of this Stipulation of Settlement. In the event that any applications for relief are made, such applications shall be made to the Court.

55.     Upon the Effective Date: (a) the Stipulation of Settlement shall be the exclusive remedy for any and all Released Claims of Settlement Class Members; and (b) the Settlement Class Members shall be permanently barred and enjoined from initiating, asserting, or prosecuting against the Released Parties in any federal or state court or tribunal any and all Released Claims.

## VII.   ADMINISTRATION OF THE SETTLEMENT

56.     Within thirty (30) days after the entry of the Preliminary Approval Order, HP will coordinate with the Settlement Administrator to provide notice to the Settlement Class as provided in this Stipulation of Settlement. HP will use information from its Registration Database reflecting the names and e-mail addresses of the Settlement Class, to the extent such information is available, for purposes of providing e-mail notice pursuant to the Settlement.

57.     Because the names, e-mail addresses, and other personal information about Settlement Class Members will be provided to the Settlement Administrator for purposes of providing e-credits and processing opt out requests, the Settlement Administrator will execute a non-disclosure agreement with HP and will take all reasonable steps to ensure that any information provided to it by Settlement Class Members will be used solely for the purpose of effecting this

22

Settlement.  Any such information provided to the Settlement Administrator will not be provided to Plaintiffs or Class Counsel; however, Class Counsel will designate one attorney as its representative who may inspect such information upon his or her execution of, and subject to, the terms of the non-disclosure agreement.  HP will not be obligated to send e-mails to those Settlement Class Members who have expressly indicated to HP that they do not consent to being contacted by HP via e-mail.

58.	The Settlement Administrator shall administer the Settlement in accordance with the terms of this Stipulation of Settlement and, without limiting the foregoing, shall:

(a)	Treat any and all documents, communications and other information and materials received in connection with the administration of the Settlement as confidential and shall not disclose any or all such documents, communications or other information to any person or entity except as provided for in this Stipulation of Settlement or by court order;

(b)	Receive opt out and other requests from members of the Settlement Class to exclude themselves from the Settlement and provide to Class Counsel and Defense Counsel a copy thereof within three (3) days of receipt.  If the Settlement Administrator receives any exclusion forms or other requests from Settlement Class Members to exclude themselves from the Settlement after the deadline for the submission of such forms and requests, the Settlement Administrator shall promptly provide Class Counsel and Defense Counsel with copies thereof.

59.	HP will reimburse the Settlement Administrator up to Nine-Hundred And Fifty Thousand Dollars ($950,000.00) toward reasonable costs, fees, and expenses of providing notice to the Settlement Class and administering the Settlement in accordance with this Stipulation of Settlement.  The parties specifically agree that HP shall not be liable for the costs, fees, and expenses of providing notice to the Settlement Class and administering the Settlement above and beyond Nine-Hundred And Fifty Thousand Dollars ($950,000.00).  Any costs, fees, and expenses associated with providing notice to the Settlement Class and administering the Settlement in accordance with this Stipulation of Settlement that exceed Nine-Hundred And Fifty Thousand Dollars ($950,000.00) shall be the responsibility of Class Counsel, without prejudice to any agreement between Class Counsel and the Settlement Administrator regarding responsibility for the

costs, fees, and expenses associated with providing notice and administering the Settlement. Class Counsel shall make every effort to accomplish the notice required to implement and obtain Court approval for this Settlement.

60.     Each Settlement Class Member shall submit a Claim Form listing each Affected Model unit. When requested in the Claim Form, the Claim Form shall be signed under penalty of perjury. Claim Forms will be: (a) included on the settlement website to be designed and administered by the Settlement Administrator; and (b) made readily available from the Settlement Administrator, as provided in the Preliminary Approval Order.

61.     Any Settlement Class Member who, in accordance with the terms and conditions of this Stipulation of Settlement, neither seeks exclusion from the Settlement Class nor files a Claim Form will not be entitled to receive any e-credit, benefit, or any other relief pursuant to this Stipulation of Settlement, but will be bound together with all Settlement Class Members by all of the terms of this Stipulation of Settlement, including the terms of the Final Order and Judgment to be entered in the Action and the releases provided for herein, and will be barred from bringing any action against any of the Released Parties concerning the Released Claims.

62.     Claim Forms that do not meet the requirements set forth in this Stipulation of Settlement and in the Claim Form instructions shall be rejected. Where a good faith basis exists, the Settlement Administrator may reject a Settlement Class Member's Claim Form for, among other reasons, the following:

(a)     The Settlement Class Member seeks e-credits for printers that are not covered by the terms of this Stipulation of Settlement;

(b)     Failure to fully complete and/or sign the Claim Form;

(c)     Illegible Claim Form;

(d)     The Settlement Class Member's HP printer is not reasonably identifiable from the serial number, proof of purchase, or other supporting documentation submitted by the Settlement Class Member;

(e)     Failure to provide adequate proof of purchase if the same is required;

(f)     The Claim Form is fraudulent;

24

(g)     The Claim Form is duplicative of another Claim Form;

(h)     The person submitting the Claim Form is not a Settlement Class Member;

(i)     Failure to submit a Claim Form by the Bar Date; and/or

(j)     The Claim Form otherwise does not meet the requirements of this Stipulation of Settlement.

63.     The Settlement Administrator shall determine whether a Claim Form meets the requirements set forth in this Stipulation of Settlement.  Each Claim Form shall be submitted to and reviewed by the Settlement Administrator, who shall determine in accordance with the terms and conditions of this Stipulation of Settlement the extent, if any, to which each claim shall be allowed. The Settlement Administrator shall use all reasonable efforts and means to identify and reject duplicate and/or fraudulent claims, including, without limitation, indexing all e-credits provided to Settlement Class Members by unique control number determined and marked on each e-credit by the Settlement Administrator, and the name of the Settlement Class Member to whom each e-credit has been provided.

64.     Claim Forms that do not meet the terms and conditions of this Stipulation of Settlement shall be promptly rejected by the Settlement Administrator.  The Settlement Administrator shall have thirty (30) days from the end of the Claim Period to exercise the right of rejection.  The Settlement Administrator shall notify the Settlement Class Member through the e-mail address provided in the Claim Form of the rejection.  Class Counsel and Defense Counsel shall be provided with copies of all such notifications to Settlement Class Members.  If any claimant whose Claim Form has been rejected, in whole or in part, desires to contest such rejection, the claimant must, within ten (10) business days from receipt of the rejection, transmit to the Settlement Administrator by e-mail or U.S. mail a notice and statement of reasons indicating the claimant's grounds for contesting the rejection, along with any supporting documentation, and requesting further review by the Settlement Administrator, in consultation with Class Counsel and Defense Counsel, of the denial of the claim.  If Class Counsel and Defense Counsel cannot agree on a resolution of claimant's notice contesting the rejection, the disputed claim shall be presented to the Court or a referee appointed by the Court for summary and non-appealable resolution.

25

65.     No person shall have any claim against HP, Defense Counsel, Plaintiffs, Plaintiffs' counsel, the Settlement Class, Class Counsel, and/or the Settlement Administrator based on any eligibility determinations, distributions, or e-credit awards made in accordance with this Stipulation of Settlement.  This provision does not affect or limit in any way the right of review by the Court or referee of any disputed Claim Forms as provided in this Stipulation of Settlement.

66.     Any Settlement Class Member who fails to submit a Claim Form by the Bar Date shall be forever barred from receiving any benefit pursuant to this Stipulation of Settlement, but shall in all other respects be bound by all of the terms of this Stipulation of Settlement including the terms of the Final Order and Judgment to be entered in the Action and the releases provided for herein, and will be barred from bringing any action against any of the Released Parties concerning any of the Released Claims.  A Claim Form shall be submitted electronically at the settlement website to be designed and administered by the Settlement Administrator.  Where an attestation form and/or proof of purchase is required to be submitted as part of the Claim Form, the Claim Form will be deemed to have been submitted when the attestation form and/or proof of purchase are posted, if received with a postmark, or equivalent mark by a courier company indicated on the envelope or mailer and if mailed with pre-paid postage and addressed in accordance with the instructions set out in the Claim Form.  In all other cases, the Claim Form shall be deemed to have been submitted when it is actually received by the Settlement Administrator.

67.     Class Counsel and Defense Counsel shall have the right to inspect the Claim Forms and supporting documentation received by the Settlement Administrator at any time upon reasonable notice.

68.     The Settlement Administrator shall distribute benefits to eligible Settlement Class Members on a date that occurs only after the Effective Date.

69.     If the Settlement is not approved or for any reason the Effective Date does not occur, no payments or distributions of any kind shall be made pursuant to this Stipulation of Settlement.

70.     All notification duties imposed by 28 U.S.C. § 1715, including the corresponding expenses, shall be separate and in addition to any other obligation imposed herein.

71.     HP and the Released Parties are not and will not be obligated to compute, estimate,

26

1  or pay any taxes on behalf of any Plaintiff, any Settlement Class Member, Plaintiffs' counsel, Class

2  Counsel, and/or the Settlement Administrator.

3       **VIII.  OBJECTIONS AND OPT-OUTS BY SETTLEMENT CLASS MEMBERS**

4       72.     Any Settlement Class Member who intends to object to the fairness, reasonableness,

5  and/or adequacy of the Settlement must send a written objection by fax, U.S. mail, or e-mail to the

6  Settlement Administrator and send by U.S. mail or e-mail a copy to Class Counsel and Defense

7  Counsel at the address set forth below postmarked no later than the date specified in the Preliminary

8  Approval Order.  Settlement Class Members who object must set forth their full name, current

9  address, and telephone number.  Objections must be served:

10           Upon Class Counsel at:

11           NIALL P. McCARTHY
             JUSTIN T. BERGER
12           COTCHETT, PITRE & McCARTHY
             San Francisco Airport Office Center
13           840 Malcolm Road, Suite 200
             Burlingame, California  94010
14           Telephone: (650) 697-6000
             Facsimile: (650) 692-3606
15           E-mail:  jberger@cpmlegal.com
16
             BRIAN S. KABATECK
17           RICHARD L. KELLNER
             ALFREDO TORRIJOS
18           KABATECK BROWN KELLNER LLP
             644 South Figueroa Street
19           Los Angeles, California  90017
             Telephone: (213) 217-5000
20           Facsimile: (213) 217-5010
             E-mail:  at@kbklawyers.com
21
             Upon HP at:
22
             Samuel G. Liversidge
23           Christopher Chorba
             Dhananjay S. Manthripragada
24           GIBSON, DUNN & CRUTCHER LLP
             333 South Grand Avenue
25           Los Angeles, California  90071
             Facsimile:  (213) 229-7520
26           E-mail:  DManthripragada@gibsondunn.com
27
28       73.     Objecting class members must state in writing all objections and the reasons for each

27

objection, and state whether the objecting class member intends to appear at the Fairness Hearing either with or without separate counsel.  No member of the Settlement Class shall be entitled to be heard at the Fairness Hearing (whether individually or through separate counsel) or to object to the Settlement, and no written objections or briefs submitted by any member of the Settlement Class shall be received or considered by the Court at the Fairness Hearing, unless written notice of the objecting class member's intention to appear at the Fairness Hearing and copies of any written objections and/or briefs shall have been filed with the Court and served on Class Counsel and Defense Counsel on or before the date specified in the Preliminary Approval Order.  Members of the Settlement Class who fail to file and serve timely written objections in the manner specified above shall be deemed to have waived all objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.

74.     Members of the Settlement Class may elect to opt out of the settlement, relinquishing their rights to benefits hereunder.  Members of the Settlement Class who opt out of the Settlement will not release their claims pursuant to this Stipulation of Settlement.  Putative class members wishing to opt out of the Settlement must send to the Settlement Administrator by fax, U.S. Mail, or e-mail a letter including their name, address, and telephone number and providing a clear statement communicating that they elect to be excluded from the Settlement Class, do not wish to be a Settlement Class Member, and elect to be excluded from any judgment entered pursuant to the Settlement.  Any request for exclusion or opt out must be postmarked on or before the opt out deadline provided in the Court's Preliminary Approval Order.  The date of the postmark on the return mailing envelope shall be the exclusive means used to determine whether a request for exclusion has been timely submitted.  Members of the Settlement Class who fail to submit a valid and timely request for exclusion on or before the date specified in the Court's Preliminary Approval Order shall be bound by all terms of this Stipulation of Settlement and the Final Order and Judgment, regardless of whether they have requested exclusion from the Settlement.

75.     Any member of the Settlement Class who submits a timely request for exclusion or opt out may not file an objection to the Settlement and shall be deemed to have waived any rights or benefits under this Stipulation of Settlement.

76.     Not later than three (3) business days after the deadline for submission of requests for exclusion or opt out, the Settlement Administrator shall provide to Class Counsel and Defense Counsel a complete opt out list together with copies of the opt out requests.  Notwithstanding any other provision of this Stipulation of Settlement, if more than one-thousand (1,000) members of the Settlement Class opt out of the Settlement, HP, in its sole discretion, may rescind and revoke the entire Settlement and this Stipulation of Settlement, thereby rendering the Settlement null and void in its entirety, by sending written notice that HP revokes the settlement pursuant to this paragraph to Class Counsel within ten (10) business days following the date the Settlement Administrator informs HP of the number of Settlement Class members who have requested to opt out of the Settlement pursuant to the provisions set forth above.

77.     On the date set forth in the Preliminary Approval Order, a Fairness Hearing shall be conducted to determine final approval of the Settlement.  Upon final approval of the Settlement by the Court at or after the Fairness Hearing, the parties shall present the Final Order and Judgment, substantially in the form attached to this Stipulation of Settlement as Exhibit "A," to the Court for approval and entry.

## IX.   SCOPE AND EFFECT OF CERTIFICATION OF THE SETTLEMENT CLASS

78.     For purposes of settlement only, the parties and their counsel agree that the Court should make preliminary findings and enter the Preliminary Approval Order (substantially in the form attached at Exhibit "C") granting provisional certification of the Settlement Class subject to final findings and ratification in the Final Order and Judgment, and appointing Plaintiffs as the representatives of the Settlement Class and Class Counsel as counsel for the Settlement Class.

79.     HP does not consent to certification of the Settlement Class for any purpose other than to effectuate the Settlement of the Action.  If this Stipulation of Settlement is terminated pursuant to its terms, or the Effective Date for any reason does not occur, the order certifying the Settlement Class for purposes of effectuating this Stipulation of Settlement, and all preliminary and/or final findings regarding that class certification order, shall be automatically vacated upon notice of the same to the Court, the Action shall proceed as though the Settlement Class had never been certified pursuant to this Stipulation of Settlement and such findings had never been made, and

29

1 the Action shall return to the procedural status quo in accordance with this Paragraph.

2   80. In the event the terms or conditions of this Stipulation of Settlement, other than

3 terms pertaining to attorneys' fees, costs, expenses, and/or stipend payments, are materially

4 modified by any court, either party in its sole discretion to be exercised within fourteen (14) days

5 after such a material modification may declare this Stipulation of Settlement null and void.  For

6 purposes of this paragraph, material modifications include but are not limited to any modifications

7 to the definitions of the Settlement Class, Settlement Class Members, or Released Claims, changes

8 to the notice plan described in Paragraph 30, and/or any modifications to the terms of the settlement

9 consideration described in Paragraphs 33 through 43.

10    **X. SETTLEMENT NOT EVIDENCE AGAINST PARTIES**

11   81. The provisions contained in this Stipulation of Settlement are not and shall not be

12 deemed a presumption, concession or admission by HP of any default, liability or wrongdoing as to

13 any facts or claims alleged or asserted in the Action, or in any actions or proceedings, nor shall they

14 be interpreted, construed, deemed, invoked, offered, or received in evidence or otherwise used by

15 any person in the Action, or in any other action or proceeding, whether civil, criminal or

16 administrative.  HP does not admit that it or any of the Released Parties has engaged in any illegal

17 or wrongful activity or that any person has sustained any damage by reason of any of the facts

18 complained of in the Action.  HP does not consent to certification of the Settlement Class for any

19 purpose other than to effectuate the Settlement of the Action.

20      **XI. BEST EFFORTS**

21   82. Class Counsel shall take all necessary actions to accomplish approval of the

22 Settlement, notice, and dismissal of the Action.  The parties and their counsel agree to cooperate

23 fully with one another and to use their best efforts to effectuate the Settlement, including without

24 limitation in seeking preliminary and final Court approval of the Stipulation of Settlement and the

25 Settlement embodied herein, carrying out the terms of this Stipulation of Settlement, and promptly

26 agreeing upon and executing all such other documentation as may be reasonably required to obtain

27 final approval by the Court of the Settlement.  In the event that the Court fails to approve the

28 Settlement or fails to issue the Final Order and Judgment, the parties agree to use all reasonable

efforts, consistent with this Stipulation of Settlement and subject to Paragraph 80, to cure any defect identified by the Court.

83.     Each party will cooperate with the other party in connection with effectuating the Settlement or the administration of claims thereunder.  Any requests for cooperation shall be narrowly tailored and reasonably necessary for the requesting party to recommend the Settlement to the Court, and to carry out its terms.

## XII.   RELATION AND CONSOLIDATION

84.     The parties and their counsel agree that, for purposes of effectuating the Settlement embodied herein and providing notice to Settlement Class Members, the Ciolino, Rich, and Blennis actions should be related pursuant to Local Civil Rule 3-12(a) and consolidated pursuant to Rule 42(a) of the Federal Rules of Civil Procedure.  For purposes of relating and consolidating these actions, the parties agree to the entry of an order substantially in the form attached hereto as Exhibit "C."

85.     Upon entry of an order relating and consolidating the Ciolino, Rich, and Blennis actions, the Action shall bear the following caption on all documents to be filed with the Court going forward:

| In re:  HP INKJET PRINTER LITIGATION | Case No. C05-3580 JF |
| --- | --- |

HP does not consent to the relation and/or consolidation of the Ciolino, Rich, and Blennis actions for any purpose other than to effectuate the Settlement embodied herein and to provide notice.  In the event the Stipulation of Settlement is terminated pursuant to its terms, or the Effective Date for any reason does not occur, any order consolidating the Ciolino, Rich, and Blennis actions shall be automatically vacated upon notice of the same to the Court, and all three cases will proceed independently before Judge Fogel, and will return to the procedural status quo that existed prior to the entry of any order consolidating the cases for purposes of settlement.

## XIII.   MISCELLANEOUS PROVISIONS

86.     The parties agree that the recitals are contractual in nature and form a material part of this Stipulation of Settlement.

31

87.     This Stipulation of Settlement and its accompanying Exhibits set forth the entire understanding of the parties.  No change or termination of this Stipulation of Settlement shall be effective unless in writing and signed by Class Counsel and Defense Counsel.  Any and all previous agreements and understandings between or among the parties regarding the subject matter of this Stipulation of Settlement, whether written or oral, are superseded by this Stipulation of Settlement.

88.     This Stipulation of Settlement and the Settlement contemplated herein shall be governed by, and construed in accordance with, the laws of the State of California, without regard to conflict of laws principles.

89.     All of the parties warrant and represent that they are agreeing to the terms of this Stipulation of Settlement based upon the legal advice of their respective attorneys, that they have been afforded the opportunity to discuss the contents of this Stipulation of Settlement with their attorneys and that the terms and conditions of this document are fully understood and voluntarily accepted.

90.     The waiver by any party of a breach of any term of this Stipulation of Settlement shall not operate or be construed as a waiver of any subsequent breach by any party.  The failure of a party to insist upon strict adherence to any provision of the Stipulation of Settlement shall not constitute a waiver or thereafter deprive such party of the right to insist upon strict adherence.

91.     The headings in this Stipulation of Settlement are inserted merely for the purpose of convenience and shall not affect the meaning or interpretation of this document.

92.     This Stipulation of Settlement may be executed in counterparts, each of which shall be deemed an original and all of which, when taken together, shall constitute one and the same instrument.  The date of execution shall be the latest date on which any party signs the Stipulation of Settlement.

93.     This Stipulation of Settlement has been negotiated among and drafted by Class Counsel and Defense Counsel.  To the extent there is any uncertainty or ambiguity in this Stipulation of Settlement, none of the parties will be deemed to have caused any such uncertainty or ambiguity.  Accordingly, this Stipulation of Settlement should not be construed favor of or against one party as to the drafter, and the parties agree that the provisions of California Civil Code § 1654

32

and common law principles of construing ambiguities against the drafter shall have no application.

94.     Except as specifically provided in this Stipulation of Settlement, the parties and/or their counsel will not issue any press releases or make other public statements regarding the Settlement or the Action without prior approval of all parties.  If the parties are ever asked by third parties (excluding their counsel or tax advisors (only to the extent that it is required for the rendering of professional services), or as required by any governmental agency or to comply with a lawfully-issued subpoena or court order) about the resolution of this matter, they may only say, in words or substance, that the Action "has been resolved" or "is over."

95.     The parties believe that this Stipulation of Settlement is a fair, adequate, and reasonable settlement of the Action, and they have arrived at this Settlement through arms'-length negotiations, taking into account all relevant factors, present and potential.

IN WITNESS WHEREOF, the parties hereto, by and through their respective attorneys, and intending to be legally bound hereby, have duly executed this Stipulation of Settlement as of the date set forth below.


Dated: August __, 2010          _____
                                Daniel Feder
                                Plaintiff in Ciolino Action


Dated: August __, 2010          _____
                                Nicklos Ciolino
                                Plaintiff in Ciolino Action


Dated: August __, 2010          _____
                                Carl K. Rich
                                Plaintiff in Rich Action


Dated: August __, 2010          _____
                                David Duran
                                Plaintiff in Rich Action

33

1       94.    Except as specifically provided in this Stipulation of Settlement, the parties and/or

2 their counsel will not issue any press releases or make other public statements regarding the

3 Settlement or the Action without prior approval of all parties. If the parties are ever asked by third

4 parties (excluding their counsel or tax advisors (only to the extent that it is required for the

5 rendering of professional services), or as required by any governmental agency or to comply with a

6 lawfully-issued subpoena or court order) about the resolution of this matter, they may only say, in

7 words or substance, that the Action "has been resolved" or "is over."

8       95.    The parties believe that this Stipulation of Settlement is a fair, adequate, and

9 reasonable settlement of the Action, and they have arrived at this Settlement through arms'-length

10 negotiations, taking into account all relevant factors, present and potential.

11       IN WITNESS WHEREOF, the parties hereto, by and through their respective attorneys, and

12 intending to be legally bound hereby, have duly executed this Stipulation of Settlement as of the

13 date set forth below.

14

15 Dated: August /9, 2010                 _____

16                                   Daniel Feder
                                  Plaintiff in Ciolino Action

17

18 Dated: August ___, 2010                _____

19                                   Nicklos Ciolino
                                  Plaintiff in Ciolino Action

20

21 Dated: August ___, 2010                _____

22                                   Carl K. Rich
                                  Plaintiff in Rich Action

23

24 Dated: August ___, 2010                 _____

25                                   David Duran
                                  Plaintiff in Rich Action

26

27 Dated: August ___, 2010                 _____

28                                   Jackie Blennis
                                  Plaintiff in Blennis Action

33

attorneys, and intending to be legally bound hereby, have duly executed this Stipulation

of Settlement as of the date set forth below.

Dated: August __, 2010

_____

Daniel Feder
Plaintiff in Ciolino Action

Dated: August 1 7, 2010

_____

Nicklos Ciolino
Plaintiff in Ciolino Action

Dated: August __, 2010

_____

Carl K. Rich
Plaintiff in Rich Action

Dated: August __, 2010

_____

David Duran
Plaintiff in Rich Action

Dated: August __, 2010

_____

Jackie Blennis
Plaintiff in Blennis Action

1 | and common law principles of construing ambiguities against the drafter shall have no application.

2 | 94. Except as specifically provided in this Stipulation of Settlement, the parties and/or

3 | their counsel will not issue any press releases or make other public statements regarding the

4 | Settlement or the Action without prior approval of all parties. If the parties are ever asked by third

5 | parties (excluding their counsel or tax advisors (only to the extent that it is required for the

6 | rendering of professional services), or as required by any governmental agency or to comply with a

7 | lawfully-issued subpoena or court order) about the resolution of this matter, they may only say, in

8 | words or substance, that the Action "has been resolved" or "is over."

9 | 95. The parties believe that this Stipulation of Settlement is a fair, adequate, and

10 | reasonable settlement of the Action, and they have arrived at this Settlement through arms'-length

11 | negotiations, taking into account all relevant factors, present and potential.

12 | IN WITNESS WHEREOF, the parties hereto, by and through their respective attorneys, and

13 | intending to be legally bound hereby, have duly executed this Stipulation of Settlement as of the

14 | date set forth below.

15 |

16 | Dated: August ___, 2010

17 | Daniel Feder
Plaintiff in Ciolino Action

18 |

19 | Dated: August ___, 2010

20 | Nicklos Ciolino
Plaintiff in Ciolino Action

21 |

22 | Dated: August 2 3 2010

23 | Carl K. Rich
Plaintiff in Rich Action

24 |

25 | Dated: August ___, 2010

26 | David Duran
Plaintiff in Rich Action

27 |

28 |

33

STIPULATION OF SETTLEMENT

1  and common law principles of construing ambiguities against the drafter shall have no application.

2      94.     Except as specifically provided in this Stipulation of Settlement, the parties and/or

3  their counsel will not issue any press releases or make other public statements regarding the

4  Settlement or the Action without prior approval of all parties. If the parties are ever asked by third

5  parties (excluding their counsel or tax advisors (only to the extent that it is required for the

6  rendering of professional services), or as required by any governmental agency or to comply with a

7  lawfully-issued subpoena or court order) about the resolution of this matter, they may only say, in

8  words or substance, that the Action "has been resolved" or "is over."

9      95.     The parties believe that this Stipulation of Settlement is a fair, adequate, and

10  reasonable settlement of the Action, and they have arrived at this Settlement through arms'-length

11  negotiations, taking into account all relevant factors, present and potential.

12      IN WITNESS WHEREOF, the parties hereto, by and through their respective attorneys, and

13  intending to be legally bound hereby, have duly executed this Stipulation of Settlement as of the

14  date set forth below.

15

16  Dated: August ___, 2010

17                                            Daniel Feder
                                              Plaintiff in Ciolino Action
18

19  Dated: August ___, 2010

20                                            Nicklos Ciolino
                                              Plaintiff in Ciolino Action
21

22  Dated: August ___, 2010

23                                            Carl K. Rich
                                              Plaintiff in Rich Action
24

25  Dated: August 25, 2010

26                                            David Duran
                                              Plaintiff in Rich Action
27

28

                                       33

STIPULATION OF SETTLEMENT                              Master File No. C05-3580 JF

1 | Dated: August 23, 2010

*Jackie Blennis*
Jackie Blennis
Plaintiff in Blennis Action

2

3

4 | Dated: August __, 2010

David Brickner
Plaintiff in Blennis Action

5

6

7 | Dated: August __, 2010

Cotchett, Pitre & McCarthy
Attorneys for Plaintiffs and the Settlement Class

8

9

10 | Dated: August __, 2010

Kabateck Brown Kellner, LLP
Attorneys for Plaintiffs and the Settlement Class

11

12

13 | Dated: August __, 2010

Berk Law PLLC
Attorneys for Plaintiffs and the Settlement Class

14

15

16 | Dated: August __, 2010

Chavez & Gertler LLP
Attorneys for Plaintiffs and the Settlement Class

17

18

19 | Dated: August __, 2010

Cuneo, Waldman & Gilbert, LLC
Attorneys for Plaintiffs and the Settlement Class

20

21

22 | Dated: August __, 2010

Edelson & Associates, LLC
Attorneys for Plaintiffs and the Settlement Class

23

24

25 | Dated: August __, 2010

The Garcia Law Firm
Attorneys for Plaintiffs and the Settlement Class

26

27

28

34

1    Dated: August __, 2010
                                              _____
2                          :                  Jackie Blennis
                                              Plaintiff in Blennis Action
3

4    Dated: August _23_, 2010                 _____
                                              David Brickner
5                                             Plaintiff in Blennis Action

6

7    Dated: August __, 2010
                                              _____
8                                             Cotchett, Pitre & McCarthy
                                              Attorneys for Plaintiffs and the Settlement Class
9

10   Dated: August __, 2010
                                              _____
11                                            Kabateck Brown Kellner, LLP
                                              Attorneys for Plaintiffs and the Settlement Class
12

13   Dated: August __, 2010
                                              _____
14                                            Berk Law PLLC
                                              Attorneys for Plaintiffs and the Settlement Class
15

16   Dated: August __, 2010
                                              _____
17                                            Chavez & Gertler LLP
                                              Attorneys for Plaintiffs and the Settlement Class
18

19   Dated: August __, 2010
                                              _____
20                                            Cuneo, Waldman & Gilbert, LLC
                                              Attorneys for Plaintiffs and the Settlement Class
21

22   Dated: August __, 2010
                                              _____
23                                            Edelson & Associates, LLC
                                              Attorneys for Plaintiffs and the Settlement Class
24

25   Dated: August __, 2010
                                              _____
26                                            The Garcia Law Firm
                                              Attorneys for Plaintiffs and the Settlement Class
27

28

                                      34

     STIPULATION OF SETTLEMENT                          Master File No. C05-3580 JF

1   Dated: August __, 2010

2                                          _____
                                            Jackie Blennis
                                            Plaintiff in Blennis Action

3

4   Dated: August __, 2010

5                                          _____
                                            David Brickner
                                            Plaintiff in Blennis Action

6

7   Dated: August __, 2010

8                                          _____
                                            Cotchett, Pitre & McCarthy
                                            Attorneys for Plaintiffs and the Settlement Class

9

10  Dated: August __, 2010

11                                         _____
                                            Kabateck Brown Kellner, LLP
                                            Attorneys for Plaintiffs and the Settlement Class

12

13  Dated: August __, 2010

14                                         _____
                                            Berk Law PLLC
                                            Attorneys for Plaintiffs and the Settlement Class

15

16  Dated: August __, 2010

17                                         _____
                                            Chavez & Gertler LLP
                                            Attorneys for Plaintiffs and the Settlement Class

18

19  Dated: August __, 2010

20                                         _____
                                            Cuneo, Waldman & Gilbert, LLC
                                            Attorneys for Plaintiffs and the Settlement Class

21

22  Dated: August __, 2010

23                                         _____
                                            Edelson & Associates, LLC
                                            Attorneys for Plaintiffs and the Settlement Class

24

25  Dated: August __, 2010

26                                         _____
                                            The Garcia Law Firm
                                            Attorneys for Plaintiffs and the Settlement Class

27

28

34

1    Dated: August ___, 2010          _____
                                      Jackie Blennis
2                                     Plaintiff in Blennis Action

3

4    Dated: August ___, 2010          _____
                                      David Brickner
5                                     Plaintiff in Blennis Action

6

7    Dated: August ___, 2010          _____
                                      Cotchett, Pitre & McCarthy
8                                     Attorneys for Plaintiffs and the Settlement Class

9

10   Dated: August 26, 2010           _____
                                      Kabateck Brown Kellner, LLP
11                                    Attorneys for Plaintiffs and the Settlement Class

12

13   Dated: August ___, 2010          _____
                                      Berk Law PLLC
14                                    Attorneys for Plaintiffs and the Settlement Class

15

16   Dated: August ___, 2010          _____
                                      Chavez & Gertler LLP
17                                    Attorneys for Plaintiffs and the Settlement Class

18

19   Dated: August ___, 2010          _____
                                      Cuneo, Waldman & Gilbert, LLC
20                                    Attorneys for Plaintiffs and the Settlement Class

21

22   Dated: August ___, 2010          _____
                                      Edelson & Associates, LLC
23                                    Attorneys for Plaintiffs and the Settlement Class

24

25   Dated: August ___, 2010          _____
                                      The Garcia Law Firm
26                                    Attorneys for Plaintiffs and the Settlement Class

27

28

34

STIPULATION OF SETTLEMENT                                Master File No. C05-3580 JF

1    Dated: August __, 2010

2                                          _____
                                           Jackie Blennis
3                                          Plaintiff in Blennis Action

4    Dated: August __, 2010
                                           _____
5                                          David Brickner
                                           Plaintiff in Blennis Action
6

7    Dated: August __, 2010
                                           _____
8                                          Cotchett, Pitre & McCarthy
                                           Attorneys for Plaintiffs and the Settlement Class
9

10   Dated: August __, 2010
                                           _____
11                                         Kabateck Brown Kellner, LLP
                                           Attorneys for Plaintiffs and the Settlement Class
12

13   Dated: August 23, 2010
                                           _____
14                                         Berk Law PLLC
                                           Attorneys for Plaintiffs and the Settlement Class
15

16   Dated: August __, 2010
                                           _____
17                                         Chavez & Gertler LLP
                                           Attorneys for Plaintiffs and the Settlement Class
18

19   Dated: August 23, 2010
                                           _____
20                                         Cuneo, Waldman & Gilbert, LLC
                                           Attorneys for Plaintiffs and the Settlement Class
21

22   Dated: August __, 2010
                                           _____
23                                         Edelson & Associates, LLC
                                           Attorneys for Plaintiffs and the Settlement Class
24

25   Dated: August __, 2010
                                           _____
26                                         The Garcia Law Firm
                                           Attorneys for Plaintiffs and the Settlement Class
27

28

1    Dated: August __, 2010

2                                        Cotchett, Pitre & McCarthy
                                       Attorneys for Plaintiffs and the Settlement Class

3

4    Dated: August __, 2010

5                                        Kabateck Brown Kellner, LLP
                                       Attorneys for Plaintiffs and the Settlement Class

6

7    Dated: August __, 2010

8                                        Berk Law PLLC
                                       Attorneys for Plaintiffs and the Settlement Class

9

10   Dated: August 25, 2010

11                                        Chavez & Gertler LLP
                                       Attorneys for Plaintiffs and the Settlement Class

12

13   Dated: August __, 2010

14                                        Cuneo, Waldman & Gilbert, LLC
                                       Attorneys for Plaintiffs and the Settlement Class

15

16   Dated: August __, 2010

17                                        Edelson & Associates, LLC
                                       Attorneys for Plaintiffs and the Settlement Class

18

19   Dated: August __, 2010

20                                        The Garcia Law Firm
                                       Attorneys for Plaintiffs and the Settlement Class

21

22   Dated: August __, 2010

23                                        Law Offices of Michael D. Liberty
                                       Attorneys for Plaintiffs and the Settlement Class

24

25   Dated: August __, 2010

26                                        Law Offices of Scott E. Shapiro, P.C.
                                       Attorneys for Plaintiffs and the Settlement Class

27

28

STIPULATION OF SETTLEMENT                                   Master File No. C05-3580 JF

1    Dated: August ___, 2010

                                      _____
2                                         Jackie Blennis
                                        Plaintiff in Blennis Action
3

4    Dated: August ___, 2010

                                        _____
5                                         David Brickner
                                        Plaintiff in Blennis Action
6

7    Dated: August ___, 2010

                                        _____
8                                         Cotchett, Pitre & McCarthy
                                        Attorneys for Plaintiffs and the Settlement Class
9

10   Dated: August ___, 2010

                                        _____
11                                         Kabateck Brown Kellner, LLP
                                        Attorneys for Plaintiffs and the Settlement Class
12

13   Dated: August 23, 2010

                                        _____
14                                         Berk Law PLLC
                                        Attorneys for Plaintiffs and the Settlement Class
15

16   Dated: August ___, 2010

                                        _____
17                                         Chavez & Gertler LLP
                                        Attorneys for Plaintiffs and the Settlement Class
18

19   Dated: August 23, 2010

                                        _____
20                                         Cuneo, Waldman & Gilbert, LLC
                                        Attorneys for Plaintiffs and the Settlement Class
21

22   Dated: August ___, 2010

                                        _____
23                                         Edelson & Associates, LLC
                                        Attorneys for Plaintiffs and the Settlement Class
24

25   Dated: August ___, 2010

                                        _____
26                                         The Garcia Law Firm
                                        Attorneys for Plaintiffs and the Settlement Class
27

28

STIPULATION OF SETTLEMENT                               34

1  Dated: August ___, 2010

2                                                    _____
                                                     Jackie Blennis
                                                     Plaintiff in Blennis Action
3

4  Dated: August ___, 2010

5                                                    _____
                                                     David Brickner
                                                     Plaintiff in Blennis Action
6

7  Dated: August ___, 2010

8                                                    _____
                                                     Cotchett, Pitre & McCarthy
                                                     Attorneys for Plaintiffs and the Settlement Class
9

10 Dated: August ___, 2010

11                                                   _____
                                                     Kabateck Brown Kellner, LLP
                                                     Attorneys for Plaintiffs and the Settlement Class
12

13 Dated: August ___, 2010

14                                                   _____
                                                     Berk Law PLLC
                                                     Attorneys for Plaintiffs and the Settlement Class
15

16 Dated: August ___, 2010

17                                                   _____
                                                     Chavez & Gertler LLP
                                                     Attorneys for Plaintiffs and the Settlement Class
18

19 Dated: August ___, 2010

20                                                   _____
                                                     Cuneo, Waldman & Gilbert, LLC
                                                     Attorneys for Plaintiffs and the Settlement Class
21

22 Dated: August 2Ч, 2010

23                                                   _____
                                                     Edelson & Associates, LLC
                                                     Attorneys for Plaintiffs and the Settlement Class
24

25 Dated: August ___, 2010

26                                                   _____
                                                     The Garcia Law Firm
                                                     Attorneys for Plaintiffs and the Settlement Class
27

28

34

Dated: August ___, 2010

_____
Jackie Blennis
Plaintiff in Blennis Action

Dated: August ___, 2010

_____
David Brickner
Plaintiff in Blennis Action

Dated: August ___, 2010

_____
Cotchett, Pitre & McCarthy
Attorneys for Plaintiffs and the Settlement Class

Dated: August ___, 2010

_____
Kabateck Brown Kellner, LLP
Attorneys for Plaintiffs and the Settlement Class

Dated: August ___, 2010

_____
Berk Law PLLC
Attorneys for Plaintiffs and the Settlement Class

Dated: August ___, 2010

_____
Chavez & Gertler LLP
Attorneys for Plaintiffs and the Settlement Class

Dated: August ___, 2010

_____
Cuneo, Waldman & Gilbert, LLC
Attorneys for Plaintiffs and the Settlement Class

Dated: August ___, 2010

_____
Edelson & Associates, LLC
Attorneys for Plaintiffs and the Settlement Class

Dated: August 24, 2010

_____
The Garcia Law Firm
Attorneys for Plaintiffs and the Settlement Class

34

1    Dated: August __, 2010        _____
2                                  Cotchett, Pitre & McCarthy
                                   Attorneys for Plaintiffs and the Settlement Class
3

4    Dated: August __, 2010        _____
5                                  Kabateck Brown Kellner, LLP
                                   Attorneys for Plaintiffs and the Settlement Class
6

7    Dated: August __, 2010        _____
8                                  Berk Law PLLC
                                   Attorneys for Plaintiffs and the Settlement Class
9

10   Dated: August __, 2010        _____
11                                 Chavez & Gertler LLP
                                   Attorneys for Plaintiffs and the Settlement Class
12

13   Dated: August __, 2010        _____
14                                 Cuneo, Waldman & Gilbert, LLC
                                   Attorneys for Plaintiffs and the Settlement Class
15

16   Dated: August __, 2010        _____
17                                 Edelson & Associates, LLC
                                   Attorneys for Plaintiffs and the Settlement Class
18

19   Dated: August __, 2010        _____
20                                 The Garcia Law Firm
                                   Attorneys for Plaintiffs and the Settlement Class
21

22   Dated: August 19, 2010        _____
23                                 Law Offices of Michael D. Liberty
                                   Attorneys for Plaintiffs and the Settlement Class
24

25   Dated: August __, 2010        _____
26                                 Law Offices of Scott E. Shapiro, P.C.
                                   Attorneys for Plaintiffs and the Settlement Class
27

28

34

1   Dated: August ___, 2010

2                                                    _____
                                                     Law Offices of Michael D. Liberty
3                                                    Attorneys for Plaintiffs and the Settlement Class

4   Dated: August 23 2010

5                                                    _____
                                                     Law Offices of Scott E. Shapiro, P.C.
6                                                    Attorneys for Plaintiffs and the Settlement Class

7   Dated: August ___, 2010

8                                                    _____
                                                     McNicholas & McNicholas, LLP
9                                                    Attorneys for Plaintiffs and the Settlement Class

10  Dated: August ___, 2010

11                                                   _____
                                                     Pearson, Simon, Soter, Warshaw & Penny, LLP
12                                                   Attorneys for Plaintiffs and the Settlement Class

13  Dated: August ___, 2010

14                                                   _____
                                                     Seeger Weiss, LLP
15                                                   Attorneys for Plaintiffs and the Settlement Class

16  Dated: August ___, 2010

17                                                   _____
                                                     Robert A. Particelli III
18                                                   Hewlett-Packard Company

19  Dated: August ___, 2010

20                                                   _____
                                                     Gibson, Dunn & Crutcher LLP
21                                                   Attorneys for Hewlett-Packard Company

22  Dated: August ___, 2010

23                                                   _____
                                                     Morgan, Lewis & Bockius LLP
24  100842164_27.DOC                                 Attorneys for Hewlett-Packard Company

25

26

27

28

STIPULATION OF SETTLEMENT                                          Master File No. C05-3580 JF

1   Dated: August __, 2010
2                                           _____
                                            Law Offices of Michael D. Liberty
                                            Attorneys for Plaintiffs and the Settlement Class
3

4   Dated: August __, 2010
                                            _____
5                                           Law Offices of Scott E. Shapiro, P.C.
                                            Attorneys for Plaintiffs and the Settlement Class
6

7   Dated: August 25 2010                   _____
                                            McNicholas & McNicholas, LLP
8                                           Attorneys for Plaintiffs and the Settlement Class

9

10  Dated: August __, 2010
                                            _____
11                                          Pearson, Simon, Soter, Warshaw & Penny, LLP
                                            Attorneys for Plaintiffs and the Settlement Class
12

13  Dated: August __, 2010
                                            _____
14                                          Seeger Weiss, LLP
                                            Attorneys for Plaintiffs and the Settlement Class
15

16  Dated: August __, 2010
                                            _____
17                                          Robert A. Particelli III
                                            Hewlett-Packard Company
18

19  Dated: August __, 2010
                                            _____
20                                          Gibson, Dunn & Crutcher LLP
                                            Attorneys for Hewlett-Packard Company
21

22  Dated: August __, 2010
                                            _____
23                                          Morgan, Lewis & Bockius LLP
                                            Attorneys for Hewlett-Packard Company
24  100842164_27.DOC

25

26

27

28

                                        35

STIPULATION OF SETTLEMENT                                  Master File No. C05-3580 JF

1   Dated: August __, 2010

2                                          _____
                                           Law Offices of Michael D. Liberty
3                                          Attorneys for Plaintiffs and the Settlement Class

4   Dated: August __, 2010

5                                          _____
                                           Law Offices of Scott E. Shapiro, P.C.
6                                          Attorneys for Plaintiffs and the Settlement Class

7   Dated: August __, 2010

8                                          _____
                                           McNicholas & McNicholas, LLP
9                                          Attorneys for Plaintiffs and the Settlement Class

10  Dated: August __, 2010

11                                         _____
                                           Pearson, Simon, Soter, Warshaw & Penny, LLP
12                                         Attorneys for Plaintiffs and the Settlement Class

13  Dated: August __, 2010

14                                         _____
                                           Seeger Weiss, LLP
15                                         Attorneys for Plaintiffs and the Settlement Class

16  Dated: August __, 2010

17                                         _____
                                           Robert A. Particelli III
18                                         Hewlett-Packard Company

19  Dated: August __, 2010

20                                         _____
                                           Gibson, Dunn & Crutcher LLP
21                                         Attorneys for Hewlett-Packard Company

22  Dated: August __, 2010

23                                         _____
                                           Morgan, Lewis & Bockius LLP
24                                         Attorneys for Hewlett-Packard Company

24  100842164_27.DOC

25

26

27

28

                                   35

1  Dated: August __, 2010
                                            _____
2                                           McNicholas & McNicholas, LLP
                                            Attorneys for Plaintiffs and the Settlement Class
3

4  Dated: August __, 2010
                                            _____
5                                           Pearson, Simon, Soter, Warshaw & Penny, LLP
                                            Attorneys for Plaintiffs and the Settlement Class
6

7  Dated: August ɣ͵, 2010
                                            _____
8                                           Seeger Weiss, LLP
                                            Attorneys for Plaintiffs and the Settlement Class
9

10  Dated: August __, 2010
                                            _____
11                                          Robert A. Particelli III
                                            Hewlett-Packard Company
12

13  Dated: August __, 2010
                                            _____
14                                          Gibson, Dunn & Crutcher LLP
                                            Attorneys for Hewlett-Packard Company
15

16  Dated: August __, 2010
                                            _____
17                                          Morgan, Lewis & Bockius LLP
                                            Attorneys for Hewlett-Packard Company
18  100842164_27.DOC

19

20

21

22

23

24

25

26

27

28

STIPULATION OF SETTLEMENT                                        Master File No. C05-3580 JF

1    Dated: August ___, 2010

2                         _____
                            Law Offices of Michael D. Liberty
                            Attorneys for Plaintiffs and the Settlement Class

3

4    Dated: August ___, 2010             _____

5                         Law Offices of Scott E. Shapiro, P.C.
                        Attorneys for Plaintiffs and the Settlement Class

6

7    Dated: August ___, 2010             _____

8                         McNicholas & McNicholas, LLP
                        Attorneys for Plaintiffs and the Settlement Class

9

10    Dated: August ___, 2010            _____

11                       Pearson, Simon, Soter, Warshaw & Penny, LLP
                      Attorneys for Plaintiffs and the Settlement Class

12

13    Dated: August ___, 2010           _____

14                       Seeger Weiss, LLP
                      Attorneys for Plaintiffs and the Settlement Class

15

16    Dated: August 2[?] 2010          _____

17                       Robert A. Particelli III
                      Hewlett-Packard Company

18

19    Dated: August 25, 2010          _____

20                       Gibson, Dunn & Crutcher LLP
                      Attorneys for Hewlett-Packard Company

21

22    Dated: August 25, 2010          _____

23                       Morgan, Lewis & Bockius LLP
                      Attorneys for Hewlett-Packard Company

24   100842164_27.DOC

25

26

27

28

35