NIALL P. McCARTHY (SBN 160175)
nmccarthy@cpmlegal.com
JUSTIN T. BERGER (SBN 250346)
jberger@cpmlegal.com
COTCHETT, PITRE & McCARTHY
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, California 94010
Telephone: (650) 697-6000
Facsimile: (650) 692-3606

Attorneys for Plaintiffs and the Class
(Other Counsel listed on signature page)

PETER SULLIVAN (SBN 101428)
PSullivan@gibsondunn.com
SAMUEL G. LIVERSIDGE (SBN 180578)
SLiversidge@gibsondunn.com
CHRISTOPHER CHORBA (SBN 216692)
CChorba@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, California 90071
Telephone: (213) 229-7000
Facsimile: (213) 229-7520

Attorneys for Defendant,
HEWLETT-PACKARD COMPANY

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| In re: HP INKJET PRINTER LITIGATION | Master File No. C05-3580 JF |
| | [PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, CONSOLIDATING CASES FOR SETTLEMENT PURPOSES, PROVISIONALLY CERTIFYING A NATIONWIDE SETTLEMENT CLASS, APPROVING PROPOSED NOTICE, AND SCHEDULING FAIRNESS HEARING |
| This Document Relates To:<br><br>All Actions | |

[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION
SETTLEMENT, CONSOLIDATING CASES FOR SETTLEMENT PURPOSES,
PROVISIONALLY CERTIFYING CLASS, AND SCHEDULING HEARING

Master File No. C05-3580 JF

Upon review and consideration of the Stipulation of Settlement, and the attachments thereto, which have been filed with the Court, it is HEREBY ORDERED, ADJUDGED and DECREED as follows:

1.  The Court has carefully reviewed the Stipulation of Settlement, as well as the files, records, and proceedings to date in this matter. The definitions in the Stipulation of Settlement are hereby incorporated as though fully set forth in this Order, and capitalized terms shall have the meanings attributed to them in the Stipulation of Settlement.

2.  This Order addresses the settlement reached in three separate actions pending before this Court: *In re: HP Inkjet Printer Litigation*, Case No. C05-3580 JF ("*Ciolino*"); *Rich v. Hewlett-Packard Co.*, Case No. C06-03361 JF ("*Rich*"); and *Blennis v. Hewlett-Packard Co.*, Case No. C07-00333 JF ("*Blennis*"). The *Ciolino*, *Rich*, and *Blennis* actions: involve overlapping products, claims, theories, and class members; the relief provided to HP's customers pursuant to the Stipulation of Settlement is similar for each case; Settlement Class Members are eligible to receive settlement benefits under more than one case based on a single printer purchase; and the parties believe it will be more efficient to administer this settlement in one action rather than in three separate actions. Accordingly, the Court orders that, for purposes of effectuating the settlement and providing notice to the Settlement Class, the *Ciolino*, *Rich*, and *Blennis* actions should be related pursuant to Local Civil Rule 3-12(a) and consolidated pursuant to Rule 42(a) of the Federal Rules of Civil Procedure. The *Ciolino*, *Rich*, and *Blennis* actions (collectively, the "Action") are hereby consolidated under the following caption going forward:

| In re: HP INKJET PRINTER LITIGATION | Case No. C05-3580 JF |
|---|---|

3.  The parties have agreed to settle the Action upon the terms and conditions set forth in the Stipulation of Settlement, which has been filed with the Court. The Stipulation of Settlement, including all exhibits thereto, is preliminarily approved as fair, reasonable, and adequate. Plaintiffs in the Action, by and through their respective counsel, have investigated the facts and law relating to the matters alleged in their respective complaints, including extensive pretrial discovery, pretrial motions practice, legal research as to the sufficiency of the claims, and an evaluation of the risks associated

1

[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, CONSOLIDATING CASES FOR SETTLEMENT PURPOSES, PROVISIONALLY CERTIFYING CLASS, AND SCHEDULING HEARING

Master File No. C05-3580 JF

with continued litigation, trial, and/or appeal.  The settlement was reached as a result of extensive arm's length negotiations between counsel for Plaintiffs in the *Ciolino*, *Rich*, and *Blennis* actions, on the one hand, and counsel for HP, on the other hand, occurring over several years and multiple mediation sessions with several respected mediators—the Honorable Daniel Weinstein of JAMS (in the *Ciolino* action), the Honorable James L. Warren of JAMS (in the *Ciolino* action and the *Rich* action), and Alexander S. Polsky, Esq., of JAMS (in the *Blennis* action).  The settlement confers substantial benefits upon the Settlement Class, particularly in light of the damages that Plaintiffs and Class Counsel believe are potentially recoverable or provable at trial, without the costs, uncertainties, delays, and other risks associated with continued litigation, trial, and/or appeal.

4.  The Court conditionally certifies, for settlement purposes only:  a class of all individual or entity end-users who purchased or received as a gift in the United States an Affected Model (as defined in the Stipulation of Settlement) from September 6, 2001, to September 1, 2010 (the "Settlement Class").  Excluded from the Settlement Class are all persons who are employees, directors, officers, and/or agents of HP or its subsidiaries and affiliated companies, as well as the Court and its immediate family and staff.

5.  The Court conditionally finds, for settlement purposes only and conditioned upon the entry of this Order and the Final Order and Judgment, and the occurrence of the Effective Date, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that:  (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class they seek to represent for purposes of settlement; (d) the Plaintiffs have fairly and adequately represented the interests of the Settlement Class and will continue to do so, and the Plaintiffs have retained experienced counsel to represent them; (e) for purposes of settlement, the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; and (f) for purposes of settlement, a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.  The Court also concludes that, because this Action is being settled rather than litigated, the Court need not consider

2

[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION
SETTLEMENT, CONSOLIDATING CASES FOR SETTLEMENT PURPOSES,
PROVISIONALLY CERTIFYING CLASS, AND SCHEDULING HEARING

Master File No. C05-3580 JF

manageability issues that might be presented by the trial of a nationwide class action involving the issues in this case. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997). In making these findings, the Court has exercised its discretion in conditionally certifying the Settlement Class on a nationwide basis. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998).

6. The Court appoints the law firms of Cotchett, Pitre & McCarthy; Kabateck Brown Kellner, LLP; Berk Law PLLC; Chavez & Gertler LLP; Cuneo, Waldman & Gilbert, LLC; Edelson & Associates, LLC; The Garcia Law Firm; Law Offices of Michael D. Liberty; Law Offices of Scott E. Shapiro, P.C.; McNicholas & McNicholas, LLP; Pearson, Simon, Soter, Warshaw & Penny, LLP; and Seeger Weiss, LLP as counsel for the Class ("Class Counsel"). For purposes of these settlement approval proceedings, the Court finds that these law firms are competent and capable of exercising their responsibilities as Class Counsel. The Court designates named Plaintiffs Daniel Feder, Nicklos Ciolino, Carl K. Rich, David Duran, Jackie Blennis, and David Brickner as the representatives of the Settlement Class.

7. The Fairness Hearing shall be held before this Court on **January 28, 2011**, at 9:00 a.m., to determine whether the Stipulation of Settlement is fair, reasonable, and adequate and should receive final approval. The Court will rule on Class Counsel's application for an award of attorneys' fees, costs, and expenses (the "Fee Application") at that time. Papers in support of final approval of the Stipulation of Settlement and the Fee Application shall be filed with the Court according to the schedule set forth in Paragraph 14 below. The Fairness Hearing may be postponed, adjourned, or continued by order of the Court without further notice to the Settlement Class. After the Fairness Hearing, the Court may enter a Final Order and Judgment in accordance with the Stipulation of Settlement that will adjudicate the rights of the Settlement Class Members (as defined in the Stipulation of Settlement) with respect to the claims being settled.

8. Pending the Fairness Hearing, all proceedings in the Action, other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation of Settlement and this Order, are stayed.

9. The Court approves, as to form and content, the Long Form Notice of Pendency and Settlement of Class Action ("Long Form Notice") and Summary Notice, attached as Exhibits "B" and

3

"E," respectively, to the Stipulation of Settlement. As soon as possible after the entry of this Order, but not later than sixty (60) days after the entry of this Order, HP will coordinate with the Settlement Administrator to provide notice to the Settlement Class as follows:

(a) by e-mailing the Long Form Notice substantially in the form attached as Exhibit "B" to the Stipulation of Settlement, to the last known e-mail addresses of the Settlement Class to the extent such e-mail address information exists in HP's registration database, is a valid e-mail address, and the member of the Settlement Class has not withheld his/her consent to being contacted by HP via e-mail;

(b) publishing the Summary Notice in USA WEEKEND, PARADE, PEOPLE, and CIO MAGAZINE publications, and in banner advertisements on Yahoo.com and on other websites through 24/7 Real Media Network; and

(c) providing a link in the Long Form Notice and the Summary Notice to a settlement website to be designed and administered by the Settlement Administrator that will contain the settlement documents (including but not limited to the Long Form Notice and the Claim Form), a list of important dates, and any other information to which the parties may agree.

10. The Court finds that the Long Form Notice and Summary Notice are reasonable, that they constitute due, adequate, and sufficient notice to all persons entitled to receive notice, and that they meet the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure. Specifically, the Court finds that the manner of dissemination of the Long Form Notice and Summary Notice described in Paragraph 9 complies with Rule 23(e) of the Federal Rules of Civil Procedure as it is a reasonable manner of providing notice to those Settlement Class Members who would be bound by the settlement. The Court also finds that the manner of dissemination of the Long Form Notice and Summary Notice described in Paragraph 9 complies with Rule 23(c)(2), as it is also the best practicable notice under the circumstances, provides individual notice to all Settlement Class Members who can be identified through a reasonable effort, and is reasonably calculated, under all the circumstances, to apprise the members of the Settlement Class of the pendency of this Action, the terms of the settlement, and their right to object to the settlement or exclude themselves from the Settlement Class. *See, e.g., Farinella v. PayPal, Inc.*, 611 F. Supp. 2d 250, 256-57 (E.D.N.Y. 2009)

4

[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, CONSOLIDATING CASES FOR SETTLEMENT PURPOSES, PROVISIONALLY CERTIFYING CLASS, AND SCHEDULING HEARING

Master File No. C05-3580 JF

1  (court approved plan disseminating notice by email, internet posting, and publication); *In re Grand*
2  *Theft Auto Video Game Consumer Litig.*, 251 F.R.D. 139, 145 (S.D.N.Y. 2008) (same); *see also Todd*
3  *v. Retail Concepts, Inc.*, No. 07-0788, 2008 WL 3981593, at *2 (M.D. Tenn. Aug. 22, 2008) (court
4  approved plan disseminating notice by email, in-store posting, and website posting).

5      11.    Settlement Class Members will have until **February 15, 2011**, to submit their Claim
6  Forms, which is due, adequate, and sufficient time.

7      12.    Each Settlement Class member who wishes to be excluded from the Settlement Class
8  and follows the procedures set forth in this Paragraph shall be excluded.  Putative members of the
9  Settlement Class who wish to opt out of the settlement must send a letter by fax, U.S. mail, or e-mail
10 in the form specified in the Stipulation of Settlement and Long Form Notice to:  HP Inkjet Settlement
11 Administrator, P.O. Box 5270, Portland, OR  97208-5270, postmarked (or the equivalent for fax or e-
12 mail) no later than **January 3, 2011**.  All persons or entities who properly elect to opt out of the
13 settlement shall not be Settlement Class Members and shall relinquish their rights to benefits with
14 respect to the Stipulation of Settlement, should it be approved.

15     13.    Any member of the Settlement Class who has not timely submitted a written request
16 for exclusion from the Settlement Class, and thus is a Settlement Class Member, may object to the
17 proposed settlement contained in the Stipulation of Settlement, the certification of the Settlement
18 Class, the proposed settlement contained in this Stipulation of Settlement, the entry of the Final Order
19 and Judgment, the amount of fees requested by Class Counsel, and/or the amount of the incentive
20 awards requested by the named Plaintiffs.  Any Settlement Class Member who intends to object to
21 the Stipulation of Settlement must send a written objection by fax, U.S. mail, or e-mail to the
22 Settlement Administrator and send U.S. mail or e-mail a copy to Class Counsel and Defense Counsel
23 at the addresses set forth below postmarked (or the equivalent for fax or e-mail) no later than
24 **January 3, 2011**.  Settlement Class Members who fail to file and serve timely written objections in
25 the manner specified above shall be deemed to have waived all objections and shall be foreclosed
26 from making any objection (whether by appeal or otherwise) to the settlement.  No Settlement Class
27 Member shall be entitled to be heard at the Fairness Hearing (whether individually or through
28 separate counsel) or to object to the settlement, and no written objections or briefs submitted by any

5

1  Settlement Class Member shall be received or considered by the Court at the Fairness Hearing, unless
2  written notice of the objecting class member's intention to appear at the Fairness Hearing and copies
3  of any written objections and/or briefs shall have been filed with the Court and served on Class
4  Counsel and Defense Counsel by **January 3, 2011**.  Settlement Class Members who object must set
5  forth their full name, current address, and telephone number.

Settlement Administrator

HP Inkjet Settlement Administrator
P.O. Box 5270
Portland, OR  97208-5270
Facsimile: 877-341-4607
E-mail:  Info@HPInkjetPrinterSettlement.com

Counsel for the Class

Niall P. McCarthy
Justin T. Berger
COTCHETT, PITRE & McCARTHY
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, California  94010
Telephone: (650) 697-6000
E-mail:  jberger@cpmlegal.com
Facsimile: (650) 692-3606

Brian S. Kabateck
Richard L. Kellner
Alfredo Torrijos
KABATECK BROWN KELLNER LLP
644 South Figueroa Street
Los Angeles, California  90017
Telephone: (213) 217-5000
E-mail:  at@kbklawyers.com
Facsimile: (213) 217-5010

Counsel for HP

Samuel G. Liversidge
Christopher Chorba
Dhananjay S. Manthripragada
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, California  90071
E-mail:  DManthripragada@gibsondunn.com
Facsimile:  (213) 229-7520

6

[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION                         Master File No. C05-3580 JF
SETTLEMENT, CONSOLIDATING CASES FOR SETTLEMENT PURPOSES,
PROVISIONALLY CERTIFYING CLASS, AND SCHEDULING HEARING

14. Class Counsel shall file their Fee Application on or before **November 29, 2010**.

15. Papers in support of final approval of the Stipulation of Settlement, and in response to objections to the Stipulation of Settlement or the Fee Application, shall be filed with the Court on or before **January 14, 2011**.

16. In summary, the dates of performance are as follows:

(a) The Long Form Notice required to be sent by e-mail to the Settlement Class per the Stipulation of Settlement shall be sent within sixty (60) days after the entry of this Order;

(b) The Summary Notice shall be published within sixty (60) days after the entry of this Order;

(c) Settlement Class members who desire to be excluded shall submit requests for exclusion postmarked (or the equivalent for fax or e-mail) no later than **January 3, 2011**;

(d) All objections to the Stipulation of Settlement and written notices of the objecting class member's intention to appear at the Fairness Hearing shall be filed and served by **January 3, 2011**;

(e) Class Counsel shall file their Fee Application on or before **November 29, 2010**;

(f) Papers in support of final approval of the Stipulation of Settlement, and in response to objections to the Stipulation of Settlement or the Fee Application, shall be filed with the Court on or before **January 14, 2011**; and

(g) The Fairness Hearing shall be held on **January 28, 2011**, at 9:00 a.m.

17. These dates of performance may be extended by order of the Court, for good cause shown, without further notice to the Settlement Class. Settlement Class Members must check the settlement website at www.HPInkjetPrinterSettlement.com regularly for updates and further details regarding extensions of these dates of performance.

18. In the event the Stipulation of Settlement is not approved by the Court, or for any reason the parties fail to obtain a Final Order and Judgment as contemplated in the Stipulation of Settlement, or the Stipulation of Settlement is terminated pursuant to its terms for any reason or the Effective Date does not occur for any reason, then the following shall apply:

       (a) All orders and findings entered in connection with the Stipulation of Settlement shall become null and void and have no force and effect whatsoever, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in this or any other proceeding;

       (b) The conditional certification of the Settlement Class pursuant to this Order shall be vacated automatically, and the Actions shall proceed as though the Settlement Class had never been certified pursuant to this Stipulation of Settlement and such findings had never been made;

       (c) The consolidation of the *Ciolino*, *Rich*, and *Blennis* actions pursuant to this Order shall be vacated automatically, and the actions shall return to the procedural status quo before entry of this Order as if no settlement had been negotiated or entered into, and all three actions shall proceed independently and shall be restored to the active docket in accordance with the Stipulation of Settlement;

       (d) Nothing contained in this Order is, or may be construed as, a presumption, concession or admission by or against HP or Plaintiffs of any default, liability or wrongdoing as to any facts or claims alleged or asserted in the Action, or in any actions or proceedings, whether civil, criminal or administrative, including, but not limited to, factual or legal matters relating to any effort to certify the *Ciolino*, *Rich*, and *Blennis* cases as class actions;

       (e) Nothing in this Order or pertaining to the Stipulation of Settlement, including any of the documents or statements generated or received pursuant to the claims administration process, shall be used as evidence in any further proceeding in this case, including, but not limited to, motions or proceedings seeking treatment of the *Ciolino*, *Rich*, and *Blennis* cases as class actions; and

       (f) All of the Court's prior Orders having nothing whatsoever to do with class certification shall, subject to this Order, remain in force and effect.

    19. Pending final determination of whether the proposed settlement should be approved, no Settlement Class Member directly, derivatively, in a representative capacity, or in any other capacity, shall commence or continue any action against any of the Released Parties (as that term is

8

[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, CONSOLIDATING CASES FOR SETTLEMENT PURPOSES, PROVISIONALLY CERTIFYING CLASS, AND SCHEDULING HEARING     Master File No. C05-3580 JF

defined in the Stipulation of Settlement) in any court or tribunal asserting any of the Released Claims (as that term is defined in the Stipulation of Settlement).

20. Epiq Class Action & Claims Solutions, Inc., is hereby appointed as Settlement Administrator for this settlement and shall perform all of the duties of the Settlement Administrator set forth in the Stipulation of Settlement.

21. Class Counsel and Defense Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the settlement that are not materially inconsistent with this Order or the Stipulation of Settlement, including making, without further approval of the Court, minor changes to the form or content of the Long Form Notice, Summary Notice, and other exhibits that they jointly agree are reasonable or necessary.

IT IS SO ORDERED, this 1 day of October, 2010

_____
THE HONORABLE JEREMY FOGEL
UNITED STATES DISTRICT COURT JUDGE

[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, CONSOLIDATING CASES FOR SETTLEMENT PURPOSES, PROVISIONALLY CERTIFYING CLASS, AND SCHEDULING HEARING          Master File No. C05-3580 JF