Steve A. Miller (SBN 171815)
Steve A. Miller, P.C.
The Barclay, No. 2905
1625 Larimer Street
Denver, CO 80202
Telephone (303) 892-9933
Facsimile: (303) 892-8925
Email: sampc01@gmail.com

Attorney for Objector
Deborah Colburn

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| In re:  HP INKJET PRINTER LITIGATION | )Master File No. C05-3580 JF<br>)<br>)<br>)OBJECTION TO PROPOSED<br>)SETTLEMENT<br>)<br>)<br>)Date:     January 28, 2011<br>)Time:   9:00 a.m.<br>) |

COMES Deborah Colburn ("Objecting Class Member") by her counsel of record, Steve A. Miller, and does file this her Objection to the proposed settlement and alleges in support thereof as follows:

**INTRODUCTION**

1.   The critical and helpful role of objectors in class litigation has been discussed in detail in case law and by learned commentators.   As has been documented repeatedly in case law, the objective of the fairness hearing is to protect the interests of absent class members – not the named parties and their counsel in the case.   While the law normally requires notice of a lawsuit and an opportunity for hearing before any person may be bound by a court's judgment, applicable law clearly provides however that in class actions the judgment ". . . whether or not favorable to the class, shall . . . be binding upon all those whom the Court finds to be members of the class."   Regardless, the United States Supreme Court has made it clear that due process requires in all class action settlements that objecting Class Members be given sufficient standing so as to participate at the fairness hearing, *Phillips Petroleum Co. v. Shutts, et al,* 472 U.S. 797, 105 S. Ct. 2965 (1985).

2.   As noted in *Mars Steel Corp. v. Continental Ill. Nat'l Bank & Trust Co.,* 834 F.2d 677, 680-81 (7th Cir. 1987), in a class action, the absentee members of the class may not have even learned of the case until a tentative settlement has been struck on their behalf by the defendant and class

counsel.  When notice of a proposed settlement and notice of the class action are sent simultaneously, the absent class members may perceive it as a *fait accompli*.  The potential for conflict of interest under these circumstances is substantial and to some extent unavoidable.  For these reasons, the role of the objecting class member is critical in assisting the Court in ensuring the fairness of the settlement, even if the objectors are only few in number.

### CLASS COUNSELS' FEES

3.  Your Objector opposes the Attorneys' fees to class counsel.  In the present case, class members are getting miniscule "benefits" while class counsel expects to reap millions.  Addressing this situation, during the last decade, legal scholars have expressed growing concern about the conflicts that may arise between the class and its counsel:  "These attorneys are not subject to monitoring by their putative clients, they operate largely according to their own self interests, subject only to whatever constraints might be imposed by bar discipline, judicial oversight, and their own sense of ethics and fiduciary responsibilities."  Johnathan R. Macey & Geoffrey P. Miller, The Plaintiffs' Attorney's Role in Class Action and

_Derivative Litigation_, 58 U.CHI.L.REV. 1, 7-8 n.4(1991); _see also_ John C. Coffee, Jr., _Rethinking the Class Action_, 62 IND.L.J. 625, 628-29 (1987) (listing several factors that have contributed to "entrepreneurial" class action litigation, including the relatively low cost of filing dubious class action suits, the large amounts Defendants are willing to pay in fees to settle these suits and the incentive for class counsel to invest little time or effort in protecting the absent class members), John C. Coffee, Jr., _The Regulation of Entrepreneurial Litigation: Balancing Fairness and Efficiency in the Large Class Action_, 54 U.CHI.L.REV. 877, 878, 878-79 (1987) (outlining proposed rule changes that would "manipulate the incentives that the law holds out so as to motivate" class counsel to defend the absent class members as they would any other client). Kenneth W. Dam, _Class Actions: Efficiency, Compensation, Deterrence, and Conflict of Interest_, 4 J.LEGAL STUD. 47, 61 (1975) (coining the phrase "lawyer-entrepreneur" in reference to class counsel).

4.   Judge Posner, in his Richard A. Posner, _An Economic Analysis of Law_, at 570 (4th ed. 1992), noted:

[T]he absence of a real client impairs the

incentive of the lawyer for the class to press the suit to a successful conclusion. His earnings from the suit are determined by the legal fee he receives rather than the size of the judgment. No one has an economic stake in the size of the judgment except the defendant, who has an interest in minimizing it. The lawyer for the class will be tempted to offer to settle with defendant for a small judgment and a large legal fee, and such an offer will be attractive to the defendant, provided the sum of the two figures is less than the defendant's net expected loss from going to trial. Although the judge must approve the settlement, the lawyers largely control his access to the information about the merits of the claim, the amount of work done by the lawyer for the class, the likely damages if the case goes to trial, etc. – that is vital to determining the reasonableness of the settlement.

### OBJECTORS' ROLE

5. The potential for abuse of the class action procedure points out the importance of the trial court's obligation, with the assistance of objecting class members, to determine that the protective requirements of Rule 23 are met when it approves a class action settlement. While the court generally plays a relatively detached role in most civil proceedings, in a class action the court is the guardian of the class interest. *Weinberger v. Kendrick*, 698vF.2d 61, 69 n. (2d Cir. 1982), cert. denied, 464 U.S.

818, 104 S. Ct. 77, 78 L.Ed. 2d 89 (1983); *In re "Agent Orange" Prod. Liab. Litig.,* 818 F.2d 216, 223 (2d Cir.), cert. denied, 484 U.S. 926, 108 S. Ct. 289, 98 L. Ed. 2d 249 (1987); *In re Corrugated Container Antitrust Litig.,* 643 F.2d 195, 225 (5th Cir. 1981), cert. denied, 456 U.S. 998, 102 S. Ct. 2283, 73 L. 2d 1294 (1982); *Piambino v. Bailey,* 610 F.2d 1306, 1327 (5th Cir.), cert. denied, 449 U.S. 1011, 101 S. Ct. 568, 66 L. Ed. 2d 469 (1980); 2 NEWBERG & CONTE, § 11.41, AT 11-93 TO 11-94,   The trial court therefore bears the burden under Rule 23 to police the proceedings to minimize conflicts of interest and, primarily, to protect absent class members:

> The drafters designed the procedural requirements of (class action law) . . . , so that the court can assure, to the greatest extent possible, that the actions are prosecuted on behalf of the actual class members in a way that makes it fair to bind their interest.  The rule thus represents a measured response to the issues of how the due process rights of absentee interests can be protected and how absentees' represented status can be reconciled with a litigation system premised on traditional bipolar litigation.

*In re General Motors Corp.,* 55 F.3d at 785.

6.   In simplest terms, the critical role of the Court,

joined by objectors, with regard to class settlement review is to act as guardian for absent class members in assuring the settlement is fair, adequate and reasonable.  If in fact the settlement is fair, adequate and reasonable in all aspects, the Court, the Defendant and class counsel should welcome the presence of class members who did not participate in the discovery and settlement procedures in their role of further assuring the settlement meets the criteria of applicable law.

7.   Typically, however, class counsel and the Defendant do everything possible to minimize the role of any would-be objector.  Class counsel and Defendant's counsel must be aware that most individuals in a class settlement cannot afford and will not go to the effort to seek legal counsel even if they are greatly dissatisfied with the proposed settlement.  Through these procedures class counsel and Defendant's counsel can totally control the settlement hearing and virtually exclude the Court from hearing class members about any matters that the court might need to consider from the standpoint of the average consumer.

8.   The role of objectors therefore in class actions is critical in assuring that the proposed settlement is fair,

adequate and reasonable, and even allowing Objectors' counsel to do additional discovery serves only to benefit the Court in its rigorous analysis. *Castano v. American Tobacco Co.,* 84 F.3d 734. To do otherwise would only benefit the very types of abuses that concern the preeminent legal scholars cited herein who have presented learned studies with regard to the unavoidable conflict of interest between class counsel and absentee members of the class.

9. Furthermore, "when a Court evaluates the settlement of a class action brought on behalf of the individual shareholders or consumers, it should be reluctant to rely heavily on the lack of opposition by alleged Class Members. Such parties typically do not have the time, money or knowledge to safeguard their interests by presenting evidence or advancing arguments objecting to the settlement." *In re General Motors Corp. Engine Interchange Litigation,* 591 F.2d 1106, at 1137 (1979). In the present case, it is expected that the proponents of the settlement will argue that there are relatively few Objectors. This is immaterial. Most class members do the typical thing when they receive a Class Action Notice – they either do not understand the notice or ignore it. The Court is urged not to consider the few

Objectors to subject settlement as being supportive that the settlement should be approved as it is presently submitted.

## **NO REAL CLASS BENEFIT**

10. The specific faulty terms in the present case cannot coexist with applicable law mandating that the proposed settlement is neither fair, adequate nor reasonable.

11. The subject settlement is an obvious negotiation of a case to make it go away rather than to be fair to class members. A review of the subject settlement over the internet in various chat rooms, blogs and websites discloses the pervasive critical remarks pertaining to same (See Attachment A). There is no one that is in favor of this settlement other than the settling attorneys. Hopefully the Court will not agree to accept the subject settlement when all class members are virtually irate about a class action attorney sell-out to get fees and end a case.

12. It is obvious there are monumental problems with HP printer cartridges. There is strong evidence to the effect that the printer cartridges subject of this litigation are a sham and have been engineered to cause a growth in sales. It is customary in the industry that in the office supply business, printer cartridges is the driving force for income.

It is common knowledge that HP will virtually give away printers so that they can sell more print cartridges. Apparently HP has sold not only poor printers but also have manipulated their print cartridges and the software respecting the print function to increase sales. Surely class counsel did not file subject lawsuit with the expectation that the case was not provable. Hence, it is anticipated that the success of said lawsuit would be anticipated and to give the miniscule coupons to the class members is only a marketing ploy and not anything of benefit to the class itself. The only winners in this case are the class attorneys and the Defendant.

13. As shown on Attachment A, the overwhelming sentiment of the class is in opposition to this settlement. The settling parties are challenged to find like remarks by any significant members of the class who would be in favor of subject settlement. Virtually all HP cartridge users are against the subject settlement.

14. There have been other settlements similar to this subject case. Epson was sued as per the Attachment B which shows that it also was challenged on similar wrongdoing as HP is in the present case. In the Epson case as can be seen on

the enclosed, Epson paid ten times more per class member than HP is now escaping with by merely providing coupons. The fact of the matter is the miniscule coupons going to class members in the present case would only amount to a very nominal discount which would in effect be essentially the same discount a class member would get by reading the Sunday newspaper and clipping coupons.  In effect, HP will not suffer any consequence except for the cost of administration of this case, its own attorneys' fees and paying class counsel.  Everyone is a winner but class members.

## COUPON SETTLEMENT FORBIDDEN

15.  Furthermore, and more importantly, the potential benefits to class members are illusory and based on a format which is now discouraged by virtually all courts as being grossly unfair and inadequate;  i.e., this is nothing more than a promotional or coupon settlement condemned by the Class Action Fairness Act ("CAFA")and all other authority on the subject.  This case is a "poster child" of coupon settlements and possesses precisely the types of features that characterize improper (and collusive) coupon-based class action settlements.  See generally Christopher R. Leslie, "A Market Based Approach to Coupon Settlements in

Antitrust and Consumer Class Action Litigation", 49 UCLA L. Rev. 991 (2002) [hereinafter "Leslie, Coupon Settlements"].

16. Professor Leslie explained the general dilemma posed by improper coupon-based settlements that are designed to benefit the defendants and class counsel (through exorbitant fees), all to the detriment of class members:

> Class action litigation is supposed to protect members of society by allowing them to aggregate claims that are too small to litigate individually. The class action device insures access to courts for all Americans so that even people with small injuries can receive due compensation. Class action litigation should serve the public good, both by compensating individual class members and by disgorging ill-gotten gains from defendants. Unfortunately, the class action vehicle **has been hijacked in many lawsuits**. Defendants take advantage of the class action rules **to eliminate future lawsuits while providing little, or no, meaningful compensation to the class members**. Coupon-based settlements illustrate how defendants have structured class action settlements to maximize the gains for the corporate defendant while minimizing any compensation to the class. Indeed, given the restrictions imposed on settlement coupons, in some cases a coupon-based settlement may actually increase a defendant's net profits.

*See* Leslie, Coupon Settlements, at 993-94 (emphasis added).

17. Class Counsel and Defendants cannot in good faith

deny that the Proposed Settlement is a coupon-based / promotional settlement given the terms of the purported "benefits" to Class Members. Prof. Leslie continues:

> In an effort to facilitate settlements in class action litigation, business defendants and class counsel have structured settlements so that defendants eliminate their legal liability in exchange for issuing coupons to class members ***redeemable for savings on a subsequent purchase to the defendants goods or services***. Such a coupon-based settlement exists whenever a defendant pays the plaintiff class members, in whole or in part, with coupons as opposed to cash...Coupon-based settlements take many forms. Such settlements go by several names: in-kind settlements, script settlements, and coupon settlements. Some class action settlements are paid exclusively in coupons, while others combine cash and coupons. Settlement coupons may resemble traditional promotional coupons, housing vouchers, or discount contracts. Settlement coupons are sometimes structured as an absolute dollar discount, or as a percentage off of the retail price. In some cases, class members receive coupons that may be redeemable for an amount of cash set lower than the face value of the coupon.

*See* Leslie, Coupon Settlements, at 993-94 (emphasis added).

18. Class counsel, not knowing the extent of the "take rate", is requesting that this Court approve an exorbitant fee of millions of dollars without any evidence of the

actual benefit that will ultimately be received by the

class. Said procedure is contrary to current class action

practice. *In re Compact Disc Litigation*, 292 F. Supp. 2d

184 (D. Me. 2003).

19. As further stated in*,* Leslie, Coupon Settlements,

at 994-95 (emphasis added):

> Although coupon-based settlements may at
> first appear to be a reasonable mechanism
> to compensate class members, coupons are
> in fact often worthless despite their
> deceptively high face value. In many
> cases, the coupons are **laden with
> restrictions intended to make redemption
> difficult**. Class counsel do not prevent
> these value-reducing restrictions in
> settlement coupons because the attorneys
> are paid in cash, while judges usually
> focus on the face value of the coupons,
> not the restrictions on their use. Indeed,
> a coupon settlement may sometimes
> facilitate or indicate **collusion between
> the class action defendant and the class
> counsel**. In many cases, the class counsel
> appear to sell out the interests of the
> class in exchange for relatively generous
> attorneys' fees. While this represents a
> win-win scenario for the class counsel and
> the defendant, many class members are left
> uncompensated.

20. The total value of the settlement is not even

specified. Further, Objectors contend that the value of the

settlement cannot be fairly determined until all benefits

have been distributed to the class. For that reason, no

attorney fees should be awarded until a value is ascertained based upon what the class actually receives, and any final award of attorney fees should be based on the actual value of benefits received by class members, not some opined purported maximum value supposedly available to class members. *In re Compact Disc Litigation,* 292 F. Supp. 2d 184 (D. Me. 2003).

21. Your Objectors adopt any other bona fide objections by other Class Members.

22. Hence, for all the forgoing reasons, Objectors respectfully submit that the terms of the Proposed Settlement are unfair, unjust, unreasonable and inadequate to the absent Class Members.

23. The objectors information is as follows:

   Name: Deborah K. Colburn
   Address: 101 Mohawk Drive, Trussville, AL 35173
   Phone Number:  205-305-1757
   (Signature of attorney suffices)

None of the settling parties or their attorneys are to contact this class member. Said class member is represented by counsel and contacting said class member is a breach of ethics. The undersigned hereby serves notice that he expects to attend the hearing and present the position of your

Objector, Ms. Colburn. Said presentation should take no longer than 20 minutes.

## CONCLUSION

**WHEREFORE**, having demonstrated the unfairness, inadequacy and unreasonableness of the Proposed Settlement, the Objectors request appropriate general relief as follows:

1. That the Court not approve the settlement as proposed.

2. That the attorneys' fees requested be denied.

3. That the Court at a minimum delay final approval of any attorneys fees until the claims process is complete and then only allow such attorneys fees as are fair and reasonable under the circumstances.

4. That the Court enter such other further Orders as may be necessary and just, so as to effect substantial justice in this cause between the parties and the absent Class Members.

Dated: January 3, 2011        Respectfully Submitted,

By: /s/Steve A. Miller
       Steve A. Miller

1

2

3

4

**CERTIFICATE OF SERVICE**

5
6
7

      I hereby certify that a copy of the above and foregoing
Objection has been served upon all counsel of record, and to
the following, via CM/ECF or separate e-mail on January 3,
2011:

8
9
10

**Settlement Administrator**
HP Inkjet Settlement Administrator
P.O. Box 5270
Portland, OR 97208-5270
Info@HPInkjetPrinterSettlement.com

11
12
13
14
15

**Counsel for the Class**
Niall P. McCarthy
Justin T. Berger
COTCHETT, PITRE & McCARTHY
San Francisco Airport Office Center
840 Malcom Road, Suite 200
Burlingame, CA 94010
jberger@cpmlegal.com

16
17
18
19

Brian S. Kabateck
Richard L. Kellner
Alfredo Torrijos
KABATECK BROWN KELLNER LLP
644 South Figueroa Street
Los Angeles, CA 90017
at@kbklawyers.com

20
21
22
23
24

**Counsel for HP**
Samuel G. Liversidge
Christopher Chorba
Dhananjay S. Manthripragada
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
DManthripragada@gibsondunn.com

25

26
27

                              /s/Steve A. Miller
                              Steve A. Miller

28