LORI SINGER MEYER
meyer.L@cox.net
8016 Lewinsville Rd.
McLean, VA 22102
(703) 821-2044

*Appearing pro se (admitted to practice law in DC and IL)*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: <br><br> HP INKJET PRINTER LITIGATION | Case No. C 05-3580 JF <br><br> **CLASS ACTION** <br><br> **OBJECTION TO PROPOSED SETTLEMENT** <br><br> Judge: Jeremy Fogel <br> Date of hearing: January 28, 2011 |

My name is Lori Singer Meyer and I am appearing *pro se* in this action as an objector. I am a lawyer and a member of both the DC and IL bars (I am not intending to make an appearance at the Fairness hearing, unless the Court feels it would be useful to its determination of whether or not to approve the proposed settlement for me to appear). I can be reached at the above email address, or at 703-821-2044 or 202-285-8404 (cell). My home address is 8016 Lewinsville Rd., McLean, VA, 22102.

Case No. C 05-3580 JF     1
OBJECTION TO PROPOSED SETTLEMENT

I purchased and own an HP Photosmart 8750, and as such am a member of both the Ciolino and Rich classes. I believe that this proposed settlement violates the due process rights of the proposed nationwide class of 100 million members and Rule 23(a)(4) of the Federal Rules of Civil Procedure and was obtained as a result of implicit collusion by Class Counsel and Hewlett Packard. That collusion became possible once this Court denied certification of a nationwide class (but allowed Class Counsel to potentially certify a California class only) and denied Hewlett Packard's motion for summary judgment (allowing the case to proceed to trial). The posture of this case has enabled Class Counsel and Hewlett Packard to negotiate at arms length from each other, and still implicitly collude to reach a settlement that substantively harms the proposed nationwide class and violates that proposed class' due process rights and the dictates of Rule 23(a)(4). My argument is presented below.

"Settlements that take place prior to formal class certification require a higher standard of fairness." *Molski v. Gleich*, 318 F. 3d 937, 953 (9th Cir. 2003)(*quoting Dunleavey v. Nadler*, 213 F.3d 454, 458 (9th Cir. 2000)(*citing Hanlon v. Chrysler Corp.*, 150 F. 3d 1011, 1026 (9th Cir. 1998)("Several Circuits have held that settlement approval that takes place prior to formal class certification requires a higher standard of fairness …[because of] the dangers of collusion between class counsel and defendant.…Because settlement class actions present unique due process concerns for absent class members we agree with our sister circuits…and adopt this standard as our own.")))

This proposed settlement presents a classic case of parties succumbing to implicit collusion and violating the due process rights of the proposed nationwide class. After spending just over $7 million (Decl. of Niall P. McCarthy in Support of Plaintiffs' Motion for Order Granting Plaintiffs' Application for Attorney Fees and Reimbursement of Costs and Expenses and for Approval of Class Representatives' Stipends ¶ 14, Docket No. 262) in a failed bid to win nationwide certification of an enormous class of 100 million members (*See* Decl. of Cameron R. Azari, Esq. on Settlement Notice Plan and Notices ¶ 5, Docket No. 254) (if 13.5 million members of the class constitute 13.5 % of the class, then 100 % of the class will be 100 million members), class counsel face the prospect of going to trial on viable claims with a significantly smaller California only size class. Hewlett Packard, on the other hand, faces a trial on the merits, and the likelihood of a myriad of copy cat suits involving 50 states, some possibly involving consumer statutes with treble damages awards. Whereas the Court denied nationwide certification on manageability grounds, it did not preclude multiple class actions from proceeding that were composed of smaller groupings of class members. (*See* Order Denying Motions for Summary Judgment, Class Certification and Leave to Add a New Party at 10-11, Docket No. 170).

Both class counsel and Hewlett Packard have much to gain from a settlement where Class Counsel will receive $2.9 million in attorneys' fees (*See, e.g.,* Decl. McCarthy ¶ 7) and the proposed nationwide class, certified for settlement purposes only, will release

claims against Hewlett Packard of all sorts and varieties not remotely contemplated in this action (Stipulation of Settlement ¶¶ 50-55, Docket No. 253-2). Any future class and/or individual actions against Hewlett Packard would be extinguished. Class counsel would not have to spend more money on this lawsuit with no guarantee of a win at trial and/or a better fee outcome for class counsel, once all the expenses are calculated. In return for class counsel and Hewlett Packard's gains from the settlement, the proposed nationwide class will receive at most $5 million in e-credits (Stipulation ¶¶ 38-43) for the alleged harm being litigated.

Given that the Court denied Hewlett Packard's motion for summary judgment, it is hard to imagine that the risk of loss at trial is so great that the proposed nationwide class would agree to receive only $5 million, or 5 cents per class member, in order to avoid continuing the litigation in multiple, separate class actions against Hewlett Packard.

As the Seventh Circuit wrote of the settlement procured by the parties in *Mirfasihi v. Fleet Mortg. Corp.*, 356 F. 3d 781, 785 (7th Cir. 2004), "Would it be too cynical to speculate that what may be going on here is that class counsel wanted a settlement that would give them a generous fee and Fleet wanted a settlement that would extinguish 1.4 million claims against it at no cost to itself? The settlement that the district judge approved sold these 1.4 million claimants down the river. Only if they had no claim —

more precisely no claim large enough to justify a distribution to them — did they lose nothing by the settlement, and the judge made no finding that they had no such claim."

Would it be too cynical to speculate here that class counsel want to spend no more money on this case now that the Court has denied certification of the nationwide class? Would it be too cynical to speculate that Hewlett Packard wants a settlement that would extinguish 100 million claims of any sort imaginable against itself at little cost ($5 million dollars for 100 million class members plus injunctive relief that, as this Court found, class representatives never personally requested)? (*See* Order Denying Motions at 9-10).

Once this Court denied nationwide class certification, but at the same time denied Hewlett Packard's motion for summary judgment, a setting arose where class counsel and Hewlett Packard could negotiate at arms length for a proposed settlement that would benefit each of them at that juncture in the litigation, yet still violate the due process rights of the proposed nationwide class. It is highly arguable that the most valuable asset the proposed class has, and will lose if this proposed settlement is approved, is the multiplicity of claims that proposed class members would release. Most class members are unaware that this class action is going on, let alone that a settlement has been proposed. As the settlement administrator has declared, Hewlett Packard has email addresses for only 13.5 % of the proposed class (Decl. Azari ¶ 5), meaning only 13.5 million out of 100 million class members might know that a settlement has been proposed

where they can lose valuable rights and potential claims.

This Court has already determined that class counsel did not demonstrate it could adequately represent a nationwide class (Order Denying Motions at 10-11). Given that, how can class counsel adequately represent that nationwide class for settlement purposes only? As the Court found, class counsel demonstrated no appreciation or understanding of the claims that different members of a nationwide class might wish to bring, for example, under different state consumer protection and deceptive trade practice laws (*See* Order Denying Settlement at 11). Just as there are too many potential conflicts and uncertainties involving claims from class members of different states for the Court to certify a nationwide class to proceed in this class action, there are too many claims and rights that would be released by the proposed nationwide class for the Court to certify a nationwide class for settlement purposes only. By proposing this nationwide class for settlement where that proposed class would release all claims or rights related in any way to this lawsuit, Class Counsel violated not only the due process rights of that proposed nationwide class, but also violated Fed. Rule Civ. Proc. 23(a)(4) because they put forward a settlement on behalf of their representative parties that does not fairly and adequately represent the interests of the proposed nationwide class as a whole.

If the Court does not reject the proposed settlement in this case, the Court will be selling 100 million proposed class members down the river.

1 | Dated: January 3, 2011

Respectfully submitted,

Lori Singer Meyer