1   NIALL P. McCARTHY (SBN 160175)
    nmccarthy@cpmlegal.com
2   JUSTIN T. BERGER (SBN 250346)
    jberger@cpmlegal.com
3   COTCHETT, PITRE & McCARTHY
    San Francisco Airport Office Center
4   840 Malcolm Road, Suite 200
    Burlingame, California  94010
5   Telephone: (650) 697-6000
    Facsimile: (650) 692-3606
6
    [Other Counsel listed on signature page]
7   *Attorneys for Plaintiffs and the Class*

8   PETER SULLIVAN (SBN 101428)
    PSullivan@gibsondunn.com
9   SAMUEL G. LIVERSIDGE (SBN 180578)
    SLiversidge@gibsondunn.com
10  CHRISTOPHER CHORBA (SBN 216692)
    CChorba@gibsondunn.com
11  GIBSON, DUNN & CRUTCHER LLP
    333 South Grand Avenue
12  Los Angeles, California  90071
    Telephone: (213) 229-7000
13  Facsimile:  (213) 229-7520

14  Attorneys for Defendant,
    HEWLETT-PACKARD COMPANY
15

16              UNITED STATES DISTRICT COURT

17            NORTHERN DISTRICT OF CALIFORNIA

18                    SAN JOSE DIVISION

19

20  **In Re: HP Inkjet Printer Litigation**          Master File No. C05-3580 JF

21                                                   [~~PROPOSED~~] ORDER GRANTING FINAL
                                                     APPROVAL TO CLASS ACTION
                                                     SETTLEMENT; FINAL JUDGMENT
22

23  This Document Relates To:
    All Actions
24

25

26

27

28

WHEREAS, by order dated October 1, 2010, this Court granted preliminary approval of the proposed class action settlement between the parties and consolidated the following cases:  *In re: HP Inkjet Printer Litigation*, Case No. C05-3580 JF; *Rich v. Hewlett-Packard Co.*, Case No. C06-03361 JF; and *Blennis v. Hewlett-Packard Co.*, Case No. C07-00333 JF (collectively, the "Action").

WHEREAS, the Court also provisionally certified a nationwide Settlement Class for settlement purposes only, approved the procedure for giving notice and forms of notice, and set a final fairness hearing to take place on January 28, 2011.  On that date, the Court held a duly noticed final fairness hearing to consider:  (1) whether the terms and conditions of the Stipulation of Settlement are fair, reasonable and adequate; (2) whether a judgment should be entered dismissing the named Plaintiffs' complaints on the merits and with prejudice in favor of Defendant Hewlett-Packard Company ("HP") and against all persons or entities who are Settlement Class Members; and (3) whether and in what amount to award attorney's fees and expenses to counsel for the Settlement Class.

WHEREAS, the Court considered all matters submitted to it at the hearing and otherwise, and it appears that notice substantially in the form approved by the Court was given in the manner that the Court ordered.  Direct email notice was provided to 13,387,489 class members, with a delivery rate of approximately 89%.  In addition, notices were published in USA WEEKEND, PARADE, PEOPLE, and CIO MAGAZINE, and in banner advertisements on Yahoo.com and other websites through 24/7 Real Media Network, and reached an estimated 74% of the class.

WHEREAS, the settlement class members have had a positive reaction to the settlement. Despite the success of the notice program in reaching class members, very few individuals have expressed displeasure with the settlement:

| | |
|---|---|
| Filed Objections | 3 |
| Non-filed comments/complaints | 458 |
| Opt-outs | 810 |

WHEREAS, the settlement was the result of extensive and intensive arm's-length negotiations occurring over several years and multiple mediation sessions with several respected mediators—the Honorable Daniel Weinstein of JAMS, the Honorable James L. Warren of JAMS,

1

1    and Alexander S. Polsky, Esq.—and Judge Warren has submitted a declaration explaining that the

2    settlement was negotiated by the parties at arm's length and in good faith.  Counsel for the parties

3    are highly experienced in this type of litigation, with full knowledge of the risks inherent in this

4    Action.  The extent of written discovery, depositions, document productions, and independent

5    investigations by counsel for the parties, and the factual record compiled, suffices to enable the

6    parties to make an informed decision as to the fairness and adequacy of the settlement.

7        WHEREAS, the Court has determined that the proposed settlement of the claims of the

8    Settlement Class Members against HP, as well as the release of HP and the Released Parties, the

9    significant relief provided to the Settlement Class Members—in the form of HP's agreement to

10    contribute up to $5,000,000 in e-credits to be distributed to Settlement Class Members, as well as its

11    agreement to discontinue the use of certain pop-up messaging and to make certain changes to the

12    disclosures on its website and the packaging, manuals and/or user interfaces for HP inkjet printers—

13    as described in the Stipulation of Settlement, and the award of attorney's fees and expenses

14    requested, are fair, reasonable and adequate.

15        NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

16        1.      The Stipulation of Settlement, including any attachments thereto, is expressly

17    incorporated by reference into this Final Order and Judgment and made a part hereof for all

18    purposes.  Except where otherwise noted, all capitalized terms used in this Final Order and

19    Judgment shall have the meanings set forth in the Stipulation of Settlement.

20        2.      The Court has personal jurisdiction over the Parties and all Settlement Class

21    Members, and has subject-matter jurisdiction over this Action, including, without limitation,

22    jurisdiction to approve the proposed settlement, to grant final certification of the Settlement Class,

23    to settle and release all claims arising out of the transactions alleged in Plaintiffs' complaints in the

24    Action, and to dismiss this Action on the merits and with prejudice.

25        3.      The Court finds, for settlement purposes only and conditioned upon the entry of this

26    Final Order and Judgment and upon the occurrence of the Effective Date, that the prerequisites for a

27    class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied

28    in that:  (a) the number of Settlement Class Members is so numerous that joinder of all members

thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class;

(c) the claims of the Plaintiffs are typical of the claims of the Settlement Class they seek to represent

for purposes of settlement; (d) the Plaintiffs have fairly and adequately represented the interests of

the Settlement Class and will continue to do so, and the Plaintiffs have retained experienced counsel

to represent them; (e) for purposes of settlement, the questions of law and fact common to the

Settlement Class Members predominate over any questions affecting any individual Settlement

Class Member; and (f) for purposes of settlement, a class action is superior to the other available

methods for the fair and efficient adjudication of the controversy.  The Court also concludes that,

because this Action is being settled rather than litigated, the Court need not consider manageability

issues that might be presented by the trial of a nationwide class action involving the issues in this

case. *See Amchem Prods.*, *Inc. v. Windsor*, 521 U.S. 591, 620 (1997).  In making these findings, the

Court has considered, among other factors:  (i) the interests of Settlement Class Members in

individually controlling the prosecution or defense of separate actions; (ii) the impracticability or

inefficiency of prosecuting or defending separate actions; (iii) the extent and nature of any litigation

concerning these claims already commenced; and (iv) the desirability of concentrating the litigation

of the claims in a particular forum.  The Court takes guidance in its consideration of certification

and settlement issues from *Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998).

       4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally

certifies this Action for settlement purposes as a nationwide class action on behalf of:  all individual

or entity end-users located in the United States who purchased or received as a gift an Affected

Model from September 6, 2001, to September 1, 2010 (the "Settlement Class").  As defined in the

Stipulation of Settlement, "Settlement Class Member(s)" means any member of the Settlement

Class who does not elect exclusion or opt out from the Settlement Class pursuant to the terms and

conditions for exclusion set out in the Stipulation of Settlement and the Long Form Notice.

Excluded from the Settlement Class are all persons who are employees, directors, officers, and

agents of HP or its subsidiaries and affiliated companies, as well as the Court and its immediate

family and staff.

5.      The Court appoints the law firms of Cotchett, Pitre & McCarthy; Kabateck Brown Kellner, LLP; Berk Law PLLC; Chavez & Gertler LLP; Cuneo, Waldman & Gilbert, LLC; Edelson & Associates, LLC; The Garcia Law Firm; Law Offices of Michael D. Liberty; Law Offices of Scott E. Shapiro, P.C.; McNicholas & McNicholas, LLP; Pearson, Simon, Soter, Warshaw & Penny, LLP; and Seeger Weiss, LLP as counsel for the Class ("Class Counsel").  The Court designates named Plaintiffs Daniel Feder, Nicklos Ciolino, Carl K. Rich, David Duran, Jackie Blennis, and David Brickner as the representatives of the Settlement Class.  The Court finds that these named Plaintiffs and Class Counsel have fully and adequately represented the Settlement Class for purposes of entering into and implementing the Stipulation of Settlement and have satisfied the requirements of Rule 23(a)(4) of the Federal Rules of Civil Procedure.

6.      The Court finds that the email notice and publication notice in accordance with the terms of the Stipulation of Settlement and this Court's Preliminary Approval Order, and as explained in the declarations filed before the Fairness Hearing:

(a)      constituted the best practicable notice to Settlement Class Members under the circumstances of this Action;

(b)      were reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of this class action, (ii) their right to exclude themselves from the Settlement Class and the proposed settlement, (iii) their right to object to any aspect of the proposed settlement (including final certification of the Settlement Class, the fairness, reasonableness or adequacy of the proposed settlement, the adequacy of the Settlement Class's representation by Plaintiffs or Class Counsel, and/or the award of attorneys' and representative fees), (iv) their right to appear at the Fairness Hearing (either on their own or through counsel hired at their own expense), and (v) the binding effect of the orders and Final Order and Judgment in this Action, whether favorable or unfavorable, on all persons and entities who do not request exclusion from the Settlement Class;

(c)      constituted reasonable, due, adequate, and sufficient notice to all persons and entities entitled to be provided with notice; and

4

(d)     fully satisfied the requirements of the Federal Rules of Civil Procedure, including Rule 23(c)(2) and (e) of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of this Court, and any other applicable law.

7.     The Court finds that HP provided notice of the proposed settlement to the appropriate state and federal government officials pursuant to 28 U.S.C. § 1715.  Furthermore, the Court has given the appropriate state and federal government officials the requisite ninety (90) day time period (pursuant to 28 U.S.C. § 1715) to comment or object to the proposed settlement before entering its Final Order and Judgment and no such objections or comments were received.

8.     The terms and provisions of the Stipulation of Settlement, including any and all amendments and exhibits, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable and adequate as to, and in the best interests of, the Plaintiffs and the Settlement Class Members, and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and any other applicable law.  The Court finds that the Stipulation of Settlement is fair, adequate and reasonable based on the following factors, among other things:

(a)     There is no fraud or collusion underlying this settlement, and it was reached after good faith, arm's-length negotiations, warranting a presumption in favor of approval.  *Officers for Justice v. Civil Serv. Comm'n.*, 688 F.2d 615, 625 (9th Cir. 1982).

(b)     The complexity, expense and likely duration of the litigation favor settlement on behalf of the Settlement Class, which provides meaningful benefits on a much shorter time frame than otherwise possible.  *Class Plaintiffs v. Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992) (the Ninth Circuit has a "strong judicial policy that favors settlements, particularly where complex class action litigation is concerned").  Based on the stage of the proceedings and the amount of investigation and informal discovery completed, the parties had developed a sufficient factual record to evaluate their chances of success at trial and the proposed settlement.  In addition, the parties negotiated the benefits to the class *before* discussing Plaintiffs' claim to attorneys' fees.  *See In re Apple Deriv. Litig.*, No. 06-4128, 2008 U.S. Dist. LEXIS 108195, at *11-12 (N.D. Cal. Nov. 5, 2008) (parties'

5

negotiations free of collusion because, among other things, the parties negotiated the benefits to the class before discussing attorneys' fees).

(c)     The support of Class Counsel, who are highly skilled in class action litigation such as this, and the Plaintiffs, who have participated in this litigation and evaluated the proposed settlement, also favors final approval.  *See Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 622 (N.D. Cal. 1979); *Class Plaintiffs*, 955 F.2d at 1291.

(d)     The settlement provides meaningful relief to the Settlement Class, including the injunctive relief and e-credits described below, and certainly falls within the range of possible recoveries by the Settlement Class.

(e)     The portion of the settlement class taking issue with the settlement (whether by objection, comment/complaint, or opt-out) is miniscule by any measure—whether relative to the size of the class (less than *four-thousandth* of 1%, conservatively assuming 40 million class members, based on more than 100 million units shipped during the class period), or the number of notices sent (less than *one-hundredth* of 1%).  These low objection and opt-out numbers weigh in favor of approval.  *See Garner v. State Farm Mut. Auto. Ins. Co.*, No. 08-1365, 2010 WL 1687832, at *14 (N.D. Cal. Apr. 22, 2010) ("Court 'may appropriately infer that a class settlement is fair, adequate, and reasonable when few class members object to it'"; quoting *Create-A-Card, Inc. v. Intuit, Inc.*, No. 07-6452, 2009 WL 3073920, at *15 (N.D. Cal. Sept. 22, 2009)); *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2008) ("It is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members.").

The parties are directed to consummate the Stipulation of Settlement in accordance with its terms and conditions.  The Court hereby declares that the Stipulation of Settlement is binding on all parties and Settlement Class Members, and it is to be preclusive in all pending and future lawsuits or other proceedings.

9.     As described in the Stipulation of Settlement, HP has agreed to contribute up to $5,000,000 in e-credits to be distributed to eligible Settlement Class Members, and, not later than forty-five (45) days following the Effective Date, to provide for the following injunctive relief:

1

(a)      *Ciolino* Action.

2

(i)      HP will discontinue the use of Pop-Up LOI Messages (as that term is

3

defined in the Stipulation of Settlement) that include the graphic image of an ink gauge, ruler, or

4

container of ink;

5

(ii)      Where HP uses graphic images in the Toolbox to communicate ink

6

level information, HP will include language indicating that the ink level information is an estimate

7

only and that actual ink levels may vary;

8

(iii)      HP's Pop-Up LOI Messages at the low-on-ink trigger points will use

9

language indicating that the cartridge is low on ink, without stating that a precise level of ink

10

remains, and that HP recommends that the customer have a replacement cartridge available when

11

print quality is no longer acceptable;

12

(iv)      HP will incorporate disclosures into its website explaining that HP's

13

LOI Messages are based on estimated ink levels and that actual ink levels may vary.  HP will further

14

explain that the user does not have to replace a print cartridge when a LOI Message is received, but

15

rather may continue printing until the user is not satisfied with the print quality of the printed

16

material or, if applicable, when the user reaches a "replace cartridge" message; and

17

(v)      Going forward for newly introduced HP color inkjet printer models

18

that utilize LOI Messages, HP will incorporate disclosures into its user manuals explaining that

19

HP's LOI Messages are based on estimated ink levels and that actual ink levels may vary.  HP will

20

further explain that the user does not have to replace a print cartridge when a LOI Message is

21

received, but rather may continue printing until the user is not satisfied with the print quality of the

22

printed material or, if applicable, when the user reaches a "replace cartridge" message.

23

(b)      *Rich* Action.

24

(i)      HP will incorporate on its website disclosures regarding

25

Underprinting, including a description of what Underprinting (as that term is defined in the

26

Stipulation of Settlement) is, why it is used, and some of the options for disabling or minimizing the

27

use of Underprinting;

28

7

(ii)     Going forward for newly introduced HP color inkjet printer models that use Underprinting, HP will incorporate into its user manuals disclosures regarding Underprinting and the available options to disable or minimize the use of the color inkjet cartridge, including the "Print in Grayscale"/"Black print cartridge only" option and "Draft" mode;

(iii)     HP will incorporate on its website disclosures regarding Page Yields, including a summary of HP's ISO testing for Page Yields and an explanation that actual yield varies depending on the content of printed pages and other factors; and

(iv)     Going forward for newly introduced HP color inkjet printer models, HP will incorporate into its user manuals disclosures regarding Page Yields, including a link to its website regarding Page Yields.

(c)     _Blennis_ Action.

(i)     HP will incorporate disclosures into its website regarding Ink Expiration, the inkjet printers and cartridges that are subject to Ink Expiration, why HP employs Ink Expiration dates for certain printer models, and how Ink Expiration works; and

(ii)     HP will include on the cartridge packaging for those inkjet cartridges that utilize Ink Expiration dates without an override feature a disclosure indicating that there is an Ink Expiration date and how that date is determined.

10.     The terms and requirements of the Injunctive Relief described in the preceding paragraph shall expire the earliest of the following dates:  (a) three (3) years after the Effective Date; or (b) the date upon which there are such changes in the technology that would render any of the disclosures described in the preceding paragraph inaccurate; or (c) the date upon which there are changes to any applicable statute, regulation, or other law that HP reasonably believes would require a modification to any of the disclosures described in the preceding paragraph in order to comply with the applicable statute, regulation, or law.  Nothing in this Final Order and Judgment shall prevent HP from implementing disclosure changes prior to the Effective Date.  This Final Order and Judgment does not preclude HP from making further disclosures or any changes to its disclosures: (i) that HP reasonably believes are necessary to comply with any statute, regulation, or other law of any kind; (ii) that are necessitated by product changes and/or to ensure that HP provides accurate

8

1  product descriptions; or (iii) that are more detailed than those required by the Stipulation of

2  Settlement and/or this Final Order and Judgment.  In addition, HP is not responsible for changes to

3  or removal of disclosures as a result of software changes implemented by third parties, including but

4  not limited to changes in print driver software controlled by the operating system manufacturer.

5         11.     Pursuant to Rule 23(h) of the Federal Rules of Civil Procedure, the Court hereby

6  awards Class Counsel attorney's fees and expenses in the amount of $_____ 2,096,990.70 and stipends of

7  $\_\_\_\_ 1,000.00 to each of the class representatives.  The attorneys' fees are based on the amount of time class

8  counsel reasonably expended working on this action.  HP shall pay such attorney's fees and

9  expenses and class representative stipends within thirty (30) days of the Effective Date in the

10  manner described in the Stipulation of Settlement.  Such payment by HP will be in lieu of statutory

11  fees Plaintiffs and/or their attorneys might otherwise have been entitled to recover, and this amount

12  shall be inclusive of all fees and costs of Class Counsel in the Action.  In the event that any dispute

13  arises relating to the allocation of fees amongst Class Counsel and any other attorneys for Plaintiffs,

14  Class Counsel will hold HP harmless from any and all such liabilities, costs, and expenses of such

15  dispute.

16         12.     This Action is hereby dismissed with prejudice and without costs as against HP and

17  the Released Parties.  Specifically, the following matters are to be dismissed with prejudice:  (a) *In*

18  *re: HP Inkjet Printer Litigation*, Case No. C05-3580 JF; (b) *Rich v. Hewlett-Packard Company*,

19  Case No. C06-03361 JF; and (c) *Blennis v. Hewlett-Packard Company*, Case No. C07-00333 JF.

20         13.     Upon the Effective Date, the Releasing Parties (as that term is defined in the

21  Stipulation of Settlement) shall be deemed to have, and by operation of the Final Order and

22  Judgment shall have, fully, finally and forever released, relinquished, and discharged all Released

23  Claims against the Released Parties.  Released Claims means and includes any and all claims,

24  demands, rights, damages, obligations, suits, debts, liens, and causes of action of every nature and

25  description whatsoever, ascertained or unascertained, suspected or unsuspected, existing or claimed

26  to exist, including unknown claims (as described in Paragraph 14 below) as of the Effective Date by

27  all of the Plaintiffs and all Settlement Class Members (and Plaintiffs' and Settlement Class

28

1 Members' respective heirs, executors, administrators, representatives, agents, attorneys, partners,

2 successors, predecessors-in-interest, and assigns) that:

3         (i)     were brought or that could have been brought against the Released Parties, or

4 any of them, and that arise out of or are related in any way to any or all of the acts, omissions, facts,

5 matters, transactions, or occurrences that were or could have been directly or indirectly alleged or

6 referred to in the Action (including, but not limited to alleged violations of state consumer

7 protection, unfair competition, and/or false or deceptive advertising statutes (including, but not

8 limited to, Cal. Bus. & Prof. Code § 17200 *et seq.*, Cal. Bus. & Prof. Code § 17500 *et seq.*, and Cal.

9 Civ. Code § 1750 *et seq.*); breach of contract; breach of express or implied warranty; fraud; unjust

10 enrichment, restitution, trespass, conversion, declaratory or injunctive relief, and other equitable

11 claims or claims sounding in contract and tort); and

12         (ii)    relate in any way to the quantity of output, amount of usable ink or value

13 received from the Affected Models and their corresponding inkjet cartridges, including but not

14 limited to all claims that relate in any way to:

15
16         (A)    the end-of-life or out-of-ink behavior or messages of the Affected Models and their corresponding inkjet cartridges;

17
18         (B)    HP's use of smart chips or other devices that electronically store data in connection with the Affected Models and their corresponding inkjet cartridges;

19
20
21         (C)    HP's use of LOI Messages or any other representations concerning the status of the ink remaining in an inkjet cartridge, including the amount of ink or number or pages remaining, in connection with the Affected Models and their corresponding inkjet cartridges;

22
23         (D)    HP's use of Ink Expiration dates in connection with the Affected Models and their corresponding inkjet cartridges;

24         (E)    HP's use of Underprinting in connection with the Affected Models and their corresponding inkjet cartridges;

25
26         (F)    HP's Page Yields for the Affected Models and their corresponding inkjet cartridges;

27         (G)    the quantity and other characteristics of printed output from the Affected Models and their corresponding inkjet cartridges;

28

[PROPOSED] ORDER GRANTING FINAL APPROVAL                   Master File No. C05-3580 JF
TO CLASS ACTION SETTLEMENT; FINAL JUDGMENT

1

2

       (H)     the amount of usable ink in the HP inkjet cartridges used with the Affected Models;

3

       (I)      HP's SureSupply program as it relates to ink status graphics and messaging and related marketing materials; and

4

5

6

       (J)     HP's specifications, marketing, disclosures, warranties, and representations (or lack thereof) regarding the quantity of output, amount of usable ink, or value of ink received from the Affected Models and their corresponding inkjet cartridges.

7

8

9

Released Claims do not include:  (i) claims for personal injury; or (ii) claims for repair or service of Affected Models that, at the time of the Effective Date, are covered by any express product warranty by HP.

10

11

12

13

14

       14.     The Released Claims include known and unknown claims relating to the Action, and the Stipulation of Settlement is expressly intended to cover and include all such injuries or damages, including all rights of action thereunder.  Settlement Class Members have expressly, knowingly, and voluntarily waived the provisions of Section 1542 of the California Civil Code, which provides as follows:

15

16

17

18

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

19

20

21

22

23

24

25

26

27

28

Settlement Class Members have expressly waived and relinquished any and all rights and benefits that they may have under, or that may be conferred upon them by, the provisions of Section 1542 of the California Civil Code, or any other law of any state or territory that is similar, comparable, or equivalent to Section 1542, to the fullest extent that they may lawfully waive such rights or benefits pertaining to the Released Claims.  In connection with such waiver and relinquishment, the Settlement Class Members have acknowledged that they are aware that they or their attorneys may hereafter discover claims or facts in addition to or different from those that they now know or believe exist with respect to Released Claims, but that it is their intention to hereby fully, finally, and forever settle and release all of the Released Claims known or unknown, suspected or unsuspected, that they have against the Released Parties.  In furtherance of such intention, the

11

release herein given by the Settlement Class Members to the Released Parties shall be and remain in

effect as a full and complete general release notwithstanding the discovery or existence of any such

additional different claims or facts.  Each of the parties expressly acknowledged that it has been

advised by its attorney of the contents and effect of Section 1542, and with knowledge, each of the

parties has expressly waived whatever benefits it may have had pursuant to such section.  Settlement

Class Members are not releasing any claims for personal injury or any claims for repair or service of

Affected Models (as defined by the Stipulation of Settlement) that are, at the time of the Effective

Date, covered by any express product warranty by HP.  Plaintiffs have acknowledged, and the

Settlement Class Members shall be deemed by operation of the Final Order and Judgment to have

acknowledged, that the foregoing waiver was separately bargained for and a material element of the

Settlement of which this release is a part.

15.     Members of the Settlement Class who have opted out of or sought exclusion from the

settlement by the date set by the Court do not release their claims and will not obtain any benefits of

the settlement.

16.     The Court orders that, upon the Effective Date, the Stipulation of Settlement shall be

the exclusive remedy for any and all Released Claims of Settlement Class Members.  The Court

thus hereby permanently bars and enjoins Plaintiffs, all Settlement Class Members, and all persons

acting on behalf of, or in concert or participation with such Plaintiffs or Settlement Class Members

(including but not limited to the Releasing Parties), from:  (a) filing, commencing, asserting,

prosecuting, maintaining, pursuing, continuing, intervening in, or participating in, or receiving any

benefits from, any lawsuit, arbitration, or administrative, regulatory or other proceeding or order in

any jurisdiction based upon or asserting any of the Released Claims; (b) bringing a class action on

behalf of Plaintiffs or Settlement Class Members, seeking to certify a class that includes Plaintiffs or

Settlement Class Members, or continuing to prosecute or participate in any previously filed and/or

certified class action, in any lawsuit based upon or asserting any of the Released Claims.

17.     Neither the Stipulation of Settlement, nor any of its terms and provisions, nor any of

the negotiations or proceedings connected with it, nor any of the documents or statements referred

to therein, nor any of the documents or statements generated or received pursuant to the claims administration process, shall be:

(a)    offered by any person or received against HP as evidence or construed as or deemed to be evidence of any presumption, concession, or admission by HP of the truth of the facts alleged by the Plaintiffs or any Settlement Class Member or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or other judicial or administrative proceeding, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault or wrongdoing of HP;

(b)    offered by any person or received against HP as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by HP or any other wrongdoing by HP;

(c)    offered by any person or received against HP or as evidence of a presumption, concession, or admission with respect to any default, liability, negligence, fault, or wrongdoing, or in any way interpreted, construed, deemed, invoked, offered, received in evidence, or referred to for any other reason against any of the settling parties, in any civil, criminal, or administrative action or proceeding; provided, however, that nothing contained in this paragraph shall prevent the Stipulation of Settlement (or any agreement or order relating thereto) from being used, offered, or received in evidence in any proceeding to approve, enforce, or otherwise effectuate the settlement (or any agreement or order relating thereto) or the Final Order and Judgment, or in which the reasonableness, fairness, or good faith of the parties in participating in the settlement (or any agreement or order relating thereto) is an issue, or to enforce or effectuate provisions of the settlement, the Final Order and Judgment, or the Proofs of Claim and Release as to HP, Plaintiffs, or the Settlement Class Members; or

(d)    offered by any person or received against any Plaintiff or class representative as evidence or construed as or deemed to be evidence that any of their claims in any of the cases consolidated herein lack merit.

Notwithstanding the foregoing, HP may file the Stipulation of Settlement, this Final Order and Judgment, and/or any of the documents or statements referred to therein in support of any

13

1   defense or claim that is binding on and shall have *res judicata*, *collateral estoppel*, and/or preclusive

2   effect in all pending and future lawsuits or other proceedings maintained by or on behalf of

3   Plaintiffs and/or any other Settlement Class Members, and each of them, as well as their heirs,

4   executors, administrators, successors, assigns, and/or any other of the Releasing Parties.

5         18.     The Court has jurisdiction to enter this Final Order and Judgment.  Without in any

6   way affecting the finality of this Final Order and Judgment, this Court expressly retains exclusive

7   and continuing jurisdiction over the parties, including the Settlement Class, and all matters relating

8   to the administration, consummation, validity, enforcement and interpretation of the Stipulation of

9   Settlement and of this Final Order and Judgment, including, without limitation, for the purpose of:

10         (a)     enforcing the terms and conditions of the Stipulation of Settlement and

11   resolving any disputes, claims or causes of action that, in whole or in part, are related to or arise out

12   of the Stipulation of Settlement, and/or this Final Order and Judgment (including, without

13   limitation: whether a person or entity is or is not a Settlement Class Member; whether claims or

14   causes of action allegedly related to this Action are or are not barred or released by this Final Order

15   and Judgment; and whether persons or entities are enjoined from pursuing any claims against HP);

16         (b)     entering such additional orders, if any, as may be necessary or appropriate to

17   protect or effectuate this Final Order and Judgment and the Stipulation of Settlement (including,

18   without limitation, orders enjoining persons or entities from pursuing any claims against HP), or to

19   ensure the fair and orderly administration of the Settlement; and

20         (c)     entering any other necessary or appropriate orders to protect and effectuate

21   this Court's retention of continuing jurisdiction over the Stipulation of Settlement, the settling

22   parties, and the Settlement Class Members.

23         19.     Without further order of the Court, the settling parties may agree to reasonably

24   necessary extensions of time to carry out any of the provisions of the Stipulation of Settlement.

25

26

27

28   / / /

1    20.    In the event that the Effective Date does not occur, certification shall be

2   automatically vacated and this Final Order and Judgment, and all other orders entered and releases

3   delivered in connection herewith, shall be vacated and shall become null and void.

4      IT IS SO ORDERED, this 29th day of March , 20 11 .

_____

THE HONORABLE JEREMY FOGEL
UNITED STATES DISTRICT COURT JUDGE

15