**E-Filed 6/20/2011**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| **IN RE HP INKJET PRINTER LITIGATION** | Case No. 5:05-cv-3580 JF<br><br>ORDER[1] DENYING OBJECTORS' APPLICATION FOR ATTORNEYS' FEES, REIMBURSEMENT OF COSTS AND EXPENSES<br><br>[re: docket no. 288, 303] |

On March 29, 2011, the Court granted final approval to a settlement of three related consumer class actions against Hewlett-Packard ("HP") and awarded attorneys' fees to plaintiffs' class counsel. Although the fee award was less than class counsel requested, the award is to be paid directly by HP, and thus the reduction did not increase the amount to be received by class members. Objectors Lisa Kahle, Sarah McDonald, and Sam Cannata now seek a separate award of attorneys' fees and reimbursement of expenses. Because they have not shown that their objections conferred a substantial benefit on the class, their application will be denied.

## I. LEGAL STANDARD

Objectors can play a valuable role in providing the court with information and

---

[1] This disposition is not designated for publication in the official reports.

Case No.  05:05-cv-3580
ORDER DENYING OBJECTORS MOTION FOR ATTORNEYS' FEES AND EXPENSES
(JFLC3)

perspective with respect to the fairness, adequacy, and reasonableness of a class action settlement. *See In re Oracle Sec. Litig.*, 131 F.R.D. 688, 689 (N.D. Cal. 1990) (observing that the role of objectors is crucial because "in assessing settlements of representative actions, judges no longer have the benefit of the adversarial process"). Objectors whose participation improves the quality of a settlement may be awarded attorneys' fees under a common fund theory. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002). The common fund doctrine provides that "a litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole." *Staton v. Boeing Co.*, 327 F.3d 938 (9th Cir. 2003) (quoting *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980)).

Attorneys' fees may be awarded based on "a showing that objectors substantially enhanced the benefits to the class under the settlement." *Vizcaino*, 290 F.3d at 1047. "The 'substantial benefit' need not be financial. However, if an objector's actions have not produced a monetary benefit for the class, the court must carefully scrutinize the benefits conferred to determine whether the objector has conferred more than a technical or coincidental benefit." *In re Leapfrog Enterprises, Inc., Sec. Litig.*, Case No. C-03-5421 RMW, 2008 WL 5000208, at *2-3 (N.D. Cal. Nov., 21, 2008) (citations omitted).

## II. DISCUSSION

### A.   Cannata's Fee Application is Untimely

Pursuant to Federal Rule of Civil Procedure 54(d)(2)(B) "[u]nless otherwise provided by statute or order of the court, [a] motion [for attorney's fees] must be filed and served no later than 14 days after entry of judgment . . . ." Here, judgment was entered on March 29, 2011. Kahle and McDonald filed their application exactly fourteen days later, on April 12, 2011. However, Cannata's application was not delivered to the Court until April 27, 2011, twenty-nine

Case No. 05:05-cv-3580
ORDER DENYING OBJECTORS MOTION FOR ATTORNEYS' FEES AND EXPENSES
(JFLC3)

days after entry of judgment.[2]  Accordingly, the application will be denied as untimely.[3]

**B.     Kahle and McDonald Have Not Shown that They Conferred a Substantial Benefit on the Class**

Kahle and McDonald contend that their objections "were a catalyst for improvement of the settlement." Mot. at 2.  They claim that they were successful in bringing to the Court's attention the weaknesses in the settlement that ultimately resulted in a reduction of the fees awarded to class counsel.  They also contend that they assisted the class by providing an adversarial context for the final approval hearing and sharpening the debate regarding the reasonableness of the settlement.

In approving the settlement agreement, the Court concluded that despite the objectors' arguments, the settlement was fair and reasonable "in light of the evident weakness of the case and the modest value of Plaintiffs' claims."  Order of March 29, 2011 at 12.  While the Court did acknowledge that objectors' concerns about the value of the e-credits offered in the settlement were valid, it noted that "[o]bjectors uniformly fail[ed] to address" the weaknesses in the merits of the underlying case or the modest recovery the claim was likely to produce even if it were to succeed at trial. *Id.* at 11.

The Court reduced the fee award to class counsel not because of any argument advanced by the objectors but because it concluded that the amount of attorneys' fees sought by class counsel was disproportionate to the benefit of the settlement to the class.  It did so because as a matter of policy, "[t]ethering fee (in part) to benefit [to the class] will help guard against collusion *in the general run of cases*."  Order of March 29, 2011 (quoting *Create-A-Card, Inc. v. Intuit, Inc.*, No C 07-6452 WHA, 2009 WL 3073920 (N.D. Cal. Sept. 22, 2009) (emphasis added).  The Court concluded that it "still ha[d] serious questions as to whether consumers

[2]  Cannata's application appears on the Court's docket as having been filed on May 17, 2011.  However, Cannata has submitted a shipping receipt indicating that his application was shipped to and received by the Clerk on April 27, 2011.

[3]  Even if the Court were to consider Cannata's application on the merits, it raises the same arguments–in fact, it uses much of the same language–as the application brought by Kahle and McDonald, and it has the same deficiencies.

Case No.  05:05-cv-3580
ORDER DENYING OBJECTORS MOTION FOR ATTORNEYS' FEES AND EXPENSES
(JFLC3)

1 actually incurred significant injury from HP's actions," and awarding attorneys' fees in excess of

2 the benefit to class member in such cases "would undermine the importance of focusing the

3 efforts of class-action counsel on issues that most affect consumers." *Id.* However, while class

4 counsel received less, the reduction did not increase the amount received by the class.

5       Although objectors point out correctly that a substantial benefit may be conferred even in

6 the absence of financial benefit, Kahle and McDonald have failed to show that their actions

7 benefitted the class in any significant way.  They rely on *Maywalt v. Parker & Parsley*

8 *Petroleum Co.*, 864 F. Supp. 1422, 1439 (S.D.N.Y. 1994), in which the court awarded a fee to an

9 objector even where the settlement was approved because the objector had instigated a helpful

10 debate.  However, even though the objector in that case was involved extensively in the litigation

11 for more than two years, the court concluded that the objectors actions provided only a "modest

12 benefit" to the plaintiffs, *id.* at 1439.  While the Court respects Kahle and McDonald's

13 motivations for interposing their objections, it simply does not find that their critique of the

14 settlement was beneficial to the class.  *See Vizcaino*, 290 F.3d at 1047; *see also Consumer*

15 *Privacy Cases*, 175 Cal. App. 4th 545, 560 (Cal. Ct. App. 2009) (stating that in order to establish

16 a substantial benefit an objector must "establish his or her efforts produced a concrete benefit for

17 the class, allowing to recover more (or otherwise be in an improved position) than it would have

18 in the absence of the objector's efforts").

19                        **ORDER**

20       For the reasons articulated above, the applications will be denied.

22 **IT IS SO ORDERED.**

23

24 DATED: June 20, 2011                      _____

JEREMY FOGEL
United States District Judge

Case No.  05:05-cv-3580
ORDER DENYING OBJECTORS MOTION FOR ATTORNEYS' FEES AND EXPENSES
(JFLC3)