THEODORE H. FRANK (SBN 196332)
    tedfrank@gmail.com
**CENTER FOR CLASS ACTION FAIRNESS**
1718 M Street NW
No. 236
Washington, DC 20036
(703) 203-3848

Attorney for Objectors Theodore H. Frank and Kimberly Schratwieser

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| In re HP Inkjet Printer Litigation | Case No. C-05-3580 JF (PVT) |
|---|---|
| | **CLASS ACTION** |
| Theodore H. Frank and Kimberly Schratwieser, | **OPPOSITION TO MOTIONS FOR FINAL APPROVAL AND FOR ATTORNEYS' FEES** |
| *Objectors.* | Judge:     Jeremy Fogel <br> Date:      TBD <br> Time:      9:00 a.m. <br> Courtroom: 3 – Fifth Floor |

"The burden of proving the fairness of the settlement is on the proponents." 4 Newberg on Class Actions § 11:42 (4th ed.); *see also, e.g., In re Dry Max Pampers Litig.*, 724 F.3d 713, 719 (6th Cir. 2013); *Ault v. Walt Disney World Co.*, 692 F.3d 1212, 1216 (11th Cir. 2012); *In re Katrina Canal Breaches Litig.*, 628 F.3d 185, 196 (5th Cir. 2010). The proponents have not met their burden.

The Schratwieser objectors, who successfully appealed the earlier approval of the fee and settlement to the Ninth Circuit, renew their objections, and adopt by incorporation their earlier filings in this case (Docket Nos. 263, 264, 278, and 279) and in the Ninth Circuit Docket No. 11-16097. In addition, they object as follows:

1. *In re Bluetooth Headset Prod. Liab. Litig.* is not just about "collusion," it is about the fairness of the *allocation* of the settlement between class counsel and the class. 654 F.3d 935, 947 (9th Cir. 2011). *See generally In re Dry Max Pampers Litig.*, 724 F.3d 719 (6th Cir. 2013). A settlement might have no actual collusion, but if the defendant ignores class counsel's self-dealing out of indifference, can still be unfair, just as *Dry Max Pampers* was. Schratwieser never claimed that there was a deep dark conspiracy in a smoke-filled room, merely that class counsel and the class representative breached their fiduciary duty to put the class's interest ahead of their own, and that the defendant tacitly acquiesced to the resulting unfairness. Thus, even if a fee request is reasonable under lodestar, to meet Rule 23(e)'s and 23(h)'s fairness and reasonableness requirement, there cannot be disproportion between what the attorneys receive and what the class *actually* receives. For example, in *In re Baby Products Antitrust Litig.*, 708 F.3d 163 (3d Cir. 2012), class counsel requested a small fraction of their lodestar plus their expenses. The Third Circuit, however, held it was error to approve a settlement where the attorneys received $14 million and the class $3 million.

2. This settlement is worse than *Baby Products*, where the attorneys received 4.7 times as much as the class, because here the ratio is 100% of $2.1 million to the attorneys and 0% to the class. Class counsel to reach § 1712(b), assumes that the coupon relief is worthless to the class, which is correct. But the prospective injunctive relief is

also inherently worthless to class members. "The fairness of the settlement must be evaluated primarily based on how it compensates class members for these past injuries." *Synfuel Tech. v. DHL Indus*, 463 F.3d 646, 654 (7th Cir. 2006). The Ninth Circuit did not reach this issue on the Schratwieser objectors' appeal, and they renew this objection. It is true more than ever in 2014 than it was in December 2009, where the prospective change in practices benefits a different set of customers than class counsel's putative clients. Moreover, the parties simply ignore the fact that HP can more than offset the change in business practices **simply by raising the price of their ink by a penny a cartridge**—meaning that the "benefit" of the injunctive relief would be more than offset by the higher costs consumers would pay. Because the settlement does not bind HP to charge its current prices, it merely has the effect on stepping on one part of a lumpy blanket while causing a different part to puff up. *See* discussion at Docket No. 278. "Even under the lodestar method, the district court must adjust the amount of any fees award 'to account for the degree of success class counsel attained.'" *In re HP Inkjet Printer Litig.*, 716 F.3d at 1186 n. 18. Here, the degree of success is zero: admittedly worthless coupons plus worthless prospective injunctive relief.

    3.    At a minimum, class counsel is estopped by law of the case by this Court's earlier finding that the coupons **plus** the injunctive relief is worth about $1.5 million. Dkt. No. 287. Class counsel did not cross-appeal, and is bound by this earlier finding. We thus know that the injunctive relief alone is worth substantially less than $1.5 million given that this Court ascribed value to the coupons. This means that the $2.1 million in fees and expenses class counsel is requesting is well over 60% percent of the total benefit (and over 58% even if the $1.5 million valuation consisted entirely of injunctive relief). In *Dennis v. Kellogg*, 697 F.3d 858 (9th Cir. 2012), the Ninth Circuit held that fees **plus expenses** of 39.6% was "clearly excessive." By the law of transitive property, more than 60% is more than 39.6%, and is thus more clearly excessive. Because a fee request must comply not just with Section 1712(b), but with the proportionality requirement of Rule

23(h), *Dennis*, *Bluetooth*, *HP Inkjet*, *Baby Products*, and *Dry Max Pampers*, class counsel cannot receive more than $0.5 million in fees plus expenses.[1]

4. Schratwieser reserves the right to object to the settlement on the grounds that the clear sailing provision has not been actually revoked. It does little good to have no clear sailing provision *de jure* if the HP opposition to the fee request is *de facto* clear sailing. HP's defense attorneys are with one of the best firms in the nation, and objectors sincerely hope that this contingent objection is mooted by a strong opposition to an excessive Rule 23(h) request of $2.1 million.

5. Class counsel's lodestar is at least somewhat inflated. In 2009, lodestar was $7.1 million. They now assert a lodestar of $7.4 million. They seem to be attempting to bill the class, at least in part, for their efforts to force an unfair fee request and settlement upon the class in two rounds of Ninth Circuit briefing.

6. Moreover, the settlement is too low. This is the first time in the several-dozen objection history of the Center for Class Action Fairness that the Center has made this objection, but we know for a fact that HP was willing to settle this case in 2009 for $2.9 million in cash (plus the same worthless coupon and injunctive relief offered now). A fair settlement would be $2.2 million of value for the class and $0.7 million for the attorneys. Instead, we have a proposed settlement of $2.1 million to be divided between the attorneys (who have again made an excessive request) and HP, and zero for the class.

7. In the earlier proceedings, the settling parties failed to disclose the objections of hundreds of class members who followed the notice instructions and emailed their objections to the settlement administrator instead of filing them with the class. Schratwieser renews her objection that these objections have not been filed with the Court. If it is true that these objections are just "comments," then what harm would come from disclosing them to Schratwieser and letting Schratwieser curate the filings for the

---

[1] Class counsel claims that Frank did not challenge the cost and expense award on appeal. Dkt. 329 at 23. This is false. *See* No. 11-16097 Opening Brief at 31-41 (successfully challenging Rule 23(h) award of $2.1 million) (attached as Exhibit 1).

Court's benefit or forcing Schratwieser to sheepishly concede that there were not legitimate objections being hidden from the Court? Until that disclosure is made, this Court should draw an adverse inference—an adverse inference compounded by the failure of the parties to give notice to the class that class counsel is once again seeking $2.1 million in a worthless settlement to the class.

8. On the basis of intervening law since January 2010, Schratwieser objects to the $1,000 incentive payments as disproportionate to the class relief and implicates Rule 23(a)(4). *Dry Max Pampers*, 719 F.3d at 721-22 ($1,000 for incentive payment excessive given lack of benefit to class) (citing *Radcliffe v. Experian Info. Solutions*, 715 F.3d 1157, 1161 (9th Cir. 2013) ("incentive awards significantly exceeded in amount what absent class members could expect upon settlement approval" and thus "created a patent divergence of interests between the named representatives and the class")); *Vassalle v. Midland Funding LLC*, 708 F.3d 747, 755-57 (6th Cir. 2013).

9. Rule 23(a)(4) and Rule 23(g) are implicated for another reason. This Court already found that class counsel made an excessive $2.9 million Rule 23(h) request for a pathetically small settlement and attempted to disguise "coupons" as "e-credits";[2] class counsel then defended a breach of the Class Action Fairness Act to the Ninth Circuit including with an *en banc* petition; now they have renewed an excessive fee request in a $0 settlement by attempting to slip it through the §1712(b) loophole without once noting this Court's previous factual findings about the injunctive relief valuation and while misrepresenting Schratwieser's successful appellate argument. At what point do we conclude that class counsel and the class representatives are more interested in their own payday than representing the class?

---

[2] Class counsel repeats this evasion even after it was rejected by the Ninth Circuit. Dkt. 329 at 13 (calling coupons "e-credits," falsely calling the in-kind benefit "direct monetary relief," falsely asserting that coupons that have not yet been issued have been "redeemed," and valuing the coupons at face value rather than redemption value). No coupons have been redeemed, and as the Ninth Circuit recognized, the coupons, available for use only at HP.com's online store, may make consumers worse off if they use them.

# CONCLUSION

The settlement is a fee-driven settlement for the benefit of class counsel, and must be rejected under Rules 23(a)(4) and 23(e). We know for a fact from a previous settlement that class counsel left money on the table to maximize their own recovery through *Bluetooth* self-dealing.

Class notice was actually confusing, and constitutionally deficient unless the parties correct the problem by filing with the court the hundreds of objections from class members actually confused by the notice's ambiguities.

If the settlement is nevertheless approved, any Rule 23(h) award must comply with the precedent of the Ninth, Third, and Sixth Circuit, and substantially reduce the request from $2.1 million.

Dated: January 21, 2014

Respectfully submitted,

/s/ Theodore H. Frank
Theodore H. Frank
**CENTER FOR CLASS ACTION FAIRNESS**
1718 M Street NW
No. 236
Washington, DC 20036
(703) 203-3848
Attorney for Objectors Theodore H. Frank and Kimberly Schratwieser