NIALL P. McCARTHY (SBN 160175)
nmccarthy@cpmlegal.com
JUSTIN T. BERGER (SBN 250346)
jberger@cpmlegal.com
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road
Burlingame, CA  94010
Tel:  (650) 697-6000/ Fax:  (650) 697-0577

BRIAN S. KABATECK (SBN 152054)
bsk@kbklawyers.com
RICHARD L. KELLNER (SBN 171416)
rlk@kbklawyers.com
**KABATECK BROWN KELLNER LLP**
644 South Figueroa Street
Los Angeles, CA  90017
Tel:  (213) 217-5000 / Fax:  (213) 217-5010

STEVEN N. BERK (*admitted pro hac vice*)
steven@berklawdc.com
**BERK LAW PLLC**
1225 15th Street, N.W.
Washington D.C.  20005
Tel:  (202) 232-7550 / Fax:  (202) 232-7556

[Additional Counsel Listed on Signature Page]

*Counsel for Plaintiffs and the Settlement Class
and On Behalf of the Proposed Settlement Class*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| **In Re: HP Inkjet Printer Litigation**<br><br>This Document Relates To:<br>All Actions | Master File No. C053580 JF (PVT)<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF RENEWED MOTION FOR ORDER GRANTING PLAINTIFFS' APPLICATION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF COSTS AND EXPENSES; AND RENEWED MOTION FOR FINAL APPROVAL OF SETTLEMENT**<br><br>Date:         TBD<br>Time:         9:00 a.m.<br>Courtroom:  3, 5th Floor<br>Judge:        Hon. Jeremy Fogel |

**TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................................1

II. ARGUMENT .........................................................................................................................2

    A. The Injunctive Relief Has Value ..............................................................................2

    B. The Requested Fees and Costs Are Reasonable ......................................................4

    C. The Incentive Payments Are Justified .....................................................................4

    D. Mr. Frank's Miscellaneous Arguments Are Meritless .............................................5

III. CONCLUSION ......................................................................................................................6

PLAINTIFFS' REPLY ISO RENEWED MOTION FOR ORDER GRANTING PLAINTIFFS' APPLICATION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF COSTS AND EXPENSES; AND RENEWED MOTION FOR FINAL APPROVAL OF SETTLEMENT;
Master File No. C053580 JF (PVT)

Law Offices
COTCHETT, PITRE
& MCCARTHY, LLP

i

# TABLE OF AUTHORITIES

**CASES**

*Dennis v. Kellogg* (9th Cir. 2012)
    697 F.3d 858 ................................................................................................................4

*Grant v. Capital Mgmt. Servs., L.P.* (S.D. Cal. Dec. 11, 2013)
    Case No. 10-cv-2471-WQH (BGS), 2013 U.S. Dist. LEXIS 174190 ..................................2

*Kim v. Space Pencil, Inc.* (N.D. Cal. Nov. 28, 2012)
    Case No. C 11-03796 LB2012, U.S. Dist. LEXIS 169922......................................................2

*Lonardo v. Travelers Indem. Co.* (N.D. Ohio 2010)
    706 F. Supp. 2d 766 ......................................................................................................1

*Radcliffe v. Experian Info. Solution* (9th Cir. 2013)
    715 F.3d 1157 ................................................................................................................4

*Synfuel Tech. v. DHL Indus.* (7th Cir. 2006)
    463 F.3d 646 ..................................................................................................................2

**PLAINTIFFS' REPLY ISO RENEWED MOTION FOR ORDER GRANTING PLAINTIFFS' APPLICATION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF COSTS AND EXPENSES; AND RENEWED MOTION FOR FINAL APPROVAL OF SETTLEMENT;**
Master File No. C053580 JF (PVT)

ii

Law Offices
COTCHETT, PITRE
& MCCARTHY, LLP

**REPLY**

**I.    INTRODUCTION**

Objector Ted Frank continues to ignore the practical concerns faced in litigation of this kind. Instead, he is on a national crusade to eliminate class action litigation. Mr. Frank's only victory in this case, however, has been delay. The Ninth Circuit's majority opinion did not reduce Class counsel's fee, or criticize the substance of the settlement. Instead, it only clarified the method by which the fee request must be analyzed. Plaintiffs have now resubmitted their fee application in full accordance with the Ninth Circuit's majority opinion.

Having delayed any benefits from flowing to the class for the past three years, Mr. Frank now audaciously asks: "At what point do we conclude that class counsel and the class representatives are more interested in their own payday than representing the class?" Oppo. (Doc. No. 332) at 4:21-23. The more appropriate inquiry is whether Mr. Frank is more interested in doing away with class actions than in allowing payment to class members of the 403,802 e-credits claimed and approved over three years ago, and allowing the new disclosures provided for in the Settlement to finally be enacted.

Plaintiffs' Renewed Motion for Final Approval directly addresses the pertinent inquiries under Ninth Circuit law, including the *Hanlon* factors and the issues discussed in *In re Bluetooth*. Mr. Frank's Opposition does not address the *Hanlon* factors or *In re Bluetooth*, but instead relies on out-of-Circuit cases to make sweeping ideological arguments. Similarly, Plaintiffs' Renewed Motion for Attorneys' Fees directly follows the Ninth Circuit's new, technical interpretation of CAFA as described in the majority opinion in this case. *In Re: HP Inkjet Printer Litig.*, 716 F.3d 1173 (2013). Notably, Mr. Frank does not contend that Plaintiffs failed to follow the majority opinion. Instead, he recycles arguments about the value of injunctive relief that were already disregarded by this Court and ignored by the Ninth Circuit. In sum, as in other cases in which he has objected, Mr. Frank's opposition is "long on ideology and short on law." *Lonardo v. Travelers Indem. Co.*, 706 F. Supp. 2d 766, 785 (N.D. Ohio 2010) (describing a brief filed by Mr. Frank in support of an objection to a class settlement).

PLAINTIFFS' REPLY ISO RENEWED MOTION FOR ORDER GRANTING PLAINTIFFS' APPLICATION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF COSTS AND EXPENSES; AND RENEWED MOTION FOR FINAL APPROVAL OF SETTLEMENT; Master File No. C053580 JF (PVT)

Law Offices COTCHETT, PITRE & MCCARTHY, LLP

1

As this Court previously found, and as the record demonstrates, Class counsel negotiated the best settlement for the Class possible in light of the many hurdles the three consolidated cases had yet to clear. Class counsel have accounted for the modesty of the settlement by significantly reducing their requested lodestar—to only 20% of the time actually expended in the case. Mr. Frank fails to address this reduction at all.

Accordingly, Plaintiffs respectfully request that the Court grant Plaintiffs' renewed motions, and allow the benefits of the Settlement to finally reach the Class Members and future consumers of HP products.

## II. ARGUMENT

### A. The Injunctive Relief Has Value

Mr. Frank argues, as he did in 2010, that the injunctive relief provided for in the settlement is of no value because it only provides prospective relief. Mr. Frank cites a case from the Seventh Circuit, *Synfuel Tech. v. DHL Indus.*, 463 F.3d 646 (7th Cir. 2006), in support of this proposition. As Plaintiffs explained three years ago, in the Ninth Circuit, *Synfuel*'s logic does not apply. Courts in the Ninth Circuit routinely approve settlements—and the payment of attorneys' fees in those settlements—consisting solely of prospective injunctive relief. *See, e.g., Grant v. Capital Mgmt. Servs., L.P.*, Case No. 10-cv-2471-WQH (BGS), 2013 U.S. Dist. LEXIS 174190 (S.D. Cal. Dec. 11, 2013) (granting preliminary approval of a settlement that required defendant only to make prospective changes to its telephone autodialing systems, and provided for payment of fees of up to $475,000); *Kim v. Space Pencil, Inc.*, No. C 11-03796 LB2012, U.S. Dist. LEXIS 169922 (N.D. Cal. Nov. 28, 2012) (awarding plaintiffs' attorneys' full lodestar in a settlement that required the defendant only to make changes to its software that would prevent it from violating future users' privacy rights). As in these, and many other settlements that require only that a defendant change its business practices going forward, the injunctive relief provided for in this case fixes the disclosures and misrepresentations that gave rise to Plaintiffs' claims.

Law Offices
COTCHETT, PITRE
& MCCARTHY, LLP

PLAINTIFFS' REPLY ISO RENEWED MOTION FOR ORDER GRANTING PLAINTIFFS' APPLICATION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF COSTS AND EXPENSES; AND RENEWED MOTION FOR FINAL APPROVAL OF SETTLEMENT;
Master File No. C053580 JF (PVT)

2

1    Frank also argues, as he did in 2010, that "HP can more than offset the change in business practices *simply by raising the price of their ink by a penny a cartridge*." Oppo. at 2:7-8 (emphasis in original). This argument is also wrong, for multiple reasons. First, the same argument could be made regarding any consumer class action settlement for injunctive relief – indeed, regarding virtually any class action settlement at all. For example, even if each class member were receiving $100, Frank could argue that HP would simply recoup that sum by raising its prices. Second, as with his previous argument, Frank incorrectly presumes that consumers must continue to patronize HP in order to receive benefits from the injunctive relief provisions. In fact, there are many non-HP ink products that consumers could use with the subject printers. Third, Frank's argument impliedly concedes that the negotiated injunctive relief has value, by recognizing that it required HP to change its business practices.

Mr. Frank next argues that the injunctive relief must be valued at less than $1.5 million, because the Court previously valued the e-credits plus injunctive relief at $1.5 million, combined. The Court, however, did not precisely limit the value of the settlement to $1.5 million. To arrive at a fee that was fair and reasonable, the Court concluded the relief to the class was "roughly" that amount. The Court did not, however, apportion that amount between coupons and the injunctive relief, nor did the Ninth Circuit. Accordingly, on remand, there is nothing in the record or "law" of this case that binds the Court to any apportionment or value. The Declaration of Samuel Liversidge filed in support of Plaintiffs' opening papers provides detailed information on the nature of the injunctive relief afforded by the Settlement—details that were not before the Court in 2010. Accordingly, under an injunctive-relief-only approach, with these new details, the Court is free to value the injunctive relief however it deems appropriate. In any event, under the lodestar approach mandated by the Ninth Circuit in this case, the appropriate amount of attorneys' fees is not determined solely based on an approximation of the value of the injunctive relief; indeed, doing so would render the lodestar approach meaningless.

/ / /

Law Offices
COTCHETT, PITRE
& MCCARTHY, LLP

**PLAINTIFFS' REPLY ISO RENEWED MOTION FOR ORDER GRANTING PLAINTIFFS' APPLICATION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF COSTS AND EXPENSES; AND RENEWED MOTION FOR FINAL APPROVAL OF SETTLEMENT;**
Master File No. C053580 JF (PVT)                                                     3

### B. The Requested Fees and Costs Are Reasonable

Rather than challenging Plaintiffs' lodestar calculation, Mr. Frank argues that the requested fees and costs are "clearly excessive" under *Dennis v. Kellogg*, 697 F.3d 858 (9th Cir. 2012). *Dennis*, however, was not a lodestar case. In *Dennis*, the Court analyzed the value of a common fund settlement, and specifically, the value of in-kind donations that constituted a large *cy pres* component of that common fund. *See id.* In dicta, the Ninth Circuit stated that if the *cy pres* component turned out to be illusory, then the common fund would be much smaller, and the requested attorneys' fees a much larger component thereof. *See id.* at 868. The Court did not address, analyze, or even mention Plaintiffs' lodestar, and therefore has no bearing on this matter.

As described in Plaintiffs' renewed motions, the Ninth Circuit in this case confirmed that CAFA provides for two distinct methods of calculating attorneys' fees: the percentage of the fund method, or the lodestar method. *In Re: HP Inkjet Printer Litig.*, 716 F.3d 1173, 1183-84 (2013). The implication of Mr. Frank's argument is that *all* requests for attorneys' fees—even if calculated on a lodestar basis—must ultimately return to a comparison of the total amount available to the class: *i.e.*, the percentage of the fund method. Mr. Frank's argument would render CAFA, and the Ninth Circuit's opinion in this case, meaningless.

### C. The Incentive Payments Are Justified

Again relying on out-of-Circuit law, Mr. Frank argues that the requested $1,000 incentive payments to the Named Plaintiffs are excessive. *Notably, Mr. Frank did not appeal the Court's prior approval of incentive payments.* Mr. Frank should therefore be estopped from challenging them now. Implicitly acknowledging his waiver, Mr. Frank argues that his challenge to the incentive awards is "[o]n the basis of intervening law since January 2010." Oppo. at 4:6-7. The "intervening law" cited by Mr. Frank, however, consists of two Sixth Circuit cases that are not binding on this Court. One of those cases in turn cited *Radcliffe v. Experian Info. Solution*, 715 F.3d 1157 (9th Cir. 2013). *Radcliffe*, however, did not change Ninth Circuit law as it concerns the appropriate amount of incentive payments. Instead, *Radcliffe* held that incentive payments cannot be conditioned on support for a settlement. *See id.* at 1164-65. There is no such issue

PLAINTIFFS' REPLY ISO RENEWED MOTION FOR ORDER GRANTING PLAINTIFFS' APPLICATION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF COSTS AND EXPENSES; AND RENEWED MOTION FOR FINAL APPROVAL OF SETTLEMENT;
Master File No. C053580 JF (PVT)

4

Law Offices
COTCHETT, PITRE
& MCCARTHY, LLP

here. Accordingly, the requested incentive payments are just as valid as when previously approved by the Court—an approval that Mr. Frank did not appeal.

As described in the original application (Doc. No. 261), the Class Representatives expended substantial time and effort working to advance the interests of the Class. Throughout the litigation, these Class Representatives have participated in discovery. The majority of the class representatives, including Carl Rich, David Duran, Daniel Feder and Nicklos Ciolino were deposed and spent many hours preparing for and sitting for their deposition. In light of these facts, small incentive awards such as those requested here promote the public policy of encouraging individuals to undertake the responsibility of representative lawsuits.

### D. Mr. Frank's Miscellaneous Arguments Are Meritless

Mr. Frank's remaining thoughts are similarly without merit. Mr. Frank argues that Class counsel's lodestar "is at least somewhat inflated," due to counsel's inclusion of time spent on the case since Plaintiffs first applied for attorneys' fees over three years ago. Oppo. at 3:9-12. Mr. Frank cites no authority precluding inclusion of appellate time. Appeals—whether successful or not—are part of the litigation process, and time spent on those appeals must be included in the lodestar. In any event, Class counsel are seeking the same amount in fees and costs awarded by the Court in 2010, and Mr. Frank's argument is therefore irrelevant. Even without the appellate time, the amount counsel now seek is far less than the full lodestar.

Mr. Frank also argues that the parties "failed to disclose the objections of hundreds of class members." Oppo. at 3: 20-21. Mr. Frank made the same argument in 2010, and it was appropriately rejected. Mr. Frank argues that the Notice of Settlement confused numerous class members who Mr. Frank contends otherwise would have objected to the settlement. Mr. Frank's reading of the notice to class members about how to object ignores the plain instruction regarding how to object. Again, Mr. Frank's argument boils down to conjecture that there was potential for harm, not that any harm actually occurred.

/ / /

PLAINTIFFS' REPLY ISO RENEWED MOTION FOR ORDER GRANTING PLAINTIFFS' APPLICATION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF COSTS AND EXPENSES; AND RENEWED MOTION FOR FINAL APPROVAL OF SETTLEMENT; Master File No. C053580 JF (PVT)   5

Law Offices
COTCHETT, PITRE
& MCCARTHY, LLP

The notice provision instructing class members how to object stated, in pertinent part:

> You must also state in writing all objections and the reasons for each objection, and state whether you intend to appear at the Fairness Hearing either with or without separate counsel. You shall not be entitled to be heard at the Fairness Hearing or to object to the Settlement, and no written objections or briefs submitted by you shall be received or considered by the Court at the Fairness Hearing, unless written notice of your intention to appear at the Fairness Hearing and copies of any written objections and/or briefs **are filed with the Court and served on Class Counsel and Defense Counsel . . . If you fail to file and serve timely written objections in the manner specified above, you shall be deemed to have waived all objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.**

(Emphasis added).

Mr. Frank contends that other class members who made comments to the claims administrator about the settlement—some positive and some negative—should have been treated as objections, and fully disclosed to the Court. Again, Mr. Frank's argument has no basis in the law, or in the facts. As the Court previously found, the notice was clear, and sufficient. Moreover, the parties disclosed to the Court in 2010 that the claims administrator had received 458 non-filed complaints/comments. In any class settlement, class members – with no intent or desire to object – contact claims administrators and counsel with questions, comments, concerns, and complaints. This settlement was no different.

## III. CONCLUSION

The settlement for the class should be approved, and will have real benefit to class members—as demonstrated in the Declaration of Samuel Liversidge, and as evidenced by the 403,802 e-credits validly claimed by class members.

Mr. Frank's argument that the Settlement has "0" value will only be true if he continues to object and appeal, and by doing so stretches this proceeding out past a time when the improvements and enhancements to business practices become irrelevant. Mr. Frank is the quintessential Monday morning quarterback. In 2010, deference was properly given to counsel on both sides of the caption, who in fact litigate class actions throughout the country, and negotiated a resolution in good faith based on the relative strength of the case.

PLAINTIFFS' REPLY ISO RENEWED MOTION FOR ORDER GRANTING PLAINTIFFS' APPLICATION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF COSTS AND EXPENSES; AND RENEWED MOTION FOR FINAL APPROVAL OF SETTLEMENT;
Master File No. C053580 JF (PVT)

6

Law Offices
COTCHETT, PITRE
& MCCARTHY, LLP

1  For the foregoing reasons, Plaintiffs respectfully request that the Court again reject Mr.
2  Frank's arguments, and approve the settlement, and Plaintiffs' application for attorneys' fees,
3  costs, and incentive payments, in accordance with the Ninth Circuit's direction in this case.

Respectfully submitted,

Dated:  January 28, 2014                **COTCHETT, PITRE & McCARTHY, LLP**

By:     */s/ Justin T. Berger*
        NIALL P. McCARTHY
        JUSTIN T. BERGER
        840 Malcolm Road
        Burlingame, CA  94010
        Tel:  (650) 697-6000 / Fax:  (650) 697-0577
        nmccarthy@cpmlegal.com
        jberger@cpmlegal.com

        Brian S. Kabateck
        Richard L. Kellner
        **KABATECK BROWN KELLNER LLP**
        644 South Figueroa Street
        Los Angeles, CA  90017
        Tel:  (213) 217-5000 / Fax:  (213) 217-5010
        bsk@kbklawyers.com
        rlk@kbklawyers.com

        Steven N. Berk
        **BERK LAW PLLC**
        1225 15th Street, N.W.
        Washington D.C.  20005
        Tel:  (202) 232-7550 / Fax:  (202) 232-7556
        steven@berklawdc.com

        Mark Andrew Chavez
        **CHAVEZ & GERTLER LLP**
        42 Miller Avenue
        Mill Valley, CA  93941
        Tel:  (415) 381-5599 / Fax:  (415) 381-5572
        mark@chavezgertler.com

        Jon Cuneo
        **CUNEO, WALDMAN & GILBERT LLC**
        317 Massachusetts Avenue, Suite 300
        Washington, D.C.  20002
        Tel:  (202) 789-3960 / Fax:  (202) 789-1813
        jonc@cuneolaw.com

        *[signatures continued on next page]*

Law Offices COTCHETT, PITRE & McCARTHY, LLP

**PLAINTIFFS' REPLY ISO RENEWED MOTION FOR ORDER GRANTING PLAINTIFFS' APPLICATION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF COSTS AND EXPENSES; AND RENEWED MOTION FOR FINAL APPROVAL OF SETTLEMENT;**
Master File No. C053580 JF (PVT)                                      7

| | |
|---|---|
| 1 | Marc Howard Edelson |
| | **EDELSON & ASSOCIATES LLC** |
| 2 | 45 West Court Street |
| | Doylestown, PA  18901 |
| 3 | Tel:  (215) 230-8043 / Fax:  (215) 230-8735 |
| | medelson@edelson-law.com |
| 4 | |
| | Stephen Garcia |
| 5 | **THE GARCIA LAW FIRM** |
| | 1 World Trade Center #1950 |
| 6 | Long Beach, CA  90831 |
| | Tel:  (562) 216-5270 / Fax:  (562) 216-5271 |
| 7 | sgarcia@lawgarcia.com |
| 8 | Michael D. Liberty |
| | **LAW OFFICES OF MICHAEL D. LIBERTY** |
| 9 | 1290 Howard Avenue, Suite 303 |
| | Burlingame, CA  94010 |
| 10 | Tel:  (650) 685-8085 / Fax:  (650) 685-8086 |
| | mdlaw@pacbell.net |
| 11 | |
| | Scott E. Shapiro |
| 12 | **LAW OFFICE OF SCOTT E. SHAPIRO, PC** |
| | 9701 West Pico Boulevard, Suite 110 |
| 13 | Los Angeles, CA  90035 |
| | Tel:  (310) 720-5501 / Fax:  (310) 388-4612 |
| 14 | scott.e.shapiro.esq@gmail.com |
| 15 | John Patrick McNicholas, IV |
| | **McNICHOLAS & McNICHOLAS LLP** |
| 16 | 10866 Wilshire Boulevard, Suite 1400 |
| | Los Angeles, CA  90024 |
| 17 | Tel:  (310) 474-1582 / Fax:  (310) 475-7871 |
| | pmc@mcnicholaslaw.com |
| 18 | |
| | Bruce Simon |
| 19 | **PEARSON, SIMON, WARSHAW &** |
| | **PENNY LLP** |
| 20 | 44 Montgomery Street, Suite 2450 |
| | San Francisco, CA  94104 |
| 21 | Tel:  (415) 433-9000 / Fax:  (415) 433-9008 |
| 22 | Jonathan Shub |
| | **SHUBLAW LLC** |
| 23 | 1818 Market Street, 13th Floor |
| | Philadelphia, PA  19106 |
| 24 | Tel:  (610) 453-6551 / Fax:  (215) 569-1606 |
| | jshub@shublaw.com |
| 25 | |
| | *[signatures continued on next page]* |
| 26 | |
| 27 | |
| 28 | |

Law Offices COTCHETT, PITRE & MCCARTHY, LLP

**PLAINTIFFS' REPLY ISO RENEWED MOTION FOR ORDER GRANTING PLAINTIFFS' APPLICATION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF COSTS AND EXPENSES; AND RENEWED MOTION FOR FINAL APPROVAL OF SETTLEMENT;**
Master File No. C053580 JF (PVT)        8

1
2
3
4
5

David R. Buchanan
**SEEGER WEISS LLP**
One William Street
New York, NY  10004
Tel:  (212) 584-0700 / Fax:  (212) 584-0799
dbuchanan@seegerweiss.com

*Counsel for Plaintiffs and the Settlement Class and On Behalf of the Proposed Settlement Class*

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Law Offices
COTCHETT, PITRE
& MCCARTHY, LLP

**PLAINTIFFS' REPLY ISO RENEWED MOTION FOR ORDER GRANTING PLAINTIFFS' APPLICATION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF COSTS AND EXPENSES; AND RENEWED MOTION FOR FINAL APPROVAL OF SETTLEMENT;**
Master File No. C053580 JF (PVT)

9

# PROOF OF SERVICE

I am employed in the County of San Mateo; I am over the age of 18 years and not a party to the within cause. My business address is the Law Offices of Cotchett, Pitre & McCarthy, LLP, San Francisco Airport Office Center, 840 Malcolm Road, Burlingame, California, 94010.

I hereby certify that on this day, I e-filed the following documents using the United States District Court, Northern District of California's CM/ECF website, thereby serving all those who are registered for CM/ECF Notice of Electronic Filing service:

I further certify that on this day, I served the following document(s) in the manner described below:

1. **PLAINTIFFS' REPLY IN SUPPORT OF RENEWED MOTION FOR ORDER GRANTING PLAINTIFFS' APPLICATION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF COSTS AND EXPENSES; AND RENEWED MOTION FOR FINAL APPROVAL OF SETTLEMENT**

☒ **VIA FIRST CLASS MAIL:** I am readily familiar with this firm's practice for collection and processing of correspondence for mailing. Following that practice, I placed a true copy of the aforementioned document(s) in a sealed envelope, addressed to each addressee, respectively, as specified below. The envelope was placed in the mail at my business address, with postage thereon fully prepaid, for deposit with the United States Postal Service on that same day in the ordinary course of business.

| | |
|---|---|
| Lori Singer Meyer<br>8016 Lewinsville Road<br>McLean, Virginia  22102 | *Objector* |
| Sam P. Cannata<br>9555 Vista Way #200<br>Cleveland, Ohio  44125 | *Objector* |
| Christina Jean Smith<br>Kantor & Kantor LLP<br><br>19839 Nordhoff Street<br>Northridge, California  91324 | |

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct. Executed at Burlingame, California, on January 28, 2014

*/s/ Stacy Young*
Stacy Young

Law Offices
COTCHETT, PITRE
& MCCARTHY, LLP

**PLAINTIFFS' REPLY ISO RENEWED MOTION FOR ORDER GRANTING PLAINTIFFS' APPLICATION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF COSTS AND EXPENSES; AND RENEWED MOTION FOR FINAL APPROVAL OF SETTLEMENT;** Master File No. C053580 JF (PVT)

10