GIBSON DUNN

Gibson, Dunn & Crutcher LLP

333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel 213.229.7000
www.gibsondunn.com

Christopher Chorba
Direct: +1 213.229.7396
Fax: +1 213.229.6396
CChorba@gibsondunn.com

Client: 38126-00547

June 12, 2014

VIA ECF FILING SYSTEM

The Honorable Jeremy Fogel
United States District Judge
U.S. District Court for the Northern District of California
San Jose Courthouse, Robert F. Peckham Federal Building
Courtroom 3 - 5th Floor
280 South 1st Street
San Jose, California  95113

Re:   In re: HP Inkjet Printer Litigation, Master File No. C05-3580 JF

Dear Judge Fogel:

      Defendant Hewlett-Packard Company ("HP") respectfully writes to notify the Court of the Ninth Circuit panel's recent decision in *Laguna v. Coverall North America, Inc.*, __ F.3d __, 2014 WL 2465049 (9th Cir. June 3, 2014), a copy of which is attached.  The opinion supports HP's arguments that:  (1) a class action settlement must be analyzed under the settlement approval factors set forth by the Ninth Circuit (including in *Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998), and related precedents) and ignored by the objectors; (2) the settlement approval analysis requires an examination of the settlement benefits against the weakness of the plaintiffs' case, a factor that the objectors also ignore; (3) there was no requirement that the district court value the injunctive relief.  2014 WL 2465049, at *2-4.  While one member of the panel authored a dissent, he did not dispute any of these propositions.  2014 WL 2465049, at *7-16.

      *Laguna* involved claims by franchise owners that their franchisor violated California labor law, breached their franchise agreements, and violated California's false advertising and unfair competition laws.  *Id.* at *1.  The district court approved a class settlement that—very similar to the settlement in consideration in this case—provided benefits to franchisees that were "primarily injunctive in nature" and some monetary relief.  *Id.* at *1-2.  To receive these benefits, class members were required to submit claim forms, and the franchisor was not required to pay any unclaimed amounts.  *Id.* at *5.  The settlement also provided that the franchisor would not object to a fee award to class counsel of up to $994,800.  *Id.* at *2, 5.

      On appeal, the Ninth Circuit reaffirmed that district courts must analyze the fairness, reasonableness, and adequacy of class settlements under the *Hanlon* factors.  *Id.* at *3.  The

**GIBSON DUNN**

The Honorable Jeremy Fogel
June 12, 2014
Page 2

court upheld the district court's approval of the settlement because (1) the plaintiffs faced significant risks in moving forward with the litigation "both in terms of the likelihood of success and cost," (2) the plaintiffs would have a "particularly difficult" time obtaining class certification given the applicable substantive law (including the intervening decision in *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011)), and (3) "the settlement would yield significant benefits for Plaintiffs given the risks and costs of continuing litigation." *Id.* at *3-4.

The Ninth Circuit also rejected the objector's argument that the district court failed to properly consider the "indicia of collusion" identified in *In re Bluetooth Headset Products Liability Litigation*, 654 F.3d 935 (9th Cir. 2011). The court explained that the presence of purported "clear-sailing" and "reversion" clauses (neither of which is present here) alone does not undermine the fairness, reasonableness, and adequacy of the settlement. *Id.* at *4-5. Instead, "it is sufficient that a district court recognizes and balances potentially collusive provisions, such as the reversion to defendants of unclaimed funds, against the other terms of the settlement agreement." *Id.* at *5.

The court also emphasized that there was no requirement that the district court assign a precise value to the injunctive relief in approving the settlement. *Id*. at *4. Citing *Staton v. Boeing Co.*, 327 F.3d 938, 973 (9th Cir. 2003), and *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998), the court explained that injunctive relief can be "amorphous" and "[m]onetary valuation of injunctive relief is difficult and imprecise," and "we have never required a district court to assign a monetary value to purely injunctive relief." 2014 WL 2465049, at *4 & n.1. As a result, "courts cannot 'judge with confidence the value of the terms of a settlement agreement, especially one in which, as here, the settlement provides for injunctive relief.'" *Id.* at *4 (quoting *Staton*, 327 F.3d at 959). Nevertheless, the Ninth Circuit approved the settlement and the award of attorneys' fees (which represented approximately one-third of the lodestar amount). *Id*. at *3.

In its conclusion approving the settlement, the Ninth Circuit highlighted several points that apply with equal force to the settlement negotiated in this case:

> This case was hard fought by skilled lawyers for years, the injunctive terms of the settlement are in our view not illusory because they have practical value, and Plaintiffs' class action theory was under serious threat by developing Supreme Court precedents. The district court was well positioned to follow the case's progress. The development of the parties' settlement was aided by a retired federal judge acting as mediator. We review the district court's approval of the settlement for abuse of discretion, and here the district court did not proceed illogically, improbably or without support from inferences

**GIBSON DUNN**

The Honorable Jeremy Fogel
June 12, 2014
Page 3

        drawn from facts in the record. All things considered, we view the settlement as reasonable and within the range that we should approve.

*Id*. at *7 n.2 (citations omitted).

    HP respectfully submits that the same analysis applies here, and it requests that the Court approve the revised settlement.

Sincerely,

/s/ Christopher Chorba

Christopher Chorba

Attachment