THEODORE H. FRANK (SBN 196332)
    tedfrank@gmail.com
**CENTER FOR CLASS ACTION FAIRNESS**
1718 M Street NW
No. 236
Washington, DC 20036
(703) 203-3848

Attorney for Objectors Theodore H. Frank and Kimberly Schratwieser

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re HP Inkjet Printer Litigation | Case No. C-05-3580 JF (PVT) |
| | **<u>CLASS ACTION</u>** |
| Theodore H. Frank and Kimberly Schratwieser, | **MOTION FOR DECERTIFICATION OF CLASS, OR, IN THE ALTERNATIVE, DISQUALIFICATION OF COTCHETT, PITRE & MCCARTHY, LLP** |
| *Objectors*. | |
| | Judge:     Jeremy Fogel<br>Date:      September 5, 2014<br>Time:      2:00 p.m.<br>Courtroom: 3 – Fifth Floor |

# NOTICE OF MOTION FOR DECERTIFICATION OF THE CLASS OR, IN THE ALTERNATIVE, <u>DISQUALIFICATION OF COTCHETT, PITRE & MCCARTHY, LLP</u>

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on September 5, 2014 at 9:00 a.m., or as soon thereafter as it may be heard, in Courtroom 3 of the above-entitled Court, Objectors Kimberly Schratwieser and Theodore H. Frank will, and hereby do, move for an order decertifying the class or, in the alternative, disqualifying Cotchett, Pitre & McCarthy, LLP from representation of the class.

This Motion is based on this Notice of Motion; the attached Memorandum of Points and Authorities; the Declaration of Theodore H. Frank; all supporting exhibits and other documents; the pleadings, orders, transcripts, and other papers on file in this matter; and any further evidence and argument as may be presented at the hearing of this matter.

Frank provides further notice that he is arguing that the post-fairness-hearing precedent of *Eubank v. Pella Corp*, -- F.3d --, 2014 U.S. App. LEXIS 10330 (7th Cir. Jun. 2, 2014), requires rejection of the settlement.

Dated: August 1, 2014

    Respectfully submitted,

    <u>/s/ Theodore H. Frank</u>
    Theodore H. Frank
    **CENTER FOR CLASS ACTION FAIRNESS**
    1718 M Street NW
    No. 236
    Washington, DC 20036
    (703) 203-3848
    Attorney for Objectors Theodore H. Frank and Kimberly Schratwieser

## MEMORANDUM OF POINTS & AUTHORITIES

**Issues to be Decided:**

1. Does Cal. R. Prof. Conduct 3-310 require disqualification of class counsel that has signed an agreement to represent the defendant?

   Proposed answer: yes.

2. Does Rule 23(g) require decertification of the class where lead class counsel has an intractable conflict of interest requiring disqualification?

   Proposed answer: yes.

**Statement of Facts**

Lead counsel for the class, Cotchett, Pitre & McCarthy LLP, while its motion for settlement and fee approval was pending, negotiated for the right to and agreed to represent the defendant HP, Inc. with a retainer agreement to pay them tens of millions of dollars. *See* Declaration of Theodore H. Frank Exhibit 1 ("Autonomy Settlement Agreement") at Exhibit A; Frank Decl. Exh. 2. Cotchett signed the engagement letter May 21, 2014, but has failed to notify this Court, though Rule 23(e)(3) requires notification to the Court of any side agreements between class counsel and the defendant.

**I.   Lead Counsel's conflict of interest requires disqualification under California law.**

The Schratwieser objectors, who successfully appealed the earlier approval of the fee and settlement to the Ninth Circuit, base this motion on the basic black-letter law principle that an attorney's duty of loyalty prohibits him from representing parties on both sides of litigation. Cal. R. Prof. Conduct 3-310; *e.g.*, *State Farm Mut. Auto. Ins. Co. v. Fed. Ins. Co.*, 72 Cal. App. 4th 1422 (1999). The fiduciary duties to the class continue post-settlement. *In re Trans Union Corp. Privacy Litig.*, 741 F.3d 811, 816 (7th Cir. 2014).

Such a conflict is normally imputed to the entire firm (*e.g.*, *City and County of San Francisco v. Cobra Solutions, Inc.*, 119 Cal. App. 4th 304, 313 (2004)), but the Court need not even reach that issue because the retainer agreement with HP specifically

identifies Niall McCarthy and Justin T. Berger—the attorneys who signed the motion for settlement approval—as attorneys who will bill HP $775/hour and $500/hour respectively for representing HP. Autonomy Settlement Agreement at Exhibit A.

California law applies here. N.D. Cal. Civil L.R. 11-4(a)(1); *Sunbeam Prods. v. Oliso, Inc.*, No. C 13-03577 SI, 2014 U.S. Dist. LEXIS 29058 (N.D. Cal. Mar. 4, 2014); *accord In re County of Los Angeles*, 223 F.3d 990, 995 (9th Cir. 2000). The conflict requires automatic *per se* disqualification under California law. *People ex rel. Dept. of Corporations v. SpeeDee Oil Change Sys., Inc.*, 20 Cal. 4th 1135, 1146, 86 Cal. Rptr. 2d 816, 980 P.2d 371 (1999); *Del Campo v. Mealing*, 2011 U.S. Dist. LEXIS 158019, at *16-*17 (N.D. Cal. Sept. 29, 2011). At a minimum, Cotchett Pitre must be disqualified.

## II. Lead Counsel's conflict of interest requires class decertification under Fed. R. Civ. Proc. 23(g).

Because Cotchett Pitre was lead counsel, the conflict of interest infects all of their co-counsel, none of whom bothered to notify this Court of the conflict of interest, notwithstanding their affirmative obligation to do so under Rule 23(e)(3). *Cf. Eubank v. Pella Corp.*, No. 13-2091, -- F.3d --, 2014 U.S. App. LEXIS 10330 (7th Cir. Jun. 2, 2014) (disqualifying all class counsel for conflict held by one lead attorney); *Creative Montessori Learning Centers v. Ashford Gear LLC*, 662 F.3d 913, 917-18 (7th Cir. 2011).

> In the class action context, "disqualification is more likely because putative class counsel are subject to a 'heightened standard' which they must meet if they are to be allowed by the Court to represent absent class members." *Huston v. Imperial Credit Comm. Mortgage Invest. Corp.*, 179 F. Supp. 2d 1157, 1167 (C.D. Cal. 2001). Because of this "responsibility to absent class members," California holds class counsel to a "heightened" ethical standard with respect to conflict of interest. *Cal Pak Delivery, Inc. v. United Parcel Servs., Inc.*, 52 Cal. App. 4th 1, 12, 60 Cal. Rptr. 2d 207 (Cal. Ct. App. 1997). "The responsibility of class counsel to absent class members whose control over their attorneys is limited does not permit even the appearance of divided loyalties of counsel." *Sullivan v. Chase Inv. Servs. of Boston*, 79 F.R.D. 246, 258 (N.D. Cal. 1978)

(citation omitted). Here, because this is a class action lawsuit, the Court must hold counsel to a heightened standard, under which the Court must be sensitive to "even the appearance of divided loyalties of counsel." *Sullivan*, 79 F.R.D. at 258.

*Del Campo*, 2011 U.S. Dist. LEXIS 158019 at *21-*22. *Accord Radcliffe v. Experian Info Solutions,* 715 F.3d 1157, 1168 (9th Cir. 2013) ("We must be vigilant in guarding against conflicts of interest in class-action settlements because of the 'unique due process concerns for absent class members' who are bound by the court's judgments.") (quoting *In re Bluetooth Headset Products Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011).

The class counsel cannot meet the Rule 23(g)(4) adequacy standard, and the class must be decertified.

**III.   The Autonomy side agreement between HP and Cotchett suggests that the "clear sailing" abrogation was a sham.**

In their motion for settlement, class counsel trumpets the deletion of the clear sailing clause as grounds for settlement approval. Dkt. 330 at 10. Schratwieser objected that the omission of clear sailing was illusory, because HP could *de facto* fail to oppose the attorneys' fees. Dkt. 332 at 4. That fear has since been realized. Though HP was allegedly no longer bound by a contractual clause to oppose class counsel's excessive fee request, they put up only token resistance to the Rule 23(h) request for $2.1 million. HP never filed papers opposing class counsel's fee request; in their one filing in the Court, they did not cite a single case in support of lower fees, and merely made a suggestion that the Court could "consider" reducing fees. Dkt. 334 at 9. We now know why HP put up only token resistance to fees: HP was in negotiations with class counsel to resolve larger litigation, and did not want to offend them. HP's litigation conduct in failing to actually oppose the fees suggests that the clear-sailing clause was only removed from the settlement on paper, that there was an undisclosed side-agreement not to make any serious effort to challenge class counsel's fee request. There is no dispute that HP agreed to compensate class counsel with a separate side agreement to represent HP. HP violated

Rule 23(e)(3) in failing to disclose any of these side agreements, and this is additional grounds to strike the settlement with these class counsel: the parties were actually colluding, not merely tacitly agreeing to an allocation that favored class counsel at the expense of the class.

**IV.    Separately, the post-fairness hearing precedent of *Eubank v. Pella Corp.* requires settlement rejection.**

In their objection, the Schratwieser objectors argued that the settlement was unfair because the Court's reduction of the attorney fee reverted to HP instead of the class. Dkt. 332 at 3. This position has since been endorsed by the Seventh Circuit:

> Still another questionable provision of the settlement, which the judge refused to delete, made any reduction in the $11 million attorneys' fee award revert to Pella, rather than being added to the compensation of the class members.

*Eubank*, *supra*, slip op. at 10. That $0.7 million has reverted to HP—and likely more will revert when this Court reduces the Rule 23(h) request further—makes the settlement unfair because the attorneys put their own interests ahead of the class. This is a separate and independent reason for class decertification under Rule 23(g).

## CONCLUSION

The settlement is a fee-driven settlement for the benefit of class counsel, and must be rejected under Rules 23(a)(4), Rule 23(g), and 23(e). We know for a fact from a previous settlement that class counsel left money on the table to maximize their own recovery through *Bluetooth* self-dealing.

The conflict of interest is crystallized by class counsel's explicit agreement to represent HP in a separate matter for tens of millions of dollars. This requires disqualification of class counsel and decertification of the class.

Frank is willing to waive oral argument and agree to an expedited briefing schedule to resolve this matter quickly without further delay.

Dated: August 1, 2014

Respectfully submitted,

/s/ Theodore H. Frank
Theodore H. Frank
**CENTER FOR CLASS ACTION FAIRNESS**
1718 M Street NW
No. 236
Washington, DC 20036
(703) 203-3848
Attorney for Objectors Theodore H. Frank and Kimberly Schratwieser

## PROOF OF SERVICE

I declare that:

I am employed in the District of Columbia. I am over the age of 18 years; my office mailing address is 1718 M Street NW, No. 236, Washington, DC 20036.

On December 30, 2010, I served the attached motion, memorandum, proposed order, and supporting declaration.

 X   By ECF.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 1, 2014.

                     /s/ *Theodore H. Frank*
                     Theodore H. Frank