**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE HP INKJET PRINTER LITIGATION. | Case No. 5:05-cv-03580-JF<br><br>**ORDER (1) GRANTING RENEWED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; (2) GRANTING IN PART RENEWED MOTION FOR ATTORNEYS' FEES AND COSTS; AND (3) DENYING OBJECTORS' MOTION TO DECERTIFY THE CLASS OR, IN THE ALTERNATIVE, DISQUALIFY CLASS COUNSEL**<br><br>[Re: ECF 329, 330, 338] |

Before the Court are: (1) Plaintiffs' renewed motion for final approval of class action settlement; (2) Plaintiffs' renewed motion for attorneys' fees and costs; and (3) a motion by objectors Theodore H. Frank and Kimberly Schratwieser ("Objectors") to decertify the class or, in the alternative, disqualify class counsel. The Court has considered the briefing and oral argument presented with respect to Plaintiffs' motions; Objectors' motion was submitted without oral argument. *See* Civ. L.R. 7-1(b). For the reasons discussed below, the renewed motion for final approval of class action settlement will be GRANTED, the renewed motion for award of attorneys' fees and costs will be GRANTED IN PART, and the motion to decertify the class or disqualify class counsel will be DENIED.

## I. BACKGROUND

In October 2010, the Court consolidated for settlement three putative class actions against Hewlett-Packard Company ("HP"), each of which asserted that HP had failed to disclose and/or had misrepresented facts about its ink cartridges and printers. *Ciolino*[1] alleged that HP misled consumers into believing that replacement of ink cartridges was necessary when the cartridges in fact were not empty; *Rich*[2] alleged that HP failed to disclose that its color printers use a process called "underprinting" that uses color ink to print black and white text and images; and *Blennis*[3] alleged that HP concealed that certain ink cartridges had expiration dates after which they no longer would work even if ink remained in the cartridges.

The proposed settlement provided for the issuance of coupons (referred to in the settlement agreement as "e-credits") and injunctive relief. HP agreed to issue coupons of up to $5.00 per claimant in *Ciolino*, $2.00 per claimant in *Rich*, and $6.00 per claimant in *Blennis*. HP also agreed to discontinue the use of certain pop-up messages showing an image of an ink gauge, ruler, or container of ink, and to disclose additional information through the cartridge packaging, user manuals, interfaces, and HP website. Following dissemination of a class notice via email, publication, and online advertisements estimated to have reached more than thirteen million class members, three class members filed objections with the Court, 810 excluded themselves, 458 submitted informal comments to the claims administrator, and approximately 122,000 filed claims for coupons.

On March 29, 2011, the Court granted final approval and certified a nationwide settlement class. *See In re HP Inkjet Printer Litig. ("Inkjet I")*, No. 5:05-cv-3580-JF, 2011 WL 1158635 (N.D. Cal. Mar. 29, 2011). The Court made express findings with respect to the factors articulated in *Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998). Using the lodestar method, the Court also approved an award of $1.5 million in attorneys' fees and $596,990.70 in costs. This award was based in part upon the Court's conclusion that the "ultimate value" of the settlement to the class was

---

[1] *Ciolino v. Hewlett-Packard Co.*, Case No. 5:05-cv-03580-JF.

[2] *Rich v. Hewlett-Packard Co.*, Case No. 5:06-cv-03361-JF

[3] *Blennis v. Hewlett-Packard Co.*, Case No. 5:07-cv-00333-JF.

2

roughly $1.5 million. The award was supported by documentation of more than $7 million in actual attorneys' fees, and it reflected a significant reduction of the $2.3 million in fees that Class Counsel requested and that HP had agreed to pay.

On appeal by one of the Objectors, the Court of Appeals concluded that this Court's method of determining the attorneys' fee award did not comply fully with the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1712. Specifically, the Court of Appeals held that under the relevant portion of § 1712:

> If a settlement gives coupon and equitable relief and the district court sets attorneys' fees based on the value of the entire settlement, and not solely on the basis of injunctive relief, then the district court must use the value of the coupons redeemed when determining the value of the coupons part of the settlement.

*In re HP Inkjet Printer Litig. ("Inkjet II")*, 716 F.3d 1173, 1184 (9th Cir. 2013). Because this Court had made an aggregate determination of the value of the settlement and had not considered specifically the value of the coupons redeemed, the Court of Appeals vacated and remanded. The Court of Appeals did not suggest that this Court's *Hanlon* analysis was inadequate.

## II. DISCUSSION

### A. Plaintiffs' Renewed Motions for Final Approval and for Attorneys' Fees and Costs

The Court of Appeals did not address any aspect of this Court's final approval order other than the award of attorneys' fees. Accordingly, only that aspect of the order is addressed in detail here. However, the Court has reviewed the entire record, including its prior *Hanlon* analysis, and for the reasons stated in its previous order it concludes once again that the proposed settlement is fair and reasonable.

In light of the analysis contained in the opinion of the Court of Appeals, Plaintiffs now assert that they do not seek any fees for the coupon portion of the settlement. Instead, they seek the original award of $1.5 million in fees and $596.990.70 in costs based solely on the equitable portion of the settlement, that is, the injunctive relief.

Under 28 U.S.C. § 1712, fees may be awarded as follows:

> **(a) Contingent fees in coupon settlements.** – If a proposed settlement in a class action provides for a recovery of coupons to a class member, the portion of any attorney's fee award to class counsel that is attributable to the award of the coupons

3

shall be based on the value to class members of the coupons that are redeemed.

**(b) Other attorney's fee awards in coupon settlements. –**

**(1) In general. –** If a proposed settlement in a class action provides for a recovery of coupons to class members, and a portion of the recovery of the coupons is not used to determine the attorney's fee to be paid to class counsel, any attorney's fee award shall be based upon the amount of time class counsel reasonably expended working on the action.

**(2) Court approval. –** Any attorney's fee under this subsection shall be subject to approval by the court and shall include an appropriate attorney's fee, if any, for obtaining equitable relief, including an injunction, if applicable. Nothing in this subsection shall be construed to prohibit application of a lodestar with a multiplier method of determining attorney's fees.

**(c) Attorney's fee awards calculated on a mixed basis in coupon settlements. –** If a proposed settlement in a class action provides for an award of coupons to class members and also provides for equitable relief, including injunctive relief –

**(1)** that portion of the attorney's fee to be paid to class counsel that is based upon a portion of the recovery of the coupons shall be calculated in accordance with subsection (a); and

**(2)** that portion of the attorney's fee to be paid to class counsel that is not based upon a portion of the recovery of the coupons shall be calculated in accordance with subsection (b).

28 U.S.C. § 1712(a)-(c).

Subsection (a) "governs cases where the class obtains only coupon relief," and provides that an award of attorneys' fees must be based solely on the value to the class members of the coupons that are redeemed. *Inkjet II*, 716 F.3d at 1182-83. Subsection (b) "applies in situations where a coupon settlement also provides for non-coupon relief, such as equitable or injunctive relief." *Id.* at 1183. Under subsection (b), if the coupon portion of the recovery is not used in the calculation of attorneys' fees, the attorneys' fees must be calculated using the lodestar method. *Id.* Finally, under subsection (c), "[i]f a settlement gives coupon and equitable relief and the district court sets attorneys' fees based on the value of the entire settlement, and not solely on the basis of injunctive relief . . . the district court must perform two separate calculations to fully compensate class counsel." *Id.* at 1184. "First, under subsection (a), the court must determine a reasonable contingency fee based on the actual redemption value of the coupons awarded." *Id.* "Second, under subsection (b), the court must determine a reasonable lodestar amount to compensate class counsel for any non-coupon relief obtained." *Id.* at 1185. "In the end, the total amount of fees awarded

4

under subsection (c) will be the sum of the amounts calculated under subsections (a) and (b)." *Id.*

Since Plaintiffs seek an award under subsection (b) for only the non-coupon portion of the relief obtained by the class, those fees must be calculated using the lodestar method. Plaintiffs argue that the appropriate initial lodestar figure, prior to application of any multiplier, is the $7.4 million dollars that Class Counsel incurred in litigating the action. However, under the foregoing framework the entire amount of fees incurred cannot be the correct starting point, because some portion of those fees must be attributable to obtaining the coupon portion of the settlement. While the Court agrees with Plaintiffs that the injunctive relief obtained in this case addressed the core complaints of the class members and that the value of the coupon relief awarded was modest, the value of the coupon relief clearly was not $0. Accordingly, the starting point for the lodestar calculation must be something less than the entire $7.4 million in fees incurred.

That being said, the Court has no trouble concluding that at least $1.5 million of the total attorneys' fees were incurred in litigating the equitable relief portion of the settlement. Thus if the Court were addressing the motion for attorneys' fees and costs in the first instance, it might well award the entire $1.5 million requested under subsection (b). However, the Court already has found that "the ultimate value of the settlement to the class is roughly $1.5 million." *Inkjet I*, 2011 WL 1158635, at *10. The Court reduced the requested fee award of $2.3 million to $1.5 million, observing that "[t]o allow an award of attorneys' fees to outstrip the benefit to consumers in such cases would undermine the importance of focusing the efforts of class-action counsel on issues that most affect consumers." *Id.* Given that the prior award of $1.5 million was meant to compensate Class Counsel for obtaining the entire settlement, including *both* the coupon and non-coupon aspects, and that the Court's current task is to compensate Class Counsel for obtaining *only* the non-coupon aspects of the settlement, the Court concludes that it must reduce the original $1.5 million award to reflect those fees attributable to the coupon aspect of the settlement.

In its prior order granting final approval of the settlement, the Court observed that the coupons "are nontransferable, redeemable only at HP.com, and cannot be used with other coupons or discounts significantly reduces their cash value." *Inkjet I*, 2011 WL 1158635, at *6. The Court also noted that the coupons were valid only to those class members who continue to use HP printers

5

and who do not have access to a less expensive supply of ink cartridges. *Id.* Plaintiffs' briefing suggests that approximately 404,000 coupons have been claimed by class members, but it is unclear how many of these coupons actually have been *used* by class members to purchase products.

Based on the actual information available and after considering the record as a whole, the Court concludes that a revised award of $1.35 million in attorneys' fees, plus $596,990.70 in costs and expenses, is appropriate in this case. The amount of attorney's fees reflects a ten percent reduction of the amount previously awarded for both coupon and equitable relief, and it represents a lodestar award for Class Counsel's work on the non-coupon portion of the litigation, reduced so that the attorneys' fees award does not exceed the value of the settlement to the class. The Court again will award stipends of $1,000 to each of the class representatives for their time and efforts on behalf of the class.

Objectors have filed opposition to Plaintiffs' motions, asserting that any fee award must take into account the Court's prior determination that the coupons plus the injunctive relief conferred a total value on the class of approximately $1.5 million. As discussed above, the Court has taken that prior determination in to account in awarding a reduced amount of attorneys' fees herein. Objectors also contend that the settlement itself is insufficient. That contention has been addressed previously, and the Court declines to reconsider it here. Finally, Objectors argue that the $1,000 stipends to the class representatives are disproportionate to the class relief. This argument is without merit.

Accordingly, Plaintiffs' renewed motion for final approval of the class action settlement is GRANTED and Plaintiffs' renewed motion for an award of attorneys' fees and costs is GRANTED IN PART as set forth herein.

**B.     Objectors' Motion to Decertify the Class or Disqualify Class Counsel**

Objectors contend that Lead Class Counsel, Cotchett, Pitre & McCarthy LLP ("CPM"), failed to disclose a conflict of interest that is so significant as to require decertification of the class or, in the alternative, disqualification of CPM. Objectors' contentions are based upon a provision of a proposed settlement agreement in another case, *In re Hewlett-Packard Co. Shareholder Derivative Litig.*, 3:12-cv-06003-CRB. CPM is lead plaintiffs' counsel in that case, and at the time Objectors filed the instant motion the proposed settlement agreement provided that HP would retain CPM as

6

its counsel in certain future proceedings. Objectors argue that this promise of lucrative future employment by HP creates a disqualifying conflict with respect to CPM's representation of the class in the present action against HP.

"The purpose of a disqualification order is prophylactic, not punitive." *Kirk v. First American Title Ins. Co.*, 183 Cal.App.4th 776, 815 (2010).[4] "That is, the issue is whether there is a genuine likelihood that allowing the attorney to remain on the case will affect the outcome of the proceedings before the court." It is notable, and in the Court's view dispositive, that the present case was fully litigated, and judgment entered, before the derivative action even was filed. This case would have been fully concluded but for the conclusion of the Court of Appeals that this Court erred in its valuation of the coupon portion of the settlement. On remand, the Court's tasks are limited to (1) reviewing the record to confirm the prior determination that the settlement is fair and reasonable, and (2) determining an appropriate fee award in light of the guidance offered by the Court of Appeals. Given the posture of the present case at the time the retainer provision was negotiated in the derivative litigation, it is far from clear that the retainer provision created a conflict at all, let alone a conflict so significant as to infect the entirety of the *present* litigation.

Subsequent to the completion of briefing on Objectors' motion, the district judge presiding over the derivative litigation declined to grant preliminary approval of the settlement agreement because of his concerns about the propriety of the retainer provision. *See* Tr. of 8/25/2014 Hrg. at 10-11, 24, ECF 199 (Case No. 3:12-cv-06003-CRB). The settlement agreement in the derivative litigation then was revised to omit the provision, and a hearing on a motion for preliminary approval of the revised settlement agreement was conducted on September 26, 2014. At that hearing, the judge clarified on the record that the settlement agreement does not provide for HP's future employment of CPM and that there is no private agreement for such employment. Tr. of 9/26/2014 Hrg. at 40, ECF 238 (Case No. 3:12-cv-06003-CRB). In light of these developments, to the extent that Objectors' motion had any merit, it now appears to be moot. Accordingly, the motion is DENIED.

---

[4] Federal courts "apply state law in determining matters of disqualification." *In re County of Los Angeles*, 223 F.3d 990, 995 (9th Cir. 2000).

7

**III. ORDER**

For the foregoing reasons,

(1) Plaintiffs' renewed motion for final approval of class action settlement is GRANTED.

(2) Plaintiffs' renewed motion for attorneys' fees and costs is GRANTED IN PART. Class counsel are awarded $1.35 million in attorneys' fees in compensation for their work on the non-coupon portion of the settlement, and are awarded $596,990.70 in costs and expenses. Additionally, each named class representative is awarded a stipend in the amount of $1,000.

(3) Objectors' motion to decertify the class or, in the alternative, to disqualify class counsel, is DENIED.

Dated: September 30, 2014

_____
JEREMY FOGEL
United States District Judge