NIALL P. McCARTHY (SBN 160175)
nmccarthy@cpmlegal.com
JUSTIN T. BERGER (SBN 250346)
jberger@cpmlegal.com
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road
Burlingame, CA  94010
Tel:  (650) 697-6000/ Fax:  (650) 697-0577

BRIAN S. KABATECK (SBN 152054)
bsk@kbklawyers.com
RICHARD L. KELLNER (SBN 171416)
rlk@kbklawyers.com
**KABATECK BROWN KELLNER LLP**
644 South Figueroa Street
Los Angeles, CA  90017
Tel:  (213) 217-5000 / Fax:  (213) 217-5010

STEVEN N. BERK (*admitted pro hac vice*)
steven@berklawdc.com
**BERK LAW PLLC**
1225 15th Street, N.W.
Washington D.C.  20005
Tel:  (202) 232-7550 / Fax:  (202) 232-7556

[Additional Counsel Listed on Signature Page]

*Counsel for Plaintiffs and the Settlement Class
and On Behalf of the Proposed Settlement Class*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| **In Re: HP Inkjet Printer Litigation** | Master File No. C053580 JF (PVT) |
| | ~~[PROPOSED]~~ **FINAL JUDGMENT** |
| This Document Relates To:<br>All Actions | |

1

### ~~[PROPOSED]~~ JUDGMENT

2      WHEREAS, by order dated October 1, 2010, this Court granted preliminary approval of

3   the proposed class action Settlement[1] between the parties and consolidated the following cases:

4   *In re: HP Inkjet Printer Litigation*, Case No. C05-3580 JF; *Rich v. Hewlett-Packard Co.*, Case

5   No. C06-03361 JF; and *Blennis v. Hewlett-Packard Co.*, Case No. C07-00333 JF (collectively,

6   the "Action").

7      WHEREAS, the Court also provisionally certified a nationwide Settlement Class for

8   settlement purposes only, approved the procedure for giving notice and forms of notice, and set

9   a final fairness hearing to take place on January 28, 2011.  On that date, the Court held a duly

10  noticed final fairness hearing to consider:  (1) whether the terms and conditions of the

11  Stipulation of Settlement are fair, reasonable and adequate; (2) whether a judgment should be

12  entered dismissing the named Plaintiffs' complaints on the merits and with prejudice in favor

13  of Defendant Hewlett-Packard Company ("HP") and against all persons or entities who are

14  Settlement Class Members; and (3) whether and in what amount to award attorney's fees and

15  expenses to counsel for the Settlement Class.

16     WHEREAS, by order dated March 29, 2011, this Court determined that the Stipulation

17  of Settlement was fair, reasonable, and adequate and should receive final approval.

18     WHEREAS, relying primarily on the Ninth Circuit's decision in *In re Bluetooth*

19  *Headset Products Liability Litigation*, 654 F.3d 935 (9th Cir. 2011), Objectors Theodore Frank

20  and Kimberly Schratwieser ("Objectors") appealed the Court's final approval order, arguing

21  that:  (1) the Settlement was collusive; (2) the class notice was confusing; and (3) the attorneys'

22  fees award of $1,500,000 was excessive.

23     WHEREAS, on May 15, 2013, a split panel of the Ninth Circuit reversed the Court's

24  final approval order on the basis that the Court applied an incorrect method of calculating

25  attorneys' fees under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1712, and

26  remanded for further consideration.  *In re HP Inkjet Printer Litig. ("Inkjet II")*, 716 F.3d 1173,

27

28

---

[1]      As stated below, unless otherwise noted, all capitalized terms used in this Final Judgment shall have the meanings set forth in the Stipulation of Settlement (Docket No. 253-2).

1

1    1186-87 (9th Cir. 2013).

2         WHEREAS, following remand, by Renewed Motion for Final Approval dated January

3    7, 2014, Plaintiffs again sought approval of the Settlement, on the same bases upon which the

4    Court previously granted approval.  On the same date, Plaintiffs also filed a Renewed Motion

5    for Attorneys' Fees and Costs.

6         WHEREAS, the parties made one amendment to the Stipulation of Settlement to

7    remove the following sentence from paragraph 44:  "HP does not oppose, and will not

8    encourage or assist a third party in opposing, Class Counsel's request for attorneys' fees, costs

9    and expenses up to Two Million Nine Hundred Thousand Dollars ($2,900,000.00), nor does

10   HP contest the reasonableness of the amount."

11        WHEREAS, by order dated September 30, 2014 ("Remand Final Approval Order"),

12   this Court (1) again granted final approval of the Settlement pursuant to the settlement approval

13   factors in *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998), (2) granted in part

14   and denied in part Plaintiffs' request for attorneys' fees in accordance with the Ninth Circuit's

15   opinion in *Inkjet II* and CAFA, and (3) denied Objectors' request to decertify the Settlement

16   Class, disqualify Cotchett, Pitre & McCarthy, LLP, or reject the Settlement.

17        WHEREAS, the Court considered all matters submitted to it, and it appears that notice

18   substantially in the form approved by the Court was given in the manner that the Court ordered.

19   Direct email notice was provided to 13,387,489 class members, with a delivery rate of

20   approximately 89%.  In addition, notices were published in USA WEEKEND, PARADE, PEOPLE,

21   and CIO MAGAZINE, and in banner advertisements on Yahoo.com and other websites through

22   24/7 Real Media Network, and reached an estimated 74% of the class.

23        WHEREAS, the Settlement Class Members have had a positive reaction to the

24   Settlement.  Despite the success of the notice program in reaching class members, very few

25   individuals have expressed displeasure with the Settlement:

26
27
28

| Filed Objections | 3 |
|---|---|
| Non-filed comments/complaints | 458 |
| Opt-outs | 810 |

2

1

2      WHEREAS, the Settlement was the result of extensive and intensive arm's-length

3  negotiations occurring over several years and multiple mediation sessions with several

4  respected mediators—the Honorable Daniel Weinstein of JAMS, the Honorable James L.

5  Warren of JAMS, and Alexander S. Polsky, Esq.—and Judge Warren has submitted a

6  declaration explaining that the Settlement was negotiated by the parties at arm's length and in

7  good faith.  Counsel for the parties are highly experienced in this type of litigation, with full

8  knowledge of the risks inherent in this Action.  The extent of written discovery, depositions,

9  document productions, and independent investigations by counsel for the parties, and the

10  factual record compiled, suffices to enable the parties to make an informed decision as to the

11  fairness and adequacy of the Settlement.

12      WHEREAS, the Court has determined that the proposed Settlement of the claims of the

13  Settlement Class Members against HP, as well as the release of HP and the Released Parties,

14  the significant relief provided to the Settlement Class Members—in the form of HP's

15  agreement to discontinue the use of certain pop-up messaging and to make certain changes to

16  the disclosures on its website and the packaging, manuals and/or user interfaces for HP inkjet

17  printers, as well as HP's agreement to contribute e-credits to be distributed to Settlement Class

18  Members—as described in the Stipulation of Settlement, and the below award of attorney's

19  fees and expenses requested, are fair, reasonable and adequate.

20      NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

21      1.      The Stipulation of Settlement, as amended and including any attachments thereto

22  (Docket Nos. 253-2, 330-1), and the Court's Remand Final Approval Order (Docket No. 345)

23  are expressly incorporated by reference into this Final Judgment and made a part hereof for all

24  purposes.  Except where otherwise noted, all capitalized terms used in this Final Judgment shall

25  have the meanings set forth in the Stipulation of Settlement.

26      2.      The Court has personal jurisdiction over the Parties and all Settlement Class

27  Members, and has subject-matter jurisdiction over this Action, including, without limitation,

28  jurisdiction to approve the proposed Settlement, to grant final certification of the Settlement

3

1    Class, to settle and release all claims arising out of the transactions alleged in Plaintiffs'

2    complaints in the Action, and to dismiss this Action on the merits and with prejudice.

3         3.      The Court finds, for settlement purposes only and conditioned upon the entry of

4    this Final Judgment and upon the occurrence of the Effective Date, that the prerequisites for a

5    class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been

6    satisfied in that:  (a) the number of Settlement Class Members is so numerous that joinder of all

7    members thereof is impracticable; (b) there are questions of law and fact common to the

8    Settlement Class; (c) the claims of the Plaintiffs are typical of the claims of the Settlement

9    Class they seek to represent for purposes of settlement; (d) the Plaintiffs have fairly and

10   adequately represented the interests of the Settlement Class and will continue to do so, and the

11   Plaintiffs have retained experienced counsel to represent them; (e) for purposes of settlement,

12   the questions of law and fact common to the Settlement Class Members predominate over any

13   questions affecting any individual Settlement Class Member; and (f) for purposes of settlement,

14   a class action is superior to the other available methods for the fair and efficient adjudication of

15   the controversy.  The Court also concludes that, because this Action is being settled rather than

16   litigated, the Court need not consider manageability issues that might be presented by the trial

17   of a nationwide class action involving the issues in this case.  *See Amchem Prods.*, *Inc. v.*

18   *Windsor*, 521 U.S. 591, 620 (1997).  In making these findings, the Court has considered,

19   among other factors:  (i) the interests of Settlement Class Members in individually controlling

20   the prosecution or defense of separate actions; (ii) the impracticability or inefficiency of

21   prosecuting or defending separate actions; (iii) the extent and nature of any litigation

22   concerning these claims already commenced; and (iv) the desirability of concentrating the

23   litigation of the claims in a particular forum.  The Court takes guidance in its consideration of

24   certification and settlement issues from *Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir.

25   1998).

26        4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby

27   finally certifies this Action for settlement purposes as a nationwide class action on behalf of:

28   all individual or entity end-users located in the United States who purchased or received as a

1    gift an Affected Model from September 6, 2001, to September 1, 2010 (the "Settlement

2    Class"). As defined in the Stipulation of Settlement, "Settlement Class Member(s)" means any

3    member of the Settlement Class who does not elect exclusion or opt out from the Settlement

4    Class pursuant to the terms and conditions for exclusion set out in the Stipulation of Settlement

5    and the Long Form Notice. Excluded from the Settlement Class are all persons who are

6    employees, directors, officers, and agents of HP or its subsidiaries and affiliated companies, as

7    well as the Court and its immediate family and staff.

8         5.    The Court appoints the law firms of Cotchett, Pitre & McCarthy; Kabateck

9    Brown Kellner, LLP; Berk Law PLLC; Chavez & Gertler LLP; Cuneo, Waldman & Gilbert,

10    LLC; Edelson & Associates, LLC; The Garcia Law Firm; Law Offices of Michael D. Liberty;

11    Law Offices of Scott E. Shapiro, P.C.; McNicholas & McNicholas, LLP; Pearson, Simon,

12    Soter, Warshaw & Penny, LLP; and Seeger Weiss, LLP as counsel for the Class ("Class

13    Counsel"). The Court designates named Plaintiffs Daniel Feder, Nicklos Ciolino, Carl K. Rich,

14    David Duran, Jackie Blennis, and David Brickner as the representatives of the Settlement

15    Class. The Court finds that these named Plaintiffs and Class Counsel have fully and adequately

16    represented the Settlement Class for purposes of entering into and implementing the Stipulation

17    of Settlement and have satisfied the requirements of Rule 23(a)(4) of the Federal Rules of Civil

18    Procedure.

19         6.    The Court finds that the email notice and publication notice in accordance with

20    the terms of the Stipulation of Settlement and this Court's Preliminary Approval Order, and as

21    explained in the declarations filed before the Fairness Hearing:

22              (a)    constituted the best practicable notice to Settlement Class Members under

23    the circumstances of this Action;

24              (b)    were reasonably calculated, under the circumstances, to apprise

25    Settlement Class Members of (i) the pendency of this class action, (ii) their right to exclude

26    themselves from the Settlement Class and the proposed Settlement, (iii) their right to object to

27    any aspect of the proposed Settlement (including final certification of the Settlement Class, the

28    fairness, reasonableness or adequacy of the proposed Settlement, the adequacy of the

5

1    Settlement Class's representation by Plaintiffs or Class Counsel, and/or the award of attorneys'

2    and representative fees), (iv) their right to appear at the Fairness Hearing (either on their own

3    or through counsel hired at their own expense), and (v) the binding effect of the orders and

4    Final Judgment in this Action, whether favorable or unfavorable, on all persons and entities

5    who do not request exclusion from the Settlement Class;

6            (c)    constituted reasonable, due, adequate, and sufficient notice to all persons

7    and entities entitled to be provided with notice; and

8            (d)    fully satisfied the requirements of the Federal Rules of Civil Procedure,

9    including Rule 23(c)(2) and (e) of the Federal Rules of Civil Procedure, the United States

10   Constitution (including the Due Process Clause), the Rules of this Court, and any other

11   applicable law.

12       7.    The Court finds that HP provided notice of the proposed Settlement to the

13   appropriate state and federal government officials pursuant to 28 U.S.C. § 1715.  Furthermore,

14   the Court has given the appropriate state and federal government officials the requisite ninety

15   (90) day time period (pursuant to 28 U.S.C. § 1715) to comment or object to the proposed

16   Settlement before entering its Final Judgment and no such objections or comments were

17   received.

18       8.    The terms and provisions of the Stipulation of Settlement, including any and all

19   amendments and exhibits, have been entered into in good faith and are hereby fully and finally

20   approved as fair, reasonable and adequate as to, and in the best interests of, the Plaintiffs and

21   the Settlement Class Members, and in full compliance with all applicable requirements of the

22   Federal Rules of Civil Procedure, the United States Constitution (including the Due Process

23   Clause), and any other applicable law.  In determining that the Stipulation of Settlement is fair,

24   adequate, and reasonable, the Court expressly considered the factors identified by the Ninth

25   Circuit's precedents.  The Court finds that the Stipulation of Settlement is fair, adequate and

26   reasonable based on the following factors, among other things:

27

28

6

1          (a)      There is no fraud or collusion underlying the Settlement, and it was

2    reached after good faith, arm's-length negotiations, warranting a presumption in favor of

3    approval. *Officers for Justice v. Civil Serv. Comm'n.*, 688 F.2d 615, 625 (9th Cir. 1982).

4          (b)      The complexity, expense and likely duration of the litigation favor

5    settlement on behalf of the Settlement Class, which provides meaningful benefits on a much

6    shorter time frame than otherwise possible. *Class Plaintiffs v. Seattle*, 955 F.2d 1268, 1276

7    (9th Cir. 1992) (the Ninth Circuit has a "strong judicial policy that favors settlements,

8    particularly where complex class action litigation is concerned"). Based on the stage of the

9    proceedings and the amount of investigation and informal discovery completed, the parties had

10   developed a sufficient factual record to evaluate their chances of success at trial and the

11   proposed Settlement. In addition, the parties negotiated the benefits to the class *before*

12   discussing Plaintiffs' claim to attorneys' fees. *See In re Apple Deriv. Litig.*, No. 06-4128, 2008

13   U.S. Dist. LEXIS 108195, at *11-12 (N.D. Cal. Nov. 5, 2008) (parties' negotiations free of

14   collusion because, among other things, the parties negotiated the benefits to the class before

15   discussing attorneys' fees).

16         (c)      The support of Class Counsel, who are highly skilled in class action

17   litigation such as this, and the Plaintiffs, who have participated in this litigation and evaluated

18   the proposed Settlement, also favors final approval. *See Boyd v. Bechtel Corp.*, 485 F. Supp.

19   610, 622 (N.D. Cal. 1979); *Class Plaintiffs*, 955 F.2d at 1291.

20         (d)      The Settlement provides meaningful relief to the Settlement Class,

21   including the injunctive relief and e-credits, and certainly falls within the range of possible

22   recoveries by the Settlement Class.

23         (e)      The portion of the Settlement Class taking issue with the Settlement

24   (whether by objection, comment/complaint, or opt-out) is miniscule by any measure—whether

25   relative to the size of the class (less than *four-thousandth* of 1%, conservatively assuming 40

26   million class members, based on more than 100 million units shipped during the class period),

27   or the number of notices sent (less than *one-hundredth* of 1%). These low objection and opt-

28   out numbers weigh in favor of approval. *See Garner v. State Farm Mut. Auto. Ins. Co.*, No. 08-

7

1   1365, 2010 WL 1687832, at \*14 (N.D. Cal. Apr. 22, 2010) ("Court 'may appropriately infer

2   that a class settlement is fair, adequate, and reasonable when few class members object to it'";

3   quoting *Create-A-Card*, *Inc. v. Intuit*, *Inc.*, No. 07-6452, 2009 WL 3073920, at \*15 (N.D. Cal.

4   Sept. 22, 2009)); *In re Omnivision Techs.*, *Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2008)

5   ("It is established that the absence of a large number of objections to a proposed class action

6   settlement raises a strong presumption that the terms of a proposed class settlement action are

7   favorable to the class members.").

8         The parties are directed to consummate the Stipulation of Settlement in

9   accordance with its terms and conditions.  The Court hereby declares that the Stipulation of

10  Settlement is binding on all parties and Settlement Class Members, and it is to be preclusive in

11  all pending and future lawsuits or other proceedings.

12        9.      As described in the Stipulation of Settlement, HP has agreed to contribute e-

13  credits to be distributed to eligible Settlement Class Members, and, not later than forty-five

14  (45) days following the Effective Date, to provide for the following injunctive relief:

15        **(a)**     ***Ciolino* Action**

16              (i)      HP will discontinue the use of Pop-Up LOI Messages (as that term

17  is defined in the Stipulation of Settlement) that include the graphic image of an ink gauge,

18  ruler, or container of ink;

19              (ii)     Where HP uses graphic images in the Toolbox to communicate

20  ink level information, HP will include language indicating that the ink level information is an

21  estimate only and that actual ink levels may vary;

22              (iii)    HP's Pop-Up LOI Messages at the low-on-ink trigger points will

23  use language indicating that the cartridge is low on ink, without stating that a precise level of

24  ink remains, and that HP recommends that the customer have a replacement cartridge available

25  when print quality is no longer acceptable;

26              (iv)     HP will incorporate disclosures into its website explaining that

27  HP's LOI Messages are based on estimated ink levels and that actual ink levels may vary.  HP

28  will further explain that the user does not have to replace a print cartridge when a LOI Message

8

1   is received, but rather may continue printing until the user is not satisfied with the print quality

2   of the printed material or, if applicable, when the user reaches a "replace cartridge" message;

3   and

4                        (v)     Going forward for newly introduced HP color inkjet printer

5   models that utilize LOI Messages, HP will incorporate disclosures into its user manuals

6   explaining that HP's LOI Messages are based on estimated ink levels and that actual ink levels

7   may vary.  HP will further explain that the user does not have to replace a print cartridge when

8   a LOI Message is received, but rather may continue printing until the user is not satisfied with

9   the print quality of the printed material or, if applicable, when the user reaches a "replace

10  cartridge" message.

11               **(b)     _Rich_ Action**

12                        (i)      HP will incorporate on its website disclosures regarding

13  Underprinting, including a description of what Underprinting (as that term is defined in the

14  Stipulation of Settlement) is, why it is used, and some of the options for disabling or

15  minimizing the use of Underprinting;

16                        (ii)     Going forward for newly introduced HP color inkjet printer

17  models that use Underprinting, HP will incorporate into its user manuals disclosures regarding

18  Underprinting and the available options to disable or minimize the use of the color inkjet

19  cartridge, including the "Print in Grayscale"/"Black print cartridge only" option and "Draft"

20  mode;

21                        (iii)    HP will incorporate on its website disclosures regarding Page

22  Yields, including a summary of HP's ISO testing for Page Yields and an explanation that actual

23  yield varies depending on the content of printed pages and other factors; and

24                        (iv)     Going forward for newly introduced HP color inkjet printer

25  models, HP will incorporate into its user manuals disclosures regarding Page Yields, including

26  a link to its website regarding Page Yields.

27

28

9

**(c)   *Blennis* Action**

(i)   HP will incorporate disclosures into its website regarding Ink Expiration, the inkjet printers and cartridges that are subject to Ink Expiration, why HP employs Ink Expiration dates for certain printer models, and how Ink Expiration works; and

(ii)   HP will include on the cartridge packaging for those inkjet cartridges that utilize Ink Expiration dates without an override feature a disclosure indicating that there is an Ink Expiration date and how that date is determined.

10.   The terms and requirements of the Injunctive Relief described in the preceding paragraph shall expire the earliest of the following dates:  (a) three (3) years after the Effective Date; or (b) the date upon which there are such changes in the technology that would render any of the disclosures described in the preceding paragraph inaccurate; or (c) the date upon which there are changes to any applicable statute, regulation, or other law that HP reasonably believes would require a modification to any of the disclosures described in the preceding paragraph in order to comply with the applicable statute, regulation, or law.  Nothing in this Final Judgment shall prevent HP from implementing disclosure changes prior to the Effective Date.  This Final Judgment does not preclude HP from making further disclosures or any changes to its disclosures:  (i) that HP reasonably believes are necessary to comply with any statute, regulation, or other law of any kind; (ii) that are necessitated by product changes and/or to ensure that HP provides accurate product descriptions; or (iii) that are more detailed than those required by the Stipulation of Settlement and/or this Final Judgment.  In addition, HP is not responsible for changes to or removal of disclosures as a result of software changes implemented by third parties, including but not limited to changes in print driver software controlled by the operating system manufacturer.

11.   Pursuant to Rule 23(h) of the Federal Rules of Civil Procedure, the Court hereby awards Class Counsel attorney's fees of $1,350,000 and expenses of $596,990.70 and stipends of $1,000 to each of the class representatives.  The attorneys' fees are based solely on the amount of time Class Counsel reasonably expended on the non-e-credit portion of the Settlement.  The Court has evaluated the request for attorneys' fees and excluded any fees

10

1   related to the amount of time Class Counsel expended on the e-credit portion of the Settlement.

2   HP shall pay such attorney's fees and expenses and class representative stipends within thirty

3   (30) days of the Effective Date in the manner described in the Stipulation of Settlement.  Such

4   payment by HP will be in lieu of statutory fees Plaintiffs and/or their attorneys might otherwise

5   have been entitled to recover, and this amount shall be inclusive of all fees and costs of Class

6   Counsel in the Action.  In the event that any dispute arises relating to the allocation of fees

7   amongst Class Counsel and any other attorneys for Plaintiffs, Class Counsel will hold HP

8   harmless from any and all such liabilities, costs, and expenses of such dispute.

9       12.    This Action is hereby dismissed with prejudice and without costs as against HP

10  and the Released Parties.  Specifically, the following matters are to be dismissed with

11  prejudice:  (a) *In re: HP Inkjet Printer Litigation*, Case No. C05-3580 JF; (b) *Rich v. Hewlett-*

12  *Packard Company*, Case No. C06-03361 JF; and (c) *Blennis v. Hewlett-Packard Company*,

13  Case No. C07-00333 JF.

14      13.    Upon the Effective Date, the Releasing Parties (as that term is defined in the

15  Stipulation of Settlement) shall be deemed to have, and by operation of the Final Judgment

16  shall have, fully, finally and forever released, relinquished, and discharged all Released Claims

17  against the Released Parties.  Released Claims means and includes any and all claims,

18  demands, rights, damages, obligations, suits, debts, liens, and causes of action of every nature

19  and description whatsoever, ascertained or unascertained, suspected or unsuspected, existing or

20  claimed to exist, including unknown claims (as described in Paragraph 14 below) as of the

21  Effective Date by all of the Plaintiffs and all Settlement Class Members (and Plaintiffs' and

22  Settlement Class Members' respective heirs, executors, administrators, representatives, agents,

23  attorneys, partners, successors, predecessors-in-interest, and assigns) that:

24          (i)    were brought or that could have been brought against the Released

25  Parties, or any of them, and that arise out of or are related in any way to any or all of the acts,

26  omissions, facts, matters, transactions, or occurrences that were or could have been directly or

27  indirectly alleged or referred to in the Action (including, but not limited to alleged violations of

28  state consumer protection, unfair competition, and/or false or deceptive advertising statutes

(including, but not limited to, Cal. Bus. & Prof. Code § 17200 *et seq.*, Cal. Bus. & Prof. Code § 17500 *et seq.*, and Cal. Civ. Code § 1750 *et seq.*); breach of contract; breach of express or implied warranty; fraud; unjust enrichment, restitution, trespass, conversion, declaratory or injunctive relief, and other equitable claims or claims sounding in contract and tort); and

(ii)    relate in any way to the quantity of output, amount of usable ink or value received from the Affected Models and their corresponding inkjet cartridges, including but not limited to all claims that relate in any way to:

(A)    the end-of-life or out-of-ink behavior or messages of the Affected Models and their corresponding inkjet cartridges;

(B)    HP's use of smart chips or other devices that electronically store data in connection with the Affected Models and their corresponding inkjet cartridges;

(C)    HP's use of LOI Messages or any other representations concerning the status of the ink remaining in an inkjet cartridge, including the amount of ink or number or pages remaining, in connection with the Affected Models and their corresponding inkjet cartridges;

(D)    HP's use of Ink Expiration dates in connection with the Affected Models and their corresponding inkjet cartridges;

(E)    HP's use of Underprinting in connection with the Affected Models and their corresponding inkjet cartridges;

(F)    HP's Page Yields for the Affected Models and their corresponding inkjet cartridges;

(G)    the quantity and other characteristics of printed output from the Affected Models and their corresponding inkjet cartridges;

(H)    the amount of usable ink in the HP inkjet cartridges used with the Affected Models;

(I)    HP's SureSupply program as it relates to ink status graphics and messaging and related marketing materials; and

(J)    HP's specifications, marketing, disclosures, warranties, and representations (or lack thereof) regarding the quantity of output, amount of usable ink, or value of ink received from the Affected Models and their corresponding inkjet cartridges.

12

1    Released Claims do not include:  (i) claims for personal injury; or (ii) claims for repair or

2    service of Affected Models that, at the time of the Effective Date, are covered by any express

3    product warranty by HP.

4           14.     The Released Claims include known and unknown claims relating to the Action,

5    and the Stipulation of Settlement is expressly intended to cover and include all such injuries or

6    damages, including all rights of action thereunder.  Settlement Class Members have expressly,

7    knowingly, and voluntarily waived the provisions of Section 1542 of the California Civil Code,

8    which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE
> CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER
> FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF
> KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS
> OR HER SETTLEMENT WITH THE DEBTOR.

Settlement Class Members have expressly waived and relinquished any and all rights and

benefits that they may have under, or that may be conferred upon them by, the provisions of

Section 1542 of the California Civil Code, or any other law of any state or territory that is

similar, comparable, or equivalent to Section 1542, to the fullest extent that they may lawfully

waive such rights or benefits pertaining to the Released Claims.  In connection with such

waiver and relinquishment, the Settlement Class Members have acknowledged that they are

aware that they or their attorneys may hereafter discover claims or facts in addition to or

different from those that they now know or believe exist with respect to Released Claims, but

that it is their intention to hereby fully, finally, and forever settle and release all of the Released

Claims known or unknown, suspected or unsuspected, that they have against the Released

Parties.  In furtherance of such intention, the release herein given by the Settlement Class

Members to the Released Parties shall be and remain in effect as a full and complete general

release notwithstanding the discovery or existence of any such additional different claims or

facts.  Each of the parties expressly acknowledged that it has been advised by its attorney of the

contents and effect of Section 1542, and with knowledge, each of the parties has expressly

waived whatever benefits it may have had pursuant to such section.  Settlement Class Members

13

1   are not releasing any claims for personal injury or any claims for repair or service of Affected

2   Models (as defined by the Stipulation of Settlement) that are, at the time of the Effective Date,

3   covered by any express product warranty by HP.  Plaintiffs have acknowledged, and the

4   Settlement Class Members shall be deemed by operation of the Final Judgment to have

5   acknowledged, that the foregoing waiver was separately bargained for and a material element

6   of the Settlement of which this release is a part.

7          15.     Members of the Settlement Class who have opted out of or sought exclusion from

8   the Settlement by the date set by the Court do not release their claims and will not obtain any

9   benefits of the Settlement.

10         16.     The Court orders that, upon the Effective Date, the Stipulation of Settlement shall

11  be the exclusive remedy for any and all Released Claims of Settlement Class Members.  The

12  Court thus hereby permanently bars and enjoins Plaintiffs, all Settlement Class Members, and

13  all persons acting on behalf of, or in concert or participation with such Plaintiffs or Settlement

14  Class Members (including but not limited to the Releasing Parties), from:  (a) filing,

15  commencing, asserting, prosecuting, maintaining, pursuing, continuing, intervening in, or

16  participating in, or receiving any benefits from, any lawsuit, arbitration, or administrative,

17  regulatory or other proceeding or order in any jurisdiction based upon or asserting any of the

18  Released Claims; (b) bringing a class action on behalf of Plaintiffs or Settlement Class

19  Members, seeking to certify a class that includes Plaintiffs or Settlement Class Members, or

20  continuing to prosecute or participate in any previously filed and/or certified class action, in

21  any lawsuit based upon or asserting any of the Released Claims.

22         17.     Neither the Stipulation of Settlement, nor any of its terms and provisions, nor any

23  of the negotiations or proceedings connected with it, nor any of the documents or statements

24  referred to therein, nor any of the documents or statements generated or received pursuant to

25  the claims administration process, shall be:

26              (a)     offered by any person or received against HP as evidence or construed as

27  or deemed to be evidence of any presumption, concession, or admission by HP of the truth of

28  the facts alleged by the Plaintiffs or any Settlement Class Member or the validity of any claim

14

1   that has been or could have been asserted in the Action or in any litigation, or other judicial or

2   administrative proceeding, or the deficiency of any defense that has been or could have been

3   asserted in the Action or in any litigation, or of any liability, negligence, fault or wrongdoing of

4   HP;

5           (b)     offered by any person or received against HP as evidence of a

6   presumption, concession or admission of any fault, misrepresentation or omission with respect

7   to any statement or written document approved or made by HP or any other wrongdoing by

8   HP;

9           (c)     offered by any person or received against HP or as evidence of a

10  presumption, concession, or admission with respect to any default, liability, negligence, fault,

11  or wrongdoing, or in any way interpreted, construed, deemed, invoked, offered, received in

12  evidence, or referred to for any other reason against any of the settling parties, in any civil,

13  criminal, or administrative action or proceeding; provided, however, that nothing contained in

14  this paragraph shall prevent the Stipulation of Settlement (or any agreement or order relating

15  thereto) from being used, offered, or received in evidence in any proceeding to approve,

16  enforce, or otherwise effectuate the Settlement (or any agreement or order relating thereto) or

17  the Final Judgment, or in which the reasonableness, fairness, or good faith of the parties in

18  participating in the Settlement (or any agreement or order relating thereto) is an issue, or to

19  enforce or effectuate provisions of the Settlement, the Final Judgment, or the Proofs of Claim

20  and Release as to HP, Plaintiffs, or the Settlement Class Members; or

21          (d)     offered by any person or received against any Plaintiff or class

22  representative as evidence or construed as or deemed to be evidence that any of their claims in

23  any of the cases consolidated herein lack merit.

24          Notwithstanding the foregoing, HP may file the Stipulation of Settlement, this

25  Final Judgment, and/or any of the documents or statements referred to therein in support of any

26  defense or claim that is binding on and shall have *res judicata*, *collateral estoppel*, and/or

27  preclusive effect in all pending and future lawsuits or other proceedings maintained by or on

28

15

[PROPOSED]                                                          Master File No. C05-3580 JF
FINAL JUDGMENT

1  behalf of Plaintiffs and/or any other Settlement Class Members, and each of them, as well as

2  their heirs, executors, administrators, successors, assigns, and/or any other of the Releasing

3  Parties.

4        18.    The Court has jurisdiction to enter this Final Judgment.  Without in any way

5  affecting the finality of this Final Judgment, this Court expressly retains exclusive and

6  continuing jurisdiction over the parties, including the Settlement Class, and all matters relating

7  to the administration, consummation, validity, enforcement and interpretation of the Stipulation

8  of Settlement and of this Final Judgment, including, without limitation, for the purpose of:

9        (a)    enforcing the terms and conditions of the Stipulation of Settlement and

10  resolving any disputes, claims or causes of action that, in whole or in part, are related to or

11  arise out of the Stipulation of Settlement, and/or this Final Judgment (including, without

12  limitation: whether a person or entity is or is not a Settlement Class Member; whether claims or

13  causes of action allegedly related to this Action are or are not barred or released by this Final

14  Judgment; and whether persons or entities are enjoined from pursuing any claims against HP);

15        (b)    entering such additional orders, if any, as may be necessary or appropriate

16  to protect or effectuate this Final Judgment and the Stipulation of Settlement (including,

17  without limitation, orders enjoining persons or entities from pursuing any claims against HP),

18  or to ensure the fair and orderly administration of the Settlement; and

19        (c)    entering any other necessary or appropriate orders to protect and

20  effectuate this Court's retention of continuing jurisdiction over the Stipulation of Settlement,

21  the settling parties, and the Settlement Class Members.

22        19.    Without further order of the Court, the settling parties may agree to reasonably

23  necessary extensions of time to carry out any of the provisions of the Stipulation of Settlement.

24        In the event that the Effective Date does not occur, certification shall be automatically

25  vacated and this Final Judgment, and all other orders entered and releases delivered in

26  connection herewith, shall be vacated and shall become null and void.

27

28      **IT IS SO ORDERED.**

Dated: _____   _____
THE HONORABLE JEREMY FOGEL
UNITED STATES DISTRICT COURT JUDGE

17